# EXHIBIT 2

1  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
2  PATRICIA N. SYVERSON (CA SBN 203111)
   600 W. Broadway, Suite 900
3  San Diego, California 92101
   psyverson@bffb.com
4  Telephone: (619) 798-4593

5  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
6  ELAINE A. RYAN (*Admitted Pro Hac Vice*)
   CARRIE A. LALIBERTE (*Admitted Pro Hac Vice*)
7  2325 E. Camelback Rd. Suite 300
   Phoenix, AZ 85016
8  eryan@bffb.com
   claliberte@bffb.com
9  Telephone: (602) 274-1100

10 *Attorneys for Plaintiffs*
   *Additional Attorneys on Signature Page*
11

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| WARREN GARDNER, *et al.*, | Case No.: 3:19-cv-02561-WHO |
|---|---|
| Plaintiffs, | **PLAINTIFFS' FIRST SET OF INTERROGATORIES** |
| v. | |
| STARKIST CO., a Delaware corporation, | |
| Defendant. | |

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiffs WARREN GARDNER, LORI MYERS, ANGELA COSGROVE, AUTUMN HESSONG, ROBERT MCQUADE, COLLEEN MCQUADE, JAMES BORRUSO, FIDEL JAMELO, JOCELYN JAMELO, ANTHONY LUCIANO, LORI LUCIANO, ROBERT NUGENT, AVRAHAM ISAC ZELIG, KEN PETROVCIK, MEGAN KIIHNE, KATHLEEN MILLER, TARA TROJANO, JASON PETRIN, AMY TAYLOR, HEATHER MEYERS, AND RACHEL PEDRAZA |
| RESPONDING PARTY: | Defendant STARKIST CO. |
| SET NO.: | ONE (1) |

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiffs Warren Gardner, Lori Myers, Angela Cosgrove, Autumn Hessong, Robert McQuade, Colleen McQuade, James Borruso, Fidel Jamelo, Jocelyn Jamelo, Anthony Luciano, Lori Luciano, Robert Nugent, Avraham Isac Zelig, Ken Petrovcik, Megan Kiihne, Kathleen Miller, Tara Trojano, Jason Petrin, Amy Taylor, Heather Meyers, and Rachel Pedraza hereby propound the following interrogatories to Defendant StarKist Co., each of which is to be answered fully and separately, in writing, within 30 days of service of these interrogatories.

**DEFINITIONS**

1.   "Advertisement(s)," or "Advertising" means any promotion, promotional campaign, contest, or any other method used to promote the Products, including the package Labeling.

  2. "And" and "or" are to be considered conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. "Or" is understood to include and encompass "and".

  3. "Answer" means Your Answer to Plaintiffs' Second Amended Complaint (D.E. 97).

  4. "Any" is understood to encompass "all". The word "all" also includes "each" and vice versa.

  5. "Average Retail Price" means the average selling price, calculated by dividing the total Revenue received minus any coupons or discounts provided by the total number of units sold for each SKU.

  6. "Average Wholesale Price" means the average price you charged for the Products as sold in bulk calculated by dividing the total Revenue received minus discounts or rebates You provided by the total number of units sold for each SKU.

  7. "Boat(s)" means any vessel in Your fishing fleet, any vessel in which You or Your owners have any financial interest, or any other vessel which supplied tuna in Your Products.

  8. "Communication" means the transmittal of information expressed by any means.

  9. "Document" means all documents, communications, information, or tangible things within the scope of Federal Rules of Civil Procedure 26 and 34, including electronically stored information.

  10. "DPCIA" means the Dolphin Protection Consumer Information Act of 1990.

  11. "Employee(s)" means any person who at any time during the Relevant Time Period (whether the person is a current or former employee) acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

  12. "ISSF" means the International Seafood Sustainability Foundation, its past and present parents, subsidiaries, affiliates, predecessors, successors, employees, independent

contractors, officers, agents, vendors, accountants, and all other persons or entities acting on its behalf or under its direct or indirect control.

13. "Label(s)," or "Labeling" means the Products' packages and containers, any material displayed on the packages and containers, and any other promotion or promotional campaign materials that are displayed on, or come with, the Products.

14. "MSC" means the Marine Stewardship Council.

15. "MSRP" means manufacturer's suggested retail price.

16. "Observer" means an individual specialist who serves on board commercial fishing vessels, or in fish processing plants and other platforms, to gather data on what is caught and what is thrown back.

17. "Person(s)" means any natural person, public or private corporation, general or limited partnership, joint venture, association, government or government agency (including any government agency or political subdivision of any government), group, form of business or legal organization or arrangement, or other legal entity, including the representatives of any such person or persons.

18. "Plaintiffs" means the individual named Plaintiffs in this action: Warren Gardner, Lori Myers, Angela Cosgrove, Autumn Hessong, Robert McQuade, Colleen McQuade, James Borruso, Fidel Jamelo, Jocelyn Jamelo, Anthony Luciano, Lori Luciano, Robert Nugent, Avraham Isac Zelig, Ken Petrovcik, Megan Kiihne, Kathleen Miller, Tara Trojano, Jason Petrin, Amy Taylor, Heather Meyers, and Rachel Pedraza.

19. "Product(s)" means all StarKist cans, pouches, or other packaged shelf-stable tuna distributed for retail sale in the United States.

20. "Relate," "relating to," "concerning," or "regarding" include, but are not limited to the following meanings: bearing upon, addressing, evidencing, respecting, discussing, mentioning, describing, reflecting, responding to, identifying, constituting, pertaining to, having to do with, or being in any way pertinent to the given subject.

21. "Relevant Time Period" means from May 13, 2015 to present.

22. "Retailer" means any and all business locations (whether physical or online) in the United States in which any of the Products were sold to consumers or end-users, including, but not limited to, Amazon.com.

23. "Revenue(s)" means all monies received from sales of the Products.

24. "SAC" means the Second Amended Class Action Complaint (D.E. 75).

25. "SKU" means the retailer-specific stock keeping unit alphanumeric code on the Product Label used for, *inter alia*, tracking the movement of Product inventory.

26. "Social Media" means websites and applications that enable users to create and share content or to participate in social networking, including, but not limited to, Facebook, Instagram, LinkedIn, and Twitter.

27. "Stakeholder(s)" means suppliers, customers, governments, local communities, interest groups, NGOs, and civil society.

28. "StarKist," "You," "Your," or "Manufacturer" means StarKist Co., its past and present parents, subsidiaries, affiliates, predecessors, successors, employees, independent contractors, officers, agents, vendors, accountants, and all other persons or entities acting on its behalf or under its direct or indirect control including, without limitation, Dongwon Industries Co. Ltd.

29. "UPC" means the universal product numeric code affixed to the Product by the Manufacturer.

30. "Website" means starkist.com.

31. "Wholesale Price" means the price the Manufacturer charges for the Product as sold in bulk less any discount or rebate provided by the Manufacturer.

**INSTRUCTIONS**

1. Unless otherwise stated, each Definition and Interrogatory herein is limited to the Relevant Time Period.

2. Pursuant to Federal Rule of Civil Procedure 26(e), these Interrogatories are continuing in nature, so that if, after answering, you acquire additional responsive knowledge or

information, Plaintiffs direct that you serve supplemental answers upon them within seven days after acquiring such additional knowledge or information.

3. If the person who verifies the answers to the Interrogatories does not have personal knowledge of the information contained in the answers, that person shall, for each answer not verified by personal knowledge, identify the person or persons from whom the information was obtained or, if the source of information is documentary, provide a full description, including the location thereof.

4. Where identification of a meeting is required, the following shall be separately stated as to each meeting:

   a. the date(s) and place(s) at which it occurred;
   b. the identities of the persons involved;
   c. the substance of the subjects discussed; and
   d. the name and present address of every other person who, though not present or involved, possesses information concerning the existence or nature of said meeting.

5. Where identification of a telephone conversation is required, the following shall be separately stated as to each conversation:

   a. the date of the call and the identity and location of the originator(s) of the call;
   b. the identity and location of the recipient of the call;
   c. the identity and location of all other persons who participated in the call;
   d. the substance of the subjects discussed; and
   e. the identity of any other persons who, though not participating in the call, possess information concerning the existence or nature of said telephone conversation.

6. Where identification of a document is required, the following shall be separately stated as to each document:

   a. its date, its exact title, and the nature and substance of the document with sufficient particularity to enable it to be identified and located within any document

production;

b. the name of the author, his or her business affiliation (presently and at the time the document was prepared), and his or her last known address;

c. the name, business affiliation (both presently and at the time the document was prepared) and the last known address of the addressee;

d. the name, business affiliation (both presently and at the time the document was prepared) and the last known address of every person to whom a copy of the document was to be sent, other than the addressee described above;

e. the names and addresses of all persons who now possess either the original or any copy thereof;

f. the identification and location of the files where the original and each copy is normally or presently kept; and

g. if such document is no longer in existence, state:

   i. the circumstances surrounding its elimination;

   ii. the date of and reasons for such elimination; and

   iii. the identity of the person(s) who ordered and/or supervised the elimination.

7. Where identification of a person is required, the following shall be separately stated as to each person:

a. the name, last known business address or location, and phone number of each such person; and

b. if such person is not an individual, but rather an entity or organization, additionally identify the individual(s) employed by or representing such entity or organization who has knowledge of the matter at issue; or

c. if such person is an individual, additionally state

   i. the business position(s) held by that individual at the time or times for which such identification is requested; and

- 6 -
PLAINTIFFS' FIRST SET OF INTERROGATORIES

        ii. such person's last known residence address and telephone number.

8. Where identification of a Boat is required, the following shall be separately stated as to each Boat:

    a. the name;
    b. the country of origin;
    c. the ownership;
    d. the call sign;
    e. the IMO number;
    f. the MMSI number;
    g. the flag;
    h. the fishing method(s) used and the percentage of Your Tuna procured by each fishing method;
    i. the name, address, and contact information of all captains and observers, if any, on board, and the time period during which they served;
    j. any recorded or reported dolphin capture, injury, or death; and
    k. the time period during which the Boat supplied tuna in Your Products.

9. Where identification of a Product is required, the following shall be separately stated as to each Product:

    a. the name;
    b. the time period during which it was sold;
    c. where it was sold;
    d. all dolphin-safe representations made on the Label, their location on the Label, and the time period each representation was made;
    e. all sustainability representations made on the Label, their location on the Label, and the time period each representation was made, and
    f. the Boats that supplied the tuna in the Product.

10. If at any time after answering these interrogatories you determine that an answer

you provided was false, you must immediately notify Plaintiffs' counsel and provide amended answers as soon as reasonably possible.

11. If you refuse to respond to any of these Interrogatories based on a claim of privilege or confidentiality, you must provide a statement of the claim of privilege (including work-product) and all facts relied upon in support of that claim, including the parties involved, any dates involved, the relevant subject matter of the privileged material, any documents or oral communications supporting the privileged information, including the dates, authors, recipients, title and subject matter, and present location of any documents involved. In the case of attorney work-product, you must also identify the litigation for which the work-product was prepared.

12. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated entities, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients, or other representatives of affiliated third parties.

13. If you answer any Interrogatory by reference to business records pursuant to Federal Rule of Civil Procedure 33(d), identify such records by specific bates number and the name(s) of your employee(s) certifying the documents as business records for purposes of answering the interrogatory.

**INTERROGATORIES**

INTERROGATORY NO. 1:    Identify all persons having knowledge or believed to have knowledge of the truth of the facts and averments set forth in the SAC and Answer. With respect to each person identified, state concisely the facts that person is aware of, when and how the facts were obtained, and identify any Document(s) evidencing said person's knowledge.

INTERROGATORY NO. 2:    Identify all material facts that support, disprove, or otherwise relate to Your denial of the allegations set forth in Paragraph 14 of the SAC that StarKist Tuna is not dolphin-safe and not sustainably sourced, and all Documents related thereto.

INTERROGATORY NO. 3:    Identify all Boats that supplied the tuna in Your Products.

INTERROGATORY NO. 4:    Identify all Documents that support, disprove, or otherwise relate to Your denial of Paragraph 12 of the SAC.

INTERROGATORY NO. 5:    State whether You have identified, segregated, and/or separately stored tuna in which dolphin(s) were harmed in its capture and, if so, identify all individuals with knowledge of such identification, segregation, and/or separate storage, and supporting Documents.

INTERROGATORY NO. 6:    Identify which of Your Products have and do not have Labels with a dolphin-safe logo, when the logo was added to each Product, and all reasons the logo was or was not added, and all Documents related thereto.

INTERROGATORY NO. 7:    State whether any of Your Products contain tuna captured by harpoon, pole-and-line, handlines, and/or trolling and, if so, identify which Products, the time period(s) during which these fishing techniques were used, and all supporting Documents.

INTERROGATORY NO. 8:    State whether You have provided any Retailers of Your Products with information substantiating or otherwise verifying that Your Products are dolphin-safe and, if so, identify the Retailers and Documents provided.

INTERROGATORY NO. 9:    State each and every reason you deny in Paragraph 71 of Your Answer that reasonable consumers believe that "dolphin-safe" means "no" dolphins were harmed in the process of catching the tuna in Your Products, and identify all Documents that support, disprove, or otherwise relate to consumers' understanding of "dolphin-safe" as used by You on Your Website, Social Media, Product Labels, Product Advertisements, and other public communications.

INTERROGATORY NO. 10:    State how You define "sustainable" and "responsible" fishing practices as used in Your Social Media and Advertising, and identify all supporting Documents.

INTERROGATORY NO. 11: State whether You have ever been investigated, notified, warned, or sanctioned for selling or exporting Products falsely labeled or otherwise designated dolphin-safe, and all Documents related thereto.

INTERROGATORY NO. 12: Identify all procedures You use to verify or substantiate that Your Products are "dolphin-safe" and "sustainably sourced" and all supporting Documents, including all procedures and requirements for claiming Your Products are "dolphin-safe."

INTERROGATORY NO. 13: State whether You sell any Products under any private label brands other than StarKist. If yes, identify each private label, dates sold, stocking Retailers, Label representations, and prices.

INTERROGATORY NO. 14: Identify by quarter, and separately by state, the total number of units, SKUs, and UPCs of the Products shipped directly to each Retailer and wholesaler, and the MSRP, Average Wholesale Price, and Average Retail Price.

INTERROGATORY NO. 15: Identify all information available to You from which consumers of Your Products can be identified and all supporting Documents.

INTERROGATORY NO. 16: Identify all procedures, practices, guidelines, or other instructions provided by You to Boats which source the tuna in Your Products related to dolphin safety and/or sustainable fishing practices, and all related Documents.

INTERROGATORY NO. 17: Identify all Stakeholder surveys, studies, focus group reports, questionnaires, and other Documents regarding dolphin safety and/or sustainability.

INTERROGATORY NO. 18: Identify the annual cost to You of complying with the DPCIA dolphin-safe requirements and how much of that cost is passed through to Retailers in the form of the Average Wholesale Price of Your Products and how much of that cost is passed through to consumers in the form of the MSRP of the Products.

INTERROGATORY NO. 19: State whether You track the number of dolphins harmed, injured, and killed in sourcing the tuna in Your Products and, if yes, identify the number harmed or killed on an annual basis, individuals with knowledge of such tracking, and all related Documents.

INTERROGATORY NO. 20: State whether You have ever been investigated for, notified of, or found to be in violation of DPCIA requirements, Earth Island Institute's dolphin safe label requirements or guidelines, MSC certification standards, and/or ISSF standards, and if yes, identify the nature of the violation(s), time period, and all related Documents.

INTERROGATORY NO. 21: Identify all payments or donations made by You to Earth Island Institute, including its International Marine Mammal Project; the ISSF; and MSC, including the date of the payment, the amount of the payment and the purpose or reason for the payment.

Dated:  August 13, 2020

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.

 /s/*Patricia N. Syverson*
Patricia N. Syverson (203111)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
Telephone:  (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Elaine A. Ryan (*Pro Hac Vice*)
Carrie A. Laliberte (*Pro Hac Vice*)
2325 E. Camelback Rd., Suite 300
Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone:  (602) 274-1100

GOLDMAN SCARLATO & PENNY P.C.
Brian D. Penny (*Pro Hac Vice*)
penny@lawgsp.com
8 Tower Bridge, Suite 1025
161 Washington Street
Conshohocken, Pennsylvania 19428
Telephone:  (484) 342-0700

ZAREMBA BROWN PLLC
Brian M. Brown (*Pro Hac Vice*)
bbrown@zarembabrown.com

40 Wall Street, 52nd Floor
New York, NY 10005
Telephone: (212) 380-6700

ROBBINS GELLER RUDMAN & DOWD LLP
Stuart A. Davidson (*Pro Hac Vice*)
Christopher C. Gold (*Pro Hac Vice*)
Bradley M. Beall (*Pro Hac Vice*)
Dorothy P. Antullis (*Pro Hac Vice*)
sdavidson@rgrdlaw.com
cgold@rgrdlaw.com
bbeall@rgrdlaw.com
dantullis@rgrdlaw.com
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  (561) 750-3000

Attorneys for Plaintiffs

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2020, I served **PLAINTIFFS' FIRST SET OF INTERROGATORIES** by email and first class mail to:

>PILLSBURY WINTHROP SHAW PITTMAN LLP
>ROXANE A. POLIDORA
>roxane.polidora@pillsburylaw.com
>LEE BRAND
>lee.brand@pillsburylaw.com
>Four Embarcadero Center, 22nd Floor
>San Francisco, CA 94111-5998
>
>Attorneys for Defendant
>STARKIST CO.

I declare under the penalty of perjury that the foregoing is true and correct. Executed August 13, 2020 at San Diego, California.

>/s/ *Patricia N. Syverson*
>Patricia N. Syverson
>*Attorney for Plaintiffs*