# EXHIBIT 5

1  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
2  PATRICIA N. SYVERSON (CA SBN 203111)
   600 W. Broadway, Suite 900
3  San Diego, California 92101
   psyverson@bffb.com
4  Telephone: (619) 798-4593

5  BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
6  ELAINE A. RYAN (*Admitted Pro Hac Vice*)
   CARRIE A. LALIBERTE (*Admitted Pro Hac Vice*)
7  2325 E. Camelback Rd. Suite 300
   Phoenix, AZ 85016
8  eryan@bffb.com
   claliberte@bffb.com
9  Telephone: (602) 274-1100

10 *Attorneys for Plaintiffs*
   *Additional Attorneys on Signature Page*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN GARDNER, *et al.*, | Case No.:  3:19-cv-02561-WHO |
| Plaintiffs, | **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| STARKIST CO., a Delaware corporation, | |
| Defendant. | |

PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiffs WARREN GARDNER, LORI MYERS, ANGELA COSGROVE, AUTUMN HESSONG, ROBERT MCQUADE, COLLEEN MCQUADE, JAMES BORRUSO, FIDEL JAMELO, JOCELYN JAMELO, ANTHONY LUCIANO, LORI LUCIANO, ROBERT NUGENT, AVRAHAM ISAC ZELIG, KEN PETROVCIK, MEGAN KIIHNE, KATHLEEN MILLER, TARA TROJANO, JASON PETRIN, AMY TAYLOR, HEATHER MEYERS, AND RACHEL PEDRAZA |
| RESPONDING PARTY: | Defendant STARKIST CO. |
| SET NO.: | TWO (2) |

Pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiffs Warren Gardner, Lori Myers, Angela Cosgrove, Autumn Hessong, Robert McQuade, Colleen McQuade, James Borruso, Fidel Jamelo, Jocelyn Jamelo, Anthony Luciano, Lori Luciano, Robert Nugent, Avraham Isac Zelig, Ken Petrovcik, Megan Kiihne, Kathleen Miller, Tara Trojano, Jason Petrin, Amy Taylor, Heather Meyers, and Rachel Pedraza hereby request that Defendant StarKist Co., produce copies or permit Plaintiffs to inspect and copy originals of the documents described herein that are in the possession, custody, or control of Defendant or its officers, agents, employees, attorneys or any and all persons acting on its behalf within 30 days of service of these requests for production. Plaintiffs request that the documents be made available for inspection at the offices of Bonnett, Fairbourn, Friedman and Balint, PC, 600 West Broadway, Suite 900, San Diego, CA 92101 unless such other date or place is mutually agreed upon by counsel for the parties.

//

**DEFINITIONS**

1. "And" and "or" are to be considered conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. "Or" is understood to include and encompass "and".

2. "Any" is understood to encompass "all". The word "all" also includes "each" and vice versa.

3. "Document" means all documents, communications, information, or tangible things within the scope of Federal Rules of Civil Procedure 26 and 34, including electronically stored information.

4. "NOAA" means the National Oceanic and Atmospheric Administration.

5. "Product(s)" means all StarKist cans, pouches, or other packaged shelf-stable tuna distributed for retail sale in the United States.

6. "Relate," "relating to," "concerning," or "regarding" include, but are not limited to the following meanings: bearing upon, addressing, evidencing, respecting, discussing, mentioning, describing, reflecting, responding to, identifying, constituting, pertaining to, having to do with, or being in any way pertinent to the given subject.

7. "Relevant Time Period" means from May 13, 2015 to present.

8. "StarKist," "You," "Your," or "Manufacturer" means StarKist Co., its past and present parents, subsidiaries, affiliates, predecessors, successors, employees, independent contractors, officers, agents, vendors, accountants, and all other persons or entities acting on its behalf or under its direct or indirect control including, without limitation, Dongwon.

**INSTRUCTIONS**

1. Unless otherwise stated, each Definition and Request herein is limited to the Relevant Time Period.

2. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients, or other representatives of affiliated third parties.

3. Privilege/Redaction Log.  If any documents are within the scope of any request for production but are not being produced or are being produced with portions redacted, pursuant to any claim of privilege or confidentiality:

    a. State the nature of the privilege claimed (i.e., attorney client, work-product, etc.);

    b. State the name of the attorney, if any, with respect to whom the privilege is claimed;

    c. State the facts upon which you rely as the basis for claiming any privilege as to the specific information or document; and

    d. State the name of such document; identify the type of document (i.e., letter, memo, etc.); set forth the subject matter thereof; identify the person who prepared it and each person (if any) who signed it; identify each person to whom it was directed, circulated or shown; and identify each person now in possession of the document. If any document is produced in redacted form, the word "redacted" is to be placed in the redacted section of the document.

4. All documents shall be produced that respond to any part or clause of any paragraph of these requests.

5. The documents to be produced pursuant to these requests specifically embrace, in addition to documents within your possession, custody or control, documents within the possession, custody or control of any of your agents, accountants, representatives, or attorneys. Such documents also embrace originals, and identical copies (whether different from the original because of notes made thereon or otherwise) of the documents described in these requests.

6. Destruction Log.  In the event that any document called for by these requests has been destroyed or discarded, that document is to be identified by stating:

    a. The nature of the document;

    b. Any addressor or addressee;

    c. Any indicated or blind copies;

    d. The document's date, subject matter, number of pages, and attachments or

     appendices;

    e. All persons to whom the document was distributed, shown or explained;

    f. Its date of destruction or discard, manner of destruction or discard; and

    g. The persons authorizing or carrying out such destruction or discard.

  7. The following requests are continuing in nature and in the event you become aware of or acquire additional information relating or referring thereto, such additional information is to be promptly produced.

  8. Documents attached to each other in their original form should not be separated.

  9. In your response to each request, please: (a) identify by bates number or control number the document or documents being produced in response to such request; and (b) identify the person and department from whose files the documents is being produced.

## FORM OF PRODUCTION

  10. Documents should be produced in the form set forth in Plaintiffs' First Set of Requests for Production of Documents.

## DOCUMENTS TO BE PRODUCED

<u>REQUEST FOR PRODUCTION NO. 52:</u> All Documents sufficient to identify the percentage of Your tuna sold in the United States that was sourced from Boats You own or which You or Your owners have a financial interest.

<u>REQUEST FOR PRODUCTION NO. 53:</u> All NOAA Form 370 – Fisheries Certificate of Origin submitted for tuna in Your Products.

<u>REQUEST FOR PRODUCTION NO. 54:</u> All Captain's Statements from all Boats that supplied the tuna in Your Products.

<u>REQUEST FOR PRODUCTION NO. 55:</u> All International Dolphin Conservation Program Tuna Tracking Forms recorded for fishing sets that supplied any of the tuna in Your Products.

REQUEST FOR PRODUCTION NO. 56: All competitive and market analyses for Your Products, including, but not limited to, any Strength Weakness Opportunities and Threats (SWOT) analyses, analyses of competitors and competitor products, labels, eco claims, pricing, market share, and market size.

Dated: September 3, 2020

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

 /s/*Patricia N. Syverson*
Patricia N. Syverson (203111)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
Telephone: (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Elaine A. Ryan (*Pro Hac Vice*)
Carrie A. Laliberte (*Pro Hac Vice*)
2325 E. Camelback Rd., Suite 300
Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone: (602) 274-1100

GOLDMAN SCARLATO & PENNY P.C.
Brian D. Penny (*Pro Hac Vice*)
penny@lawgsp.com
8 Tower Bridge, Suite 1025
161 Washington Street
Conshohocken, Pennsylvania 19428
Telephone: (484) 342-0700

ZAREMBA BROWN PLLC
Brian M. Brown (*Pro Hac Vice*)
bbrown@zarembabrown.com
40 Wall Street, 52nd Floor
New York, NY 10005
Telephone: (212) 380-6700

ROBBINS GELLER RUDMAN & DOWD LLP
Stuart A. Davidson (*Pro Hac Vice*)
Christopher C. Gold (*Pro Hac Vice*)
Bradley M. Beall (*Pro Hac Vice*)
Dorothy P. Antullis (*Pro Hac Vice*)
sdavidson@rgrdlaw.com
cgold@rgrdlaw.com
bbeall@rgrdlaw.com

dantullis@rgrdlaw.com
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000

# CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2020, I served **PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** by email and first class mail to:

> PILLSBURY WINTHROP SHAW PITTMAN LLP
> ROXANE A. POLIDORA
> roxane.polidora@pillsburylaw.com
> LEE BRAND
> lee.brand@pillsburylaw.com
> Four Embarcadero Center, 22nd Floor
> San Francisco, CA 94111-5998
>
> Attorneys for Defendant
> STARKIST CO.

I declare under the penalty of perjury that the foregoing is true and correct. Executed September 3, 2020 at San Diego, California.

/s/ *Patricia N. Syverson*
Patricia N. Syverson
*Attorney for Plaintiffs*