# EXHIBIT B

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   ROXANE A. POLIDORA (CA Bar No. 135972)
2  roxane.polidora@pillsburylaw.com
   LEE BRAND (CA Bar No. 287110)
3  lee.brand@pillsburylaw.com
   Four Embarcadero Center, 22nd Floor
4  San Francisco, CA  94111
   Telephone: (415) 983-1000
5  Facsimile: (415) 983-1200

6
   Attorneys for Defendant
7  STARKIST CO.

8

9               **UNITED STATES DISTRICT COURT**

10             **NORTHERN DISTRICT OF CALIFORNIA**

11

12  WARREN GARDNER, et al., on behalf of        Case No. 3:19-cv-02561-WHO
    Themselves and all others similarly situated,
13                                              **STARKIST CO.'S RESPONSES AND**
                   Plaintiffs,                  **OBJECTIONS TO PLAINTIFFS'**
14                                              **FIRST SET OF REQUESTS FOR**
         v.                                     **PRODUCTION OF DOCUMENTS**
15
    STARKIST CO., a Delaware Corporation,
16
                   Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant

2    StarKist Co. ("StarKist") hereby responds and objects to Plaintiffs' First Set of Requests for

3    Production of Documents served by electronic mail on August 13, 2020 (the "Requests") as

4    follows:

5                          **PRELIMINARY STATEMENT**

6    1.    These responses and objections are based on StarKist's interpretation and

7    understanding of the individual Requests and its investigation to date, its knowledge, and its

8    belief.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, StarKist expressly

9    reserves the right to augment, amend, or supplement these responses and objections as

10   necessary, including based on additional or different information that further investigation

11   or discovery may disclose.

12   2.    StarKist's responses and objections to the Requests are made solely for the

13   purpose of and in relation to the above-captioned action (the "Action") and on the express

14   condition that such information shall not be used or disclosed for any other purpose.  To the

15   extent StarKist provides any information or produces any documents in response to the

16   Requests, it will do so in accordance with the Stipulated Protective Order that the Court

17   entered on April 16, 2020 (Dkt. No. 96).

18   3.    StarKist reserves the right to refer to, to conduct discovery with reference to,

19   or to offer into evidence at the time of trial, any and all facts, evidence, documents, and

20   things developed during the course of discovery and trial preparation, notwithstanding the

21   reference to facts, evidence, documents, and things in these responses.

22   4.    StarKist's responses and objections are made without waiving or intending

23   to waive any objection(s).

24                          **GENERAL OBJECTIONS**

25   1.    StarKist objects to the Requests on the grounds, reflected in its pending

26   Motion to Deny Class Certification (Dkt. No. 107) (the "Motion"), that class certification

27   should be denied without discovery in this Action because Plaintiffs cannot make a *prima*

28   *facie* showing of Rule 23's prerequisites and because discovery is not likely to produce

1

1    persuasive information substantiating the class action allegations.  StarKist intends to

2    supplement these responses and objections, if and to the extent necessary, after the Court

3    has addressed the Motion.

4          2.        StarKist objects to the Requests based on the Court's June 4, 2020 Order on

5    Discovery Dispute in the related case *Duggan v. Tri-Union Seafoods LLC*, Case No. 3:19-

6    cv-02562-WHO (*Duggan* Dkt. No. 74) (the "Discovery Order").  Specifically, StarKist

7    objects to the extent Plaintiffs' Requests are in violation of the Court's Discovery Order

8    holding that the "only label at issue in [this Action] is the dolphin-safe label" and that

9    discovery requests "relating to sustainability should be narrowed to . . . relate to dolphin

10    harm and/or dolphin mortality."

11          3.        StarKist objects to the Requests to the extent they impose obligations and

12    demands upon StarKist beyond those contemplated by the Federal Rules of Civil

13    Procedure, the applicable Local Rules, or any order or ruling by the Court in this case.

14          4.        StarKist objects to the Requests to the extent they seek documents or

15    information that is not in StarKist's possession, custody, or control.  StarKist further objects

16    to the Requests to the extent that they purport to require StarKist to conduct anything

17    beyond a reasonable and diligent search for responsive documents or information where

18    such documents or information would reasonably be expected to be found.

19          5.        StarKist objects to the Requests to the extent they seek the production of

20    documents or disclosure of information protected by any applicable privilege, including but

21    not limited to the attorney-client privilege, common-interest privilege, the work-product

22    doctrine or immunity, and any other applicable privilege, immunity, or exemption from

23    discovery as outlined in the Federal Rules of Civil Procedure, Local Rules, any order or

24    ruling by the Court in this case, and applicable law.  To the fullest extent allowable under

25    Federal Rule of Evidence 502 and any other applicable law, inadvertent production of any

26    such documents or disclosure of any such information shall not constitute a waiver of any

27    privilege with respect to the documents produced or information disclosed or the subject

28    matter thereof, or a waiver of StarKist's right to object to the use of any such documents or

1    information during trial or any subsequent proceeding or to demand the return of any

2    documents or information so disclosed.

3         6.      StarKist objects to the Requests to the extent they seek trade secrets,

4    sensitive business information, or other information that is proprietary and/or confidential,

5    including documents or information deemed confidential pursuant to a confidentiality

6    agreement or other arrangements or protected from production or disclosure pursuant to

7    court order.  StarKist will not disclose information or produce documents that are subject to

8    confidentiality restrictions of a third party except in conformity with StarKist's obligations

9    to such third parties.

10        7.      StarKist objects to the Requests to the extent that they purport to require

11   StarKist to draw subjective or legal conclusions, or are predicated on subjective or legal

12   conclusions or arguments.  Subject to and without waiving any objections, StarKist states

13   that any response, production of documents, or provision of information in response to the

14   Requests is not intended to provide, and shall not constitute or be construed as providing,

15   an admission concerning any of the terms used in the Requests.

16        8.      StarKist objects to the Requests to the extent that they contain inaccurate,

17   incomplete, or misleading descriptions of the facts, persons, relationships, and/or events

18   underlying this Action.  StarKist further objects to the Requests in their entirety to the

19   extent that they assume the existence of facts that do not exist or the occurrence of events

20   that did not take place.  The fact that StarKist is willing to produce documents or provide

21   responsive information does not constitute an admission that any Request is proper, that the

22   documents or information it seeks is relevant or within the proper bounds of discovery, that

23   the factual predicates stated in the Requests are accurate, or that similar Requests will be

24   treated in a similar fashion.

25        9.      StarKist objects to the Requests to the extent that they are overbroad, unduly

26   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not

27   related to any party's claim or defense, or not proportional to the needs of the case.

28

1        10.     StarKist objects to the Requests to the extent that they seek documents or

2   information already obtained by Plaintiffs or that they can obtain from sources that are

3   more convenient, less burdensome, or less expensive.  In particular, StarKist objects to the

4   extent the Requests seek documents or information, which by reason of public filing, prior

5   production, or otherwise, are already in Plaintiffs' possession or are readily accessible to

6   Plaintiffs.

7        11.     StarKist objects to the Requests as premature to the extent that StarKist

8   would have to engage in expert analysis, and/or render expert opinions in order to respond

9   or produce documents.

10        12.     StarKist objects to the Requests to the extent that they are duplicative or

11   cumulative, and objects to each Request to the extent that it is duplicative or cumulative of

12   other discovery.

13        13.     StarKist objects to the definition of "Advertisement(s)" or "Advertising" as

14   vague, ambiguous, overbroad, and unduly burdensome, particularly to the extent it purports

15   to include "any . . . method used to promote" the tuna products at issue in this case.

16        14.     StarKist objects to the definitions of "and," "or," and "any" as vague,

17   ambiguous, overbroad, unduly burdensome, and to the extent they impose obligations on

18   StarKist that are different or broader than those set forth in the Federal Rules of Civil

19   Procedure, applicable Local Rules, or any order or ruling by the Court in this case.  StarKist

20   will construe "and," "or," and "any" to have their normal meaning.

21        15.     StarKist objects to the definition of "Bycatch" as overbroad and unduly

22   burdensome because it includes marine species other than dolphins.

23        16.     StarKist objects to the definition of "Communication" as vague, ambiguous,

24   overbroad, and unduly burdensome, particularly with respect to the phrase "by any means."

25   StarKist further objects to the extent this definition purports to impose obligations on

26   StarKist that are different or broader than those set forth in the Federal Rules of Civil

27   Procedure, applicable Local Rules, or any order or ruling by the Court in this case.

28

1        17.      StarKist objects to the definition of "Dongwon" as nonsensical as StarKist is

2    unfamiliar with any entity called "Industries Co. Ltd."  StarKist further objects to this

3    definition as vague, ambiguous, overbroad, and unduly burdensome to the extent that it

4    purports to encompass any entity's "past and present parents, subsidiaries, affiliates,

5    predecessors, successors, employees, independent contractors, officers, agents, vendors,

6    accountants, and all other persons or entities acting on its behalf or under its direct or

7    indirect control."  StarKist further objects to this definition to the extent it seeks

8    information from Dongwon Industries Co. Ltd., which has been dismissed from this Action

9    with prejudice.  StarKist further objects to the extent that the definition calls for a legal

10    conclusion as to any agency, employment, or affiliate relationship.

11        18.      StarKist objects to the definition of "EII" as vague, ambiguous, overbroad,

12    and unduly burdensome to the extent that it purports to encompass the Earth Island

13    Institute's "past and present parents, subsidiaries, affiliates, predecessors, successors,

14    employees, independent contractors, officers, agents, vendors, accountants, and all other

15    persons or entities acting on its behalf or under its direct or indirect control."  StarKist

16    further objects to the extent that the definition calls for a legal conclusion as to any agency,

17    employment, or affiliate relationship.  StarKist will construe "EII" to mean the Earth Island

18    Institute.

19        19.      StarKist objects to the definition of "EII Dolphin Safe Logo" as vague,

20    ambiguous, and nonsensical in its use of the word "EII," which has no apparent connection

21    to the referenced logo in paragraph 20 of Plaintiffs' SAC (the "Dolphin Safe Logo").

22    StarKist will construe "EII Dolphin Safe Logo" to mean the "Dolphin Safe Logo."

23        20.      StarKist objects to the definition of "Employee(s)" as vague, ambiguous,

24    overbroad, and unduly burdensome, particularly to the extent it purports to include anyone

25    who "acted or purported to act on behalf of another person or persons, including all past

26    and present directors, officers, executives, agents, representatives, attorneys, accountants,

27    independent contractors, contact persons, advisors, and consultants of such other person or

28

1    persons." StarKist further objects to the extent that the definition calls for a legal

2    conclusion as to any agency or employment relationship.

3        21.    StarKist objects to the definition of "FADs" as vague, ambiguous,

4    overbroad, and unduly burdensome because it is not limited to fish aggregating devices

5    used to attract tuna for use in the tuna products at issue in this case.

6        22.    StarKist objects to the definition of "ISSF" as vague, ambiguous, overbroad,

7    and unduly burdensome to the extent that it purports to encompass the International

8    Seafood Sustainability Foundation's "past and present parents, subsidiaries, affiliates,

9    predecessors, successors, employees, independent contractors, officers, agents, vendors,

10   accountants, and all other persons or entities acting on its behalf or under its direct or

11   indirect control." StarKist further objects to the extent that the definition calls for a legal

12   conclusion as to any agency, employment, or affiliate relationship. StarKist will construe

13   "ISSF" to mean the International Seafood Sustainability Foundation.

14       23.    StarKist objects to the definition of "Label(s)" and "Labeling" as vague,

15   ambiguous, overbroad, and unduly burdensome to the extent it purports to include "any

16   other promotion or promotional campaign materials that . . . come with" any StarKist

17   product.

18       24.    StarKist objects to the definition of "NFI" as vague, ambiguous, overbroad,

19   and unduly burdensome to the extent that it purports to encompass the National Fisheries

20   Institute's "past and present parents, subsidiaries, affiliates, predecessors, successors,

21   employees, independent contractors, officers, agents, vendors, accountants, and all other

22   persons or entities acting on its behalf or under its direct or indirect control." StarKist

23   further objects to the extent that the definition calls for a legal conclusion as to any agency,

24   employment, or affiliate relationship. StarKist will construe "NFI" to mean the National

25   Fisheries Institute.

26       25.    StarKist objects to the definition of "net sales" as vague and ambiguous in

27   its use of the terms "rebates," "returns," and "discounts."

28

26.     StarKist objects to the definition of "Person(s)" as vague, ambiguous, overbroad, and unduly burdensome, particularly to the extent it purports to include "the representatives of any such person or persons."

27.     StarKist objects to the definition of "Product(s)" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include any tuna products that are not branded as "StarKist" products.

28.     StarKist objects to the definition of "relate," "relating to," "concerning," and "regarding" as vague, ambiguous, overbroad, and unduly burdensome.  StarKist further objects to the extent this definition purports to impose any obligations on StarKist that are different or broader than those set forth in the Federal Rules of Civil Procedure, applicable Local Rules, or any order or ruling by the Court in this case.

29.     StarKist objects to the definition of "Social Media" as vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "users," "content," and "social networking."

30.     StarKist objects to the definition of "Social Media" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include any "websites and applications that enable users to create and share content."

31.     StarKist objects to the definition of "StarKist," "You," "Your," and "Manufacturer" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it purports to encompass StarKist's "past and present parents, subsidiaries, affiliates, predecessors, successors, employees, independent contractors, officers, agents, vendors, accountants, and all other persons or entities acting on its behalf or under its direct or indirect control including, without limitation, Dongwon."  StarKist further objects to this definition to the extent it seeks information not within StarKist's possession, custody, or control.  StarKist further objects to this definition to the extent it seeks information from Dongwon Industries Co. Ltd., which has been dismissed from this Action with prejudice.  StarKist further objects to this definition to the extent it seeks information, the disclosure of which is prohibited by law, regulation, order of a court, or other authority of a foreign

1    jurisdiction in which the information is located.  StarKist further objects to the extent that

2    the definition calls for a legal conclusion as to any agency, employment, or affiliate

3    relationship.  StarKist will construe "StarKist," "You," "Your," and "Manufacturer" to

4    mean StarKist Co.

5         32.     StarKist objects to the definition of "Wholesale Price" as vague and

6    ambiguous in its use of the terms "in bulk," "discount," and "rebate."

7         33.     StarKist objects to paragraph 2 of the INSTRUCTIONS as vague,

8    ambiguous, overbroad, and unduly burdensome in purporting to require that StarKist

9    interpret any "reference to a business entity" as including that business entity's "affiliated

10    companies, partnerships, divisions, subdivisions, directors, officers, employees, agents,

11    clients, or other representatives of affiliated third parties."  StarKist further objects to the

12    extent that this paragraph calls for a legal conclusion as to any agency, employment, or

13    affiliate relationship.  StarKist will construe references to a business entity to mean that

14    business entity.

15         34.     StarKist objects to paragraph 3 of the INSTRUCTIONS as overbroad and

16    unduly burdensome, and to the extent this paragraph imposes obligations on StarKist that

17    are different or broader than those set forth in the Federal Rules of Civil Procedure,

18    applicable Local Rules, or any order or ruling by the Court in this case.  StarKist further

19    objects to this paragraph to the extent that it purports to require the production of

20    information that is protected by the attorney-client privilege, work product doctrine, or

21    other similar privileges.  To the extent that StarKist withholds or redacts any responsive

22    documents on the basis of the attorney-client privilege, work product doctrine, or other

23    similar privileges, StarKist will produce a privilege log that complies with Rules 26 and 34

24    of the Federal Rules of Civil Procedure and the Local Rules.  The parties will meet and

25    confer regarding the timing for the exchange of privilege logs in an effort to agree to

26    exchange logs at a mutually agreeable time.

27         35.     StarKist objects to paragraphs 4, 5, and 6 of the INSTRUCTIONS as

28    overbroad, unduly burdensome, and not proportional to the needs of the case.  StarKist

1   further objects to these paragraphs to the extent they seek documents or information that is

2   not in StarKist's possession, custody, or control.  StarKist further objects to these

3   paragraphs to the extent that they impose obligations on StarKist that are different or

4   broader than those set forth in the Federal Rules of Civil Procedure, applicable Local Rules,

5   or any order or ruling by the Court in this case.

6       36.     StarKist objects to paragraph 7 of the INSTRUCTIONS to the extent that it

7   seeks to impose deadlines or other obligations that are inconsistent with Rule 26(e) of the

8   Federal Rules of Civil Procedure.  StarKist will supplement its discovery responses as

9   required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by

10  the Court in this case.

11      37.     StarKist objects to paragraphs 8 and 9 of the INSTRUCTIONS as overbroad,

12  unduly burdensome, and not proportional to the needs of the case.  StarKist further objects

13  to these paragraphs to the extent that they impose obligations on StarKist that are different

14  or broader than those set forth in the Federal Rules of Civil Procedure, applicable Local

15  Rules, or any order or ruling by the Court in this case.

16      38.     StarKist objects to paragraphs 10 to 33 of the FORM OF PRODUCTION in

17  their entirety as overbroad, unduly burdensome, not proportional to the needs of the case,

18  and imposing obligations on StarKist that are different or broader than those set forth in the

19  Federal Rules of Civil Procedure, applicable Local Rules, or any order or ruling by the

20  Court in this case.  The parties have been meeting and conferring on a Stipulation re:

21  Discovery of Electronically Stored Information that addresses the form of production in this

22  Action and will continue to meet and confer on that subject in an effort to execute a

23  mutually agreeable stipulation.

24      StarKist hereby incorporates the foregoing General Objections into each of its

25  responses below, as though fully stated therein.

26

27

28

1                       **SPECIFIC RESPONSES AND OBJECTIONS**

2 **REQUEST FOR PRODUCTION NO. 1**

3         All Documents referred to or relied upon in responding to Plaintiffs' First Set of

4 Interrogatories, including but not limited to Documents that were created outside the

5 Relevant Time Period.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

7         StarKist hereby incorporates by reference its General Objections.  StarKist further

8 objects to this Request on the grounds, reflected in the Motion, that class certification

9 should be denied without discovery in this Action.  StarKist further objects on the basis that

10 this Request is overbroad and unduly burdensome and seeks information that is not

11 proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

12 Documents."  StarKist further objects to this Request as vague and ambiguous, particularly

13 with respect to the phrase "relied upon."  StarKist further objects to the Request to the

14 extent that it seeks information that is publicly available and/or can be obtained from

15 sources that are more convenient, less burdensome, or less expensive.  StarKist further

16 objects to the Request to the extent that it seeks information protected from discovery by

17 any applicable privilege, immunity, or protection.

18 **REQUEST FOR PRODUCTION NO. 2**

19         All Documents, including NOAA spot check audit documents, which you contend

20 support the dolphin-safe, responsible sourcing, or sustainability representations made in

21 your Advertisements and Labeling for the Products.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

23         StarKist hereby incorporates by reference its General Objections.  StarKist further

24 objects to this Request on the grounds, reflected in the Motion, that class certification

25 should be denied without discovery in this Action.  StarKist further objects on the basis that

26 this Request is overbroad and unduly burdensome and seeks information that is not

27 proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

28 Documents," and in light of the Discovery Order holding that discovery requests "relating

1   to sustainability should be narrowed to . . . relate to dolphin harm and/or dolphin mortality."

2   StarKist further objects to this Request as vague and ambiguous.  StarKist further objects to

3   the Request to the extent that it seeks information that is publicly available and/or can be

4   obtained from sources that are more convenient, less burdensome, or less expensive.

5   StarKist further objects to the Request to the extent that it seeks information protected from

6   discovery by any applicable privilege, immunity, or protection.

7   **REQUEST FOR PRODUCTION NO. 3**

8          All Documents and Communications that support, refer, or relate to Your

9   verification that Your Products are dolphin-safe, do not contain tuna in which any dolphins

10  were harmed in the procurement, and are sustainably sourced.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

12         StarKist hereby incorporates by reference its General Objections.  StarKist further

13  objects to this Request on the grounds, reflected in the Motion, that class certification

14  should be denied without discovery in this Action.  StarKist further objects on the basis that

15  this Request is overbroad and unduly burdensome and seeks information that is not

16  proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

17  Documents," and in light of the Discovery Order holding that discovery requests "relating

18  to sustainability should be narrowed to . . . relate to dolphin harm and/or dolphin mortality."

19  StarKist further objects to this Request as vague and ambiguous, particularly with respect to

20  the terms "relate," "verification," "harmed," "procurement," and "sustainably sourced."

21  StarKist further objects to this Request as cumulative and duplicative of Request No. 2.

22  StarKist further objects to the Request to the extent that it seeks information that is publicly

23  available and/or can be obtained from sources that are more convenient, less burdensome,

24  or less expensive.  StarKist further objects to the Request to the extent that it seeks

25  information protected from discovery by any applicable privilege, immunity, or protection.

26  **REQUEST FOR PRODUCTION NO. 4**

27         All Documents and Communications relating to or concerning documented

28  instances of dolphins harmed or killed, whether intentionally or unintentionally, in the

1   procurement of the tuna in your Products.  To avoid doubt, this includes any harm to

2   dolphins occurring in fishing for tuna in your Products, even if that harm was attributable to

3   a tuna catch that was segregated out as non-dolphin safe or where the tuna caught did not

4   otherwise end up in your Products.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

6       StarKist hereby incorporates by reference its General Objections.  StarKist further

7   objects to this Request on the grounds, reflected in the Motion, that class certification

8   should be denied without discovery in this Action.  StarKist further objects on the basis that

9   this Request is overbroad and unduly burdensome and seeks information that is not

10  proportional to the needs of discovery in this case, particularly in its use of the phrases

11  "[a]ll Documents and Communications" and its purported inclusion of tuna that did not end

12  up in any StarKist product.  StarKist further objects to this Request as vague and

13  ambiguous, particularly with respect to the phrases "relating to or concerning" and

14  "documented instances," and the terms "harmed," "harm," "procurement," "attributable,"

15  and "tuna catch."  StarKist further objects to the Request to the extent that it seeks

16  information that is publicly available and/or can be obtained from sources that are more

17  convenient, less burdensome, or less expensive.  StarKist further objects to the Request to

18  the extent that it seeks information protected from discovery by any applicable privilege,

19  immunity, or protection.

20  **REQUEST FOR PRODUCTION NO. 5**

21      All Documents and Communications relating to any harm or killing, whether

22  intentional or unintentional, of dolphins by any fishing by Your fishing fleet, or any boat in

23  which You or Your owners have any financial interest.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

25      StarKist hereby incorporates by reference its General Objections.  StarKist further

26  objects to this Request on the grounds, reflected in the Motion, that class certification

27  should be denied without discovery in this Action.  StarKist further objects on the basis that

28  this Request is overbroad and unduly burdensome and seeks information that is not

1    proportional to the needs of discovery in this case, particularly in its use of the phrases

2    "[a]ll Documents and Communications," "any harm or killing," "any fishing," "any boat,"

3    and "any financial interest." StarKist further objects to this Request as vague and

4    ambiguous, particularly with respect to the terms "relating," "harm," "fishing fleet,"

5    "owners," and "financial interest." StarKist further objects to this Request as cumulative

6    and duplicative of Request No. 4. StarKist further objects to this definition to the extent it

7    seeks information from Dongwon Industries Co. Ltd., which has been dismissed from this

8    Action with prejudice. StarKist further objects to the Request to the extent that it seeks

9    information that is publicly available and/or can be obtained from sources that are more

10   convenient, less burdensome, or less expensive. StarKist further objects to this Request to

11   the extent it seeks information not within the possession, custody, or control of StarKist.

12   StarKist further objects to the Request to the extent that it seeks information protected from

13   discovery by any applicable privilege, immunity, or protection.

14   **REQUEST FOR PRODUCTION NO. 6**

15       All Documents related to or concerning tuna that was separately stored because

16   dolphins were harmed during its procurement.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

18       StarKist hereby incorporates by reference its General Objections. StarKist further

19   objects to this request on the grounds, reflected in the Motion, that class certification should

20   be denied without discovery in this Action. StarKist further objects on the basis that this

21   Request is overbroad and unduly burdensome and seeks information that is not proportional

22   to the needs of discovery in this case, particularly in its use of the phrase "[a]ll Documents"

23   and its purported inclusion of tuna unrelated to any StarKist product. StarKist further

24   objects to this Request as vague and ambiguous, particularly with respect to the phrase

25   "related to or concerning" and the terms "harmed" and "procurement." StarKist further

26   objects to this Request as cumulative and duplicative of Request Nos. 4 and 5. StarKist

27   further objects to the Request to the extent that it seeks information that is publicly

28   available and/or can be obtained from sources that are more convenient, less burdensome,

1    or less expensive.  StarKist further objects to this Request to the extent it seeks information

2    not within the possession, custody, or control of StarKist.  StarKist further objects to the

3    Request to the extent that it seeks information protected from discovery by any applicable

4    privilege, immunity, or protection.

5    **REQUEST FOR PRODUCTION NO. 7**

6         All Documents sufficient to show by name, country of origin, ownership, call sign,

7    IMO number, MMSI number, and flag all boats that supplied the tuna in Your Products or

8    that was involved in transshipping that tuna.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

10        StarKist hereby incorporates by reference its General Objections.  StarKist further

11   objects to this request on the grounds, reflected in the Motion, that class certification should

12   be denied without discovery in this Action.  StarKist further objects on the basis that this

13   Request is overbroad and unduly burdensome and seeks information that is not proportional

14   to the needs of discovery in this case, particularly in its use of the phrases "[a]ll

15   Documents" and "all boats."  StarKist further objects to this Request as vague and

16   ambiguous, particularly with respect to the terms "IMO number" and "MMSI number," and

17   the phrase "involved in transshipping."  StarKist further objects to the Request to the extent

18   that it seeks information that is publicly available and/or can be obtained from sources that

19   are more convenient, less burdensome, or less expensive.  StarKist further objects to the

20   Request to the extent that it seeks information protected from discovery by any applicable

21   privilege, immunity, or protection.

22   **REQUEST FOR PRODUCTION NO. 8**

23        All Documents identifying by name, country of origin, ownership, call sign, IMO

24   number, MMSI number, and flag all boats in which You or Your owners, have any

25   ownership or financial interest.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

27        StarKist hereby incorporates by reference its General Objections.  StarKist further

28   objects to this Request on the grounds, reflected in the Motion, that class certification

1    should be denied without discovery in this Action.  StarKist further objects on the basis that

2    this Request is overbroad and unduly burdensome and seeks information that is not

3    proportional to the needs of discovery in this case, particularly in its use of the phrases

4    "[a]ll Documents," "all boats," and "any ownership or financial interest," and its purported

5    inclusion of boats unrelated to any StarKist tuna product.  StarKist further objects to this

6    Request as vague and ambiguous, particularly with respect to the terms "IMO number,"

7    "MMSI number," and "owners," and the phrase "ownership or financial interest."  StarKist

8    further objects to this Request as cumulative and duplicative of Request No. 7.  StarKist

9    further objects to this definition to the extent it seeks information from Dongwon Industries

10   Co. Ltd., which has been dismissed from this Action with prejudice.  StarKist further

11   objects to the Request to the extent that it seeks information that is publicly available and/or

12   can be obtained from sources that are more convenient, less burdensome, or less expensive.

13   StarKist further objects to this Request to the extent it seeks information not within the

14   possession, custody, or control of StarKist.  StarKist further objects to the Request to the

15   extent that it seeks information protected from discovery by any applicable privilege,

16   immunity, or protection.

17   **REQUEST FOR PRODUCTION NO. 9**

18       All Documents relating to or concerning the fishing method(s) used by each boat

19   that supplied the tuna in Your Products, including, without limitation, the percentage of

20   Your tuna procured by each fishing method.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

22       StarKist hereby incorporates by reference its General Objections.  StarKist further

23   objects to this Request on the grounds, reflected in the Motion, that class certification

24   should be denied without discovery in this Action.  StarKist further objects on the basis that

25   this Request is overbroad and unduly burdensome and seeks information that is not

26   proportional to the needs of discovery in this case, particularly in its use of the phrases

27   "[a]ll Documents" and "each boat."  StarKist further objects to this Request as vague and

28   ambiguous, particularly with respect to the term "procured."  StarKist further objects to the

1   Request to the extent that it seeks information that is publicly available and/or can be

2   obtained from sources that are more convenient, less burdensome, or less expensive.

3   StarKist further objects to the Request to the extent that it seeks information protected from

4   discovery by any applicable privilege, immunity, or protection.

5   **REQUEST FOR PRODUCTION NO. 10**

6        For each boat identified in Request No. 8, above, produce Documents identifying

7   the name, address, and contact information of all captains and observers, if any, on board

8   and the time period during which they served.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

10        StarKist hereby incorporates by reference its General Objections.  StarKist further

11   objects to this Request on the grounds, reflected in the Motion, that class certification

12   should be denied without discovery in this Action.  StarKist further objects on the basis that

13   this Request is overbroad and unduly burdensome and seeks information that is not

14   proportional to the needs of discovery in this case, particularly in its use of the phrase "all

15   captains and observers," and its purported inclusion of boats unrelated to any StarKist tuna

16   product.  StarKist further objects to this Request as vague and ambiguous, particularly with

17   respect to the terms "captains," "observers," and "served."  StarKist further objects to the

18   Request to the extent that it seeks information that is publicly available and/or can be

19   obtained from sources that are more convenient, less burdensome, or less expensive.

20   StarKist further objects to this Request to the extent it seeks information not within the

21   possession, custody, or control of StarKist.  StarKist further objects to the Request to the

22   extent that it seeks information protected from discovery by any applicable privilege,

23   immunity, or protection.

24   **REQUEST FOR PRODUCTION NO. 11**

25        All Documents and Communications relating to or concerning captain and observer

26   compensation on each boat identified in response to Request No. 8, above.

27

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

2         StarKist hereby incorporates by reference its General Objections.  StarKist further

3    objects to this Request on the grounds, reflected in the Motion, that class certification

4    should be denied without discovery in this Action.  StarKist further objects on the basis that

5    this Request is overbroad and unduly burdensome and seeks information that is not

6    proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

7    Documents and Communications," and its purported inclusion of boats unrelated to any

8    StarKist tuna product.  StarKist further objects to this Request as vague and ambiguous,

9    particularly with respect to the phrase "relating to or concerning" and the terms "captain,"

10   "observer," and "compensation."  StarKist further objects to the Request to the extent that it

11   seeks information that is publicly available and/or can be obtained from sources that are

12   more convenient, less burdensome, or less expensive.  StarKist further objects to this

13   Request to the extent it seeks information not within the possession, custody, or control of

14   StarKist.  StarKist further objects to the Request to the extent that it seeks information

15   protected from discovery by any applicable privilege, immunity, or protection.

16   **REQUEST FOR PRODUCTION NO. 12**

17        All Documents and Communications relating to or concerning the compensation of

18   Your tuna suppliers, their names, addresses, and contact information, and the term(s) of

19   their engagement(s).

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

21        StarKist hereby incorporates by reference its General Objections.  StarKist further

22   objects to this Request on the grounds, reflected in the Motion, that class certification

23   should be denied without discovery in this Action.  StarKist further objects on the basis that

24   this Request is overbroad and unduly burdensome and seeks information that is not

25   proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

26   Documents and Communications."  StarKist further objects to this Request as vague and

27   ambiguous, particularly with respect to the phrases "relating to or concerning" and "term(s)

28   of their engagement(s)," and the term "compensation."  StarKist further objects to the

1  Request to the extent that it seeks information that is publicly available and/or can be

2  obtained from sources that are more convenient, less burdensome, or less expensive.

3  StarKist further objects to the Request to the extent that it seeks information protected from

4  discovery by any applicable privilege, immunity, or protection.  StarKist further objects to

5  this Request to the extent it calls for information that is subject to third-party confidentiality

6  restrictions.

7  **REQUEST FOR PRODUCTION NO. 13**

8       All Documents constituting or regarding inquiries, complaints, or Communications

9  regarding Your Products whether by NMFS, NOAA, or any other governmental regulatory

10  agency, either domestic or international.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

12       StarKist hereby incorporates by reference its General Objections.  StarKist further

13  objects to this Request on the grounds, reflected in the Motion, that class certification

14  should be denied without discovery in this Action.  StarKist further objects on the basis that

15  this Request is overbroad and unduly burdensome and seeks information that is not

16  proportional to the needs of discovery in this case, particularly in its use of the phrases

17  "[a]ll Documents" and "any other governmental regulatory agency, either domestic or

18  international," and its purported inclusion of documents without any limitation as to subject

19  matter.  StarKist further objects to this Request as vague and ambiguous, particularly with

20  respect to the terms "regarding," "inquiries," "complaints," and "governmental regulatory

21  agency."  StarKist further objects to the Request to the extent that it seeks information that

22  is publicly available and/or can be obtained from sources that are more convenient, less

23  burdensome, or less expensive.  StarKist further objects to this Request to the extent it

24  seeks information not within the possession, custody, or control of StarKist.  StarKist

25  further objects to the Request to the extent that it seeks information protected from

26  discovery by any applicable privilege, immunity, or protection.

27

28

1    **REQUEST FOR PRODUCTION NO. 14**

2         Copies of all Social Media Communications relating to or concerning dolphin

3    safety, fishing methods, and/or responsible sourcing of Your Products from the time the

4    Products were first introduced to the present.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

6         StarKist hereby incorporates by reference its General Objections.  StarKist further

7    objects to this Request on the grounds, reflected in the Motion, that class certification

8    should be denied without discovery in this Action.  StarKist further objects on the basis that

9    this Request is overbroad and unduly burdensome and seeks information that is not

10   proportional to the needs of discovery in this case, particularly in its use of the phrases "all

11   Social Media Communications" and "from the time the Products were first introduced," and

12   in light of the Discovery Order holding that discovery requests "relating to sustainability

13   should be narrowed to . . . relate to dolphin harm and/or dolphin mortality."  StarKist

14   further objects to this Request as vague and ambiguous, particularly with respect to the

15   terms "responsible sourcing" and "introduced."  StarKist further objects to the Request to

16   the extent that it seeks information that is publicly available and/or can be obtained from

17   sources that are more convenient, less burdensome, or less expensive.  StarKist further

18   objects to this Request to the extent it seeks information not within the possession, custody,

19   or control of StarKist.  StarKist further objects to the Request to the extent that it seeks

20   information protected from discovery by any applicable privilege, immunity, or protection.

21   **REQUEST FOR PRODUCTION NO. 15**

22        Exemplars of all sales materials, promotional materials, newsletters, informational

23   publications, and advertisements, including, but not limited to print, radio, internet and

24   television advertisements, and point-of-sale literature which in any way refer to, depict,

25   and/or discuss dolphin safety, tuna fishing methods and procurement, and/or responsible

26   tuna sourcing, including all versions and drafts from the time the Products were first

27   introduced to the present.

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

2    StarKist hereby incorporates by reference its General Objections.  StarKist further

3    objects to this Request on the grounds, reflected in the Motion, that class certification

4    should be denied without discovery in this Action.  StarKist further objects on the basis that

5    this Request is overbroad and unduly burdensome and seeks information that is not

6    proportional to the needs of discovery in this case, particularly in its use of the phrases "all

7    sales materials, promotional materials, newsletters, informational publications, and

8    advertisements," "in any way refer to, depict, and/or discuss," "all versions and drafts," and

9    "from the time the Products were first introduced," and in light of the Discovery Order

10   holding that discovery requests "relating to sustainability should be narrowed to . . . relate

11   to dolphin harm and/or dolphin mortality."  StarKist further objects to this Request as vague

12   and ambiguous, particularly with respect to the terms "informational publications,"

13   "procurement," "responsible tuna sourcing," and "introduced."  StarKist further objects to

14   this Request as cumulative and duplicative of Request No. 14.  StarKist further objects to

15   the Request to the extent that it seeks information that is publicly available and/or can be

16   obtained from sources that are more convenient, less burdensome, or less expensive.

17   StarKist further objects to this Request to the extent it seeks information not within the

18   possession, custody, or control of StarKist.  StarKist further objects to the Request to the

19   extent that it seeks information protected from discovery by any applicable privilege,

20   immunity, or protection.

21   **REQUEST FOR PRODUCTION NO. 16**

22   All Documents and Communications related to or concerning the design, content,

23   placement and distribution, budget, payment, and return on investment of or for the sales

24   materials, promotional materials, newsletters, informational publications, advertisements,

25   and Social Media Communications produced in response to Request Nos. 14 & 15, without

26   temporal limitation.

27

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

2        StarKist hereby incorporates by reference its General Objections.  StarKist further

3    objects to this Request on the grounds, reflected in the Motion, that class certification

4    should be denied without discovery in this Action.  StarKist further objects on the basis that

5    this Request is overbroad and unduly burdensome and seeks information that is not

6    proportional to the needs of discovery in this case, particularly in its use of the phrases

7    "[a]ll Documents and Communications" and "without temporal limitation."  StarKist

8    further objects to this Request as vague and ambiguous, particularly with respect to the

9    phrases "related to or concerning," "placement and distribution," "return on investment,"

10   and "informational publications."  StarKist further objects to this Request as premature to

11   the extent that it calls for expert analysis and/or opinions.  StarKist further objects to the

12   Request to the extent that it seeks information that is publicly available and/or can be

13   obtained from sources that are more convenient, less burdensome, or less expensive.

14   StarKist further objects to this Request to the extent it seeks information not within the

15   possession, custody, or control of StarKist.  StarKist further objects to the Request to the

16   extent that it seeks information protected from discovery by any applicable privilege,

17   immunity, or protection.

18   **REQUEST FOR PRODUCTION NO. 17**

19       Exemplars of all Product Labels from the time the Products were first introduced to

20   the present, including all versions, drafts, revisions, and information regarding when and

21   where the exemplars were utilized or disseminated.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

23       StarKist hereby incorporates by reference its General Objections.  StarKist further

24   objects to this Request on the grounds, reflected in the Motion, that class certification

25   should be denied without discovery in this Action.  StarKist further objects on the basis that

26   this Request is overbroad and unduly burdensome and seeks information that is not

27   proportional to the needs of discovery in this case, particularly in its use of the phrases "all

28   Product Labels," "from the time the Products were first introduced," and "all versions,

21

1    drafts, revisions." StarKist further objects to this Request as vague and ambiguous,

2    particularly with respect to the terms "introduced," "utilized," and "disseminated." StarKist

3    further objects to the Request to the extent that it seeks information that is publicly

4    available and/or can be obtained from sources that are more convenient, less burdensome,

5    or less expensive. StarKist further objects to this Request to the extent it seeks information

6    not within the possession, custody, or control of StarKist. StarKist further objects to the

7    Request to the extent that it seeks information protected from discovery by any applicable

8    privilege, immunity, or protection.

9    **REQUEST FOR PRODUCTION NO. 18**

10   All Documents and Communications related to or concerning the design and content

11   of the Product Labels, from the time the Products were first introduced to the present,

12   including, without limitation, the dolphin-safe, sustainability, and tracking information to

13   be provided on the Label and placement of the dolphin-safe logo on the Label, their font

14   size and color selection.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

16   StarKist hereby incorporates by reference its General Objections. StarKist further

17   objects to this Request on the grounds, reflected in the Motion, that class certification

18   should be denied without discovery in this Action. StarKist further objects on the basis that

19   this Request is overbroad and unduly burdensome and seeks information that is not

20   proportional to the needs of discovery in this case, particularly in its use of the phrases

21   "[a]ll Documents and Communications" and "from the time the Products were first

22   introduced," and in light of the Discovery Order holding that the "only label at issue in [this

23   Action] is the dolphin-safe label" and that discovery requests "relating to sustainability

24   should be narrowed to . . . relate to dolphin harm and/or dolphin mortality." StarKist

25   further objects to this Request as vague and ambiguous, particularly with respect to the

26   phrase "related to or concerning" and the terms "introduced," "sustainability," and

27   "tracking." StarKist further objects to the Request to the extent that it seeks information

28   that is publicly available and/or can be obtained from sources that are more convenient, less

1   burdensome, or less expensive.  StarKist further objects to this Request to the extent it

2   seeks information not within the possession, custody, or control of StarKist.  StarKist

3   further objects to the Request to the extent that it seeks information protected from

4   discovery by any applicable privilege, immunity, or protection.

5   **REQUEST FOR PRODUCTION NO. 19**

6        All Documents that evidence, memorialize, summarize, analyze, or discuss how to

7   market or advertise Your Products and the return on investment or effectiveness of the

8   marketing and advertising, created at any point from the time the Products were first

9   introduced to the present.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

11        StarKist hereby incorporates by reference its General Objections.  StarKist further

12   objects to this Request on the grounds, reflected in the Motion, that class certification

13   should be denied without discovery in this Action.  StarKist further objects on the basis that

14   this Request is overbroad and unduly burdensome and seeks information that is not

15   proportional to the needs of discovery in this case, particularly in its use of the phrases

16   "[a]ll Documents" and "from the time the Products were first introduced," and its purported

17   inclusion of marketing and advertising documents without any limitation as to subject

18   matter.  StarKist further objects to this Request as vague and ambiguous, particularly with

19   respect to the terms "return on investment," "effectiveness," and "introduced."  StarKist

20   further objects to this Request as premature to the extent that it calls for expert analysis

21   and/or opinions.  StarKist further objects to this Request as cumulative and duplicative of

22   Request No. 18.  StarKist further objects to this Request to the extent it seeks information

23   not within the possession, custody, or control of StarKist.  StarKist further objects to the

24   Request to the extent that it seeks information protected from discovery by any applicable

25   privilege, immunity, or protection.

26   **REQUEST FOR PRODUCTION NO. 20**

27        All Documents that evidence, reflect, or relate to any marketing analysis or survey

28   done at any time involving the importance to consumers or retailers of dolphin safety and

1   sustainable sourcing and/or the price consumers are willing to pay for dolphin-safe and

2   sustainably sourced tuna.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

4       StarKist hereby incorporates by reference its General Objections.  StarKist further

5   objects to this Request on the grounds, reflected in the Motion, that class certification

6   should be denied without discovery in this Action.  StarKist further objects on the basis that

7   this Request is overbroad and unduly burdensome and seeks information that is not

8   proportional to the needs of discovery in this case, particularly in its use of the phrases

9   "[a]ll Documents" and "at any time," and in light of the Discovery Order holding that

10   discovery requests "relating to sustainability should be narrowed to . . . relate to dolphin

11   harm and/or dolphin mortality."  StarKist further objects to this Request as vague and

12   ambiguous, particularly with respect to the terms "importance," "sustainable sourcing," and

13   "sustainably sourced."  StarKist further objects to this Request as premature to the extent

14   that it calls for expert analysis and/or opinions.  StarKist further objects to the Request to

15   the extent that it seeks information protected from discovery by any applicable privilege,

16   immunity, or protection.  StarKist further objects to this Request to the extent it calls for

17   information that is subject to third-party confidentiality restrictions.

18   **REQUEST FOR PRODUCTION NO. 21**

19       All Documents identifying the name, address, and contact person(s) of all retailers

20   of Your Products in the United States, the locations of all stores where they sold Your

21   Products in the United States, and when each store sold Your Products in the United States.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

23       StarKist hereby incorporates by reference its General Objections.  StarKist further

24   objects to this Request on the grounds, reflected in the Motion, that class certification

25   should be denied without discovery in this Action.  StarKist further objects on the basis that

26   this Request is overbroad and unduly burdensome and seeks information that is not

27   proportional to the needs of discovery in this case, particularly in its use of the phrases "all

28   retailers" and "all stores."  StarKist further objects to this Request as vague and ambiguous,

24

1  particularly with respect to the term "contact person(s)."  StarKist further objects to the

2  Request to the extent that it seeks information that is publicly available and/or can be

3  obtained from sources that are more convenient, less burdensome, or less expensive.

4  StarKist further objects to this Request to the extent it seeks information not within the

5  possession, custody, or control of StarKist.  StarKist further objects to the Request to the

6  extent that it seeks information protected from discovery by any applicable privilege,

7  immunity, or protection.

8  **REQUEST FOR PRODUCTION NO. 22**

9      All Documents and Communications with retailers related to or concerning dolphin

10  safety, tuna sourcing methods, sustainability, FADs, and substantiation of the Products'

11  Label representations.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

13      StarKist hereby incorporates by reference its General Objections.  StarKist further

14  objects to this Request on the grounds, reflected in the Motion, that class certification

15  should be denied without discovery in this Action.  StarKist further objects on the basis that

16  this Request is overbroad and unduly burdensome and seeks information that is not

17  proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

18  Documents and Communications," and in light of the Discovery Order holding that

19  discovery requests "relating to sustainability should be narrowed to . . . relate to dolphin

20  harm and/or dolphin mortality."  StarKist further objects to this Request as vague and

21  ambiguous, particularly with respect to the phrases "Documents . . . with" and "related to or

22  concerning," and the terms "tuna sourcing methods," "sustainability," and "substantiation."

23  StarKist further objects to the Request to the extent that it seeks information that is publicly

24  available and/or can be obtained from sources that are more convenient, less burdensome,

25  or less expensive.  StarKist further objects to this Request to the extent it seeks information

26  not within the possession, custody, or control of StarKist.  StarKist further objects to the

27  Request to the extent that it seeks information protected from discovery by any applicable

28  privilege, immunity, or protection.

1    **REQUEST FOR PRODUCTION NO. 23**

2         All Documents identifying each shipment of Your Products to retailers or third party

3    distributors for sale to U.S. consumers, including:

4         1.        The name and address of the recipient;

5         2.        The total number of units of each Product shipped;

6         3.        The Wholesale Price, SKU, UPC, and MSRP of each Product shipped; and

7         4.        The amount of any rebate on each Product shipped.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

9         StarKist hereby incorporates by reference its General Objections.  StarKist further

10   objects to this Request on the grounds, reflected in the Motion, that class certification

11   should be denied without discovery in this Action.  StarKist further objects on the basis that

12   this Request is overbroad and unduly burdensome and seeks information that is not

13   proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

14   Documents."  StarKist further objects to this Request as vague and ambiguous, particularly

15   with respect to the phrase "for sale to U.S. consumers" and the term "rebate."  StarKist

16   further objects to the Request to the extent that it seeks information that is publicly

17   available and/or can be obtained from sources that are more convenient, less burdensome,

18   or less expensive.  StarKist further objects to this Request to the extent it seeks information

19   not within the possession, custody, or control of StarKist.  StarKist further objects to the

20   Request to the extent that it seeks information protected from discovery by any applicable

21   privilege, immunity, or protection.  StarKist further objects to this Request to the extent it

22   calls for information that is subject to third-party confidentiality restrictions.

23   **REQUEST FOR PRODUCTION NO. 24**

24        All Documents identifying separately by state and on a monthly basis the total

25   number of units, SKUs, and UPCs, of each Product distributed for retail sale and the Net

26   Sales amount You received from sales of each Product.

27

28

1     **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

2        StarKist hereby incorporates by reference its General Objections.  StarKist further

3 objects to this Request on the grounds, reflected in the Motion, that class certification

4 should be denied without discovery in this Action.  StarKist further objects on the basis that

5 this Request is overbroad and unduly burdensome and seeks information that is not

6 proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

7 Documents."  StarKist further objects to this Request as vague and ambiguous, particularly

8 with respect to the phrase "distributed for retail sale."  StarKist further objects to the

9 Request to the extent that it seeks information that is publicly available and/or can be

10 obtained from sources that are more convenient, less burdensome, or less expensive.

11 StarKist further objects to this Request to the extent it seeks information not within the

12 possession, custody, or control of StarKist.  StarKist further objects to the Request to the

13 extent that it seeks information protected from discovery by any applicable privilege,

14 immunity, or protection.

15     **REQUEST FOR PRODUCTION NO. 25**

16        All Documents identifying separately by state and on a monthly basis the total

17 number of units, SKUs, and UPCs, of each Product returned to You by retailers, third party

18 distributors or consumers.

19     **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

20        StarKist hereby incorporates by reference its General Objections.  StarKist further

21 objects to this Request on the grounds, reflected in the Motion, that class certification

22 should be denied without discovery in this Action.  StarKist further objects on the basis that

23 this Request is overbroad and unduly burdensome and seeks information that is not

24 proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

25 Documents."  StarKist further objects to this Request as vague and ambiguous, particularly

26 with respect to the term "returned."  StarKist further objects to the Request to the extent

27 that it seeks information that is publicly available and/or can be obtained from sources that

28 are more convenient, less burdensome, or less expensive.  StarKist further objects to this

1   Request to the extent it seeks information not within the possession, custody, or control of

2   StarKist.  StarKist further objects to the Request to the extent that it seeks information

3   protected from discovery by any applicable privilege, immunity, or protection.

4   **REQUEST FOR PRODUCTION NO. 26**

5        All Documents received from retailers, IRI, or Nielsen which refer to or concern the

6   pricing, Revenue, and/or sales of any of the Products.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

8        StarKist hereby incorporates by reference its General Objections.  StarKist further

9   objects to this Request on the grounds, reflected in the Motion, that class certification

10  should be denied without discovery in this Action.  StarKist further objects on the basis that

11  this Request is overbroad and unduly burdensome and seeks information that is not

12  proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

13  Documents."  StarKist further objects to this Request as vague and ambiguous, particularly

14  with respect to the term "concern."  StarKist further objects to this Request as cumulative

15  and duplicative of Request No. 24.  StarKist further objects to the Request to the extent that

16  it seeks information that is publicly available and/or can be obtained from sources that are

17  more convenient, less burdensome, or less expensive.  StarKist further objects to the

18  Request to the extent that it seeks information protected from discovery by any applicable

19  privilege, immunity, or protection.  StarKist further objects to this Request to the extent it

20  calls for information that is subject to third-party confidentiality restrictions.

21  **REQUEST FOR PRODUCTION NO. 27**

22       All Documents and Communications relating to or concerning the price premium,

23  dollar value, or Product-associated cost of the dolphin-safe guarantee and/or sustainable

24  sourcing.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

26       StarKist hereby incorporates by reference its General Objections.  StarKist further

27  objects to this Request on the grounds, reflected in the Motion, that class certification

28  should be denied without discovery in this Action.  StarKist further objects on the basis that

1    this Request is overbroad and unduly burdensome and seeks information that is not

2    proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

3    Documents and Communications" and in light of the Discovery Order holding that

4    discovery requests "relating to sustainability should be narrowed to . . . relate to dolphin

5    harm and/or dolphin mortality."  StarKist further objects to this Request as vague and

6    ambiguous, particularly with respect to the phrase "relating to or concerning" and the terms

7    "price premium," "Product-associated cost," "sustainable sourcing."  StarKist further

8    objects to this Request as premature to the extent that it calls for expert analysis and/or

9    opinions.  StarKist further objects to the Request to the extent that it seeks information

10   protected from discovery by any applicable privilege, immunity, or protection.

11   **REQUEST FOR PRODUCTION NO. 28**

12         All Documents and Communications relating to the use of FADs in procuring tuna

13   in Your Products.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

15         StarKist hereby incorporates by reference its General Objections.  StarKist further

16   objects to this Request on the grounds, reflected in the Motion, that class certification

17   should be denied without discovery in this Action.  StarKist further objects on the basis that

18   this Request is overbroad and unduly burdensome and seeks information that is not

19   proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

20   Documents and Communications" and its purported inclusion of documents unrelated to

21   dolphin harm and/or dolphin mortality.  StarKist further objects to this Request as vague

22   and ambiguous, particularly with respect to the terms "use" and "procuring."  StarKist

23   further objects to the Request to the extent that it seeks information that is publicly

24   available and/or can be obtained from sources that are more convenient, less burdensome,

25   or less expensive.  StarKist further objects to the Request to the extent that it seeks

26   information protected from discovery by any applicable privilege, immunity, or protection.

27

28

29

1  **REQUEST FOR PRODUCTION NO. 29**

2       All Documents or Communications that refer to or discuss any meeting,

3  Communication, or agreement with Tri-Union Seafoods, LLC (dba Chicken of the Sea

4  International, Inc.) or Bumble Bee Foods, LLC concerning the marketing, Advertising,

5  packing or co-packing, fishing methods, use or non-use of FADs, dolphin safety, or sale of

6  Your Products, including, without limitation, the February 2012 agreement with Bumble

7  Bee Foods, LLC and Tri-Union Seafoods, LLC (dba Chicken of the Sea International, Inc.)

8  to not sell a branded FAD-free tuna product in the U.S. and the May 31, 2012 statement

9  issued through the NFI on behalf of Bumble Bee, Chicken of the Sea, and StarKist.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

11       StarKist hereby incorporates by reference its General Objections.  StarKist further

12  objects to this Request on the grounds, reflected in the Motion, that class certification

13  should be denied without discovery in this Action.  StarKist further objects on the basis that

14  this Request is overbroad and unduly burdensome and seeks information that is not

15  proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

16  Documents or Communications" and its purported inclusion of documents unrelated to

17  dolphin harm and/or dolphin mortality.  StarKist further objects to this Request as vague

18  and ambiguous, particularly with respect to the terms "concerning," "agreement," and

19  "packing or co-packing."  StarKist further objects to the Request to the extent that it seeks

20  information that is publicly available and/or can be obtained from sources that are more

21  convenient, less burdensome, or less expensive.  StarKist further objects to this Request to

22  the extent it seeks information not within the possession, custody, or control of StarKist.

23  StarKist further objects to the Request to the extent that it seeks information protected from

24  discovery by any applicable privilege, immunity, or protection.

25  **REQUEST FOR PRODUCTION NO. 30**

26       All Documents referring or relating to Your Communications with EII and/or MSC

27  regarding dolphin safety and/or sustainability standards and their respective organization's

28  sustainability requirements.

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

2       StarKist hereby incorporates by reference its General Objections.  StarKist further

3   objects to this Request on the grounds, reflected in the Motion, that class certification

4   should be denied without discovery in this Action.  StarKist further objects on the basis that

5   this Request is overbroad and unduly burdensome and seeks information that is not

6   proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

7   Documents" and in light of the Discovery Order holding that discovery requests "relating to

8   sustainability should be narrowed to . . . relate to dolphin harm and/or dolphin mortality."

9   StarKist further objects to this Request as vague and ambiguous, particularly with respect to

10   the terms "relating," "sustainability standards," and "sustainability requirements."  StarKist

11   further objects to the Request to the extent that it seeks information that is publicly

12   available and/or can be obtained from sources that are more convenient, less burdensome,

13   or less expensive.  StarKist further objects to this Request to the extent it seeks information

14   not within the possession, custody, or control of StarKist.  StarKist further objects to the

15   Request to the extent that it seeks information protected from discovery by any applicable

16   privilege, immunity, or protection.

17   **REQUEST FOR PRODUCTION NO. 31**

18       All Documents and Communications which refer to or concern Your use of the EII

19   Dolphin-Safe Logo or Your decision not to use the dolphin-safe mark codified at 50 C.F.R.

20   § 216.95, including, without limitation, Documents and Communications concerning:

21       1.     Your authorization to use the logo;

22       2.     Your application to use the logo, including all supporting Documents;

23       3.     EII Dolphin-Safe Logo eligibility standards;

24       4.     Inspections or audits by EII and the results thereof, including captain's

25             statements and other documents supplied to EII in the course of its

26             inspections or audits;

27       5.     EII dolphin safety verification requirements; and

28

1    6.      Your compliance with and/or violation of EII Dolphin-Safe Logo standards

2           and requirements.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

4           StarKist hereby incorporates by reference its General Objections.  StarKist further

5  objects to this Request on the grounds, reflected in the Motion, that class certification

6  should be denied without discovery in this Action.  StarKist further objects on the basis that

7  this Request is overbroad and unduly burdensome and seeks information that is not

8  proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

9  Documents or Communications."  StarKist further objects to this Request as vague and

10 ambiguous, particularly with respect to the terms "use," "authorization," "application,"

11 "eligibility standards," "verification requirements," and "standards and requirements."

12 StarKist further objects to the defined term "EII Dolphin Safe Logo" as vague, ambiguous,

13 and nonsensical in its use of the word "EII."  StarKist further objects to this Request as

14 cumulative and duplicative of Request No. 30.  StarKist further objects to the Request to the

15 extent that it seeks information that is publicly available and/or can be obtained from

16 sources that are more convenient, less burdensome, or less expensive.  StarKist further

17 objects to this Request to the extent it seeks information not within the possession, custody,

18 or control of StarKist.  StarKist further objects to the Request to the extent that it seeks

19 information protected from discovery by any applicable privilege, immunity, or protection.

20 **REQUEST FOR PRODUCTION NO. 32**

21          All Documents and Communications relating to Your membership in the ISSF.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

23          StarKist hereby incorporates by reference its General Objections.  StarKist further

24 objects to this Request on the grounds, reflected in the Motion, that class certification

25 should be denied without discovery in this Action.  StarKist further objects on the basis that

26 this Request is overbroad and unduly burdensome and seeks information that is not

27 proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

28 Documents or Communications" and its purported inclusion of documents unrelated to

32

1  dolphin harm and/or dolphin mortality.  StarKist further objects to this Request as vague

2  and ambiguous, particularly with respect to the term "membership."  StarKist further

3  objects to the Request to the extent that it seeks information that is publicly available and/or

4  can be obtained from sources that are more convenient, less burdensome, or less expensive.

5  StarKist further objects to this Request to the extent it seeks information not within the

6  possession, custody, or control of StarKist.  StarKist further objects to the Request to the

7  extent that it seeks information protected from discovery by any applicable privilege,

8  immunity, or protection.

9  **REQUEST FOR PRODUCTION NO. 33**

10       Documents sufficient to show all money You paid to ISSF, MSC, NFI, or EII.  This

11  includes, without limitation, all money paid as a result of membership dues, assessments,

12  fees, special projects, lobbying, and the like, as well as any money voluntarily paid or

13  donated to them.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

15       StarKist hereby incorporates by reference its General Objections.  StarKist further

16  objects to this Request on the grounds, reflected in the Motion, that class certification

17  should be denied without discovery in this Action.  StarKist further objects on the basis that

18  this Request is overbroad and unduly burdensome and seeks information that is not

19  proportional to the needs of discovery in this case, particularly in its use of the phrase "all

20  money" and its purported inclusion of documents unrelated to dolphin harm and/or dolphin

21  mortality.  StarKist further objects to this Request as vague and ambiguous, particularly

22  with respect to the terms "special projects" and "the like."  StarKist further objects to this

23  Request as cumulative and duplicative of Request No. 32.  StarKist further objects to the

24  Request to the extent that it seeks information that is publicly available and/or can be

25  obtained from sources that are more convenient, less burdensome, or less expensive.

26  StarKist further objects to this Request to the extent it seeks information not within the

27  possession, custody, or control of StarKist.  StarKist further objects to the Request to the

28

1   extent that it seeks information protected from discovery by any applicable privilege,

2   immunity, or protection.

3   **REQUEST FOR PRODUCTION NO. 34**

4       All Documents or Communications with Greenpeace, Sea Shepherd, WWF, or any

5   other Non-Governmental Organization regarding dolphins or tuna.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

7       StarKist hereby incorporates by reference its General Objections.  StarKist further

8   objects to this Request on the grounds, reflected in the Motion, that class certification

9   should be denied without discovery in this Action.  StarKist further objects on the basis that

10  this Request is overbroad and unduly burdensome and seeks information that is not

11  proportional to the needs of discovery in this case, particularly in its use of the phrases

12  "[a]ll Documents or Communications" and "any other Non-Governmental Organization,"

13  and its purported inclusion of documents unrelated to dolphin harm and/or dolphin

14  mortality.  StarKist further objects to this Request as vague and ambiguous, particularly

15  with respect to the undefined terms "Greenpeace," "Sea Shepherd," and "Non-

16  Governmental Organization."  StarKist further objects to this Request as cumulative and

17  duplicative of Request Nos. 30, 31, 32, and 33.  StarKist further objects to the Request to

18  the extent that it seeks information that is publicly available and/or can be obtained from

19  sources that are more convenient, less burdensome, or less expensive.  StarKist further

20  objects to this Request to the extent it seeks information not within the possession, custody,

21  or control of StarKist.  StarKist further objects to the Request to the extent that it seeks

22  information protected from discovery by any applicable privilege, immunity, or protection.

23  **REQUEST FOR PRODUCTION NO. 35**

24      All Documents and Communications with the PNA or Pacifical relating to

25  sustainably caught tuna or tuna Products, including communications from EII regarding

26  tuna sourced from PNA waters or by Pacifical.

27

28

34

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

2        StarKist hereby incorporates by reference its General Objections.  StarKist further

3   objects to this Request on the grounds, reflected in the Motion, that class certification

4   should be denied without discovery in this Action.  StarKist further objects on the basis that

5   this Request is overbroad and unduly burdensome and seeks information that is not

6   proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

7   Documents and Communications" and in light of the Discovery Order holding that

8   discovery requests "relating to sustainability should be narrowed to . . . relate to dolphin

9   harm and/or dolphin mortality."  StarKist further objects to this Request as vague and

10   ambiguous, particularly with respect to the phrase "Documents . . . with" and the terms

11   "Pacifical," "sustainably caught," "sourced," and "PNA waters."  StarKist further objects to

12   this Request as cumulative and duplicative of Request No. 34.  StarKist further objects to

13   the Request to the extent that it seeks information that is publicly available and/or can be

14   obtained from sources that are more convenient, less burdensome, or less expensive.

15   StarKist further objects to this Request to the extent it seeks information not within the

16   possession, custody, or control of StarKist.  StarKist further objects to the Request to the

17   extent that it seeks information protected from discovery by any applicable privilege,

18   immunity, or protection.

19   **REQUEST FOR PRODUCTION NO. 36**

20        All Documents and Communications that involve the relationship between EII and

21   MSC, or disputes between them, regarding their labels and certifications for tuna Products.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

23        StarKist hereby incorporates by reference its General Objections.  StarKist further

24   objects to this Request on the grounds, reflected in the Motion, that class certification

25   should be denied without discovery in this Action.  StarKist further objects on the basis that

26   this Request is overbroad and unduly burdensome and seeks information that is not

27   proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

28   Documents and Communications" and in light of the Discovery Order holding that the

35

1  "only label at issue in [this Action] is the dolphin-safe label."  StarKist further objects to

2  this Request as vague and ambiguous, particularly with respect to the terms "involve,"

3  "relationship," "disputes," "labels," and "certifications."  StarKist further objects to this

4  Request as cumulative and duplicative of Request No. 34.  StarKist further objects to the

5  Request to the extent that it seeks information that is publicly available and/or can be

6  obtained from sources that are more convenient, less burdensome, or less expensive.

7  StarKist further objects to this Request to the extent it seeks information not within the

8  possession, custody, or control of StarKist.  StarKist further objects to the Request to the

9  extent that it seeks information protected from discovery by any applicable privilege,

10  immunity, or protection.

11  **REQUEST FOR PRODUCTION NO. 37**

12       All Documents related to or concerning how and why the dolphin-safe logo on Your

13  Products was selected, from the time the Products were first introduced to the present.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

15       StarKist hereby incorporates by reference its General Objections.  StarKist further

16  objects to this Request on the grounds, reflected in the Motion, that class certification

17  should be denied without discovery in this Action.  StarKist further objects on the basis that

18  this Request is overbroad and unduly burdensome and seeks information that is not

19  proportional to the needs of discovery in this case, particularly in its use of the phrases

20  "[a]ll Documents and Communications" and "from the time the Products were first

21  introduced."  StarKist further objects to this Request as vague and ambiguous, particularly

22  with respect to the phrase "related to or concerning" and the terms "selected," and

23  "introduced."  StarKist further objects to this Request as cumulative and duplicative of

24  Request Nos. 18, 19, 20, and 22.  StarKist further objects to the Request to the extent that it

25  seeks information that is publicly available and/or can be obtained from sources that are

26  more convenient, less burdensome, or less expensive.  StarKist further objects to this

27  Request to the extent it seeks information not within the possession, custody, or control of

28

1   StarKist.  StarKist further objects to the Request to the extent that it seeks information

2   protected from discovery by any applicable privilege, immunity, or protection.

3   **REQUEST FOR PRODUCTION NO. 38**

4        All Documents and Communications with ISSF, EII, WWF, NFI, or any other Non-

5   Governmental Organization regarding dolphin safety, sustainable tuna fishing methods and

6   procurement, tuna traceability, FADs, and Bycatch.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

8        StarKist hereby incorporates by reference its General Objections.  StarKist further

9   objects to this Request on the grounds, reflected in the Motion, that class certification

10   should be denied without discovery in this Action.  StarKist further objects on the basis that

11   this Request is overbroad and unduly burdensome and seeks information that is not

12   proportional to the needs of discovery in this case, particularly in its use of the phrases

13   "[a]ll Documents and Communications" and "any other Non-Governmental Organization,"

14   and in light of the Discovery Order holding that discovery requests "relating to

15   sustainability should be narrowed to . . . relate to dolphin harm and/or dolphin mortality."

16   StarKist further objects to this Request as vague and ambiguous, particularly with respect to

17   the phrase "Documents . . . with" and the terms "Non-Governmental Organization,"

18   "sustainable," "procurement," and "traceability."  StarKist further objects to this Request as

19   cumulative and duplicative of Request No. 34.  StarKist further objects to the Request to

20   the extent that it seeks information that is publicly available and/or can be obtained from

21   sources that are more convenient, less burdensome, or less expensive.  StarKist further

22   objects to this Request to the extent it seeks information not within the possession, custody,

23   or control of StarKist.  StarKist further objects to the Request to the extent that it seeks

24   information protected from discovery by any applicable privilege, immunity, or protection.

25   **REQUEST FOR PRODUCTION NO. 39**

26        All Documents and Communications, from the time your Products were first

27   introduced, relating to sustainability and dolphin-safe fishing standards, certifications, and

28

1  labels set by industry groups, committees, and organizations, including but not limited to

2  EII, MSC, ISSF, and NFI.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

4        StarKist hereby incorporates by reference its General Objections.  StarKist further

5  objects to this Request on the grounds, reflected in the Motion, that class certification

6  should be denied without discovery in this Action.  StarKist further objects on the basis that

7  this Request is overbroad and unduly burdensome and seeks information that is not

8  proportional to the needs of discovery in this case, particularly in its use of the phrases

9  "[a]ll Documents and Communications" and "from the time your Products were first

10 introduced," and in light of the Discovery Order holding that discovery requests "relating to

11 sustainability should be narrowed to . . . relate to dolphin harm and/or dolphin mortality."

12 StarKist further objects to this Request as vague and ambiguous, particularly with respect to

13 the terms "introduced," "relating," "sustainability," "standards," "certifications," and

14 "industry groups, committees, and organizations."  StarKist further objects to this Request

15 as cumulative and duplicative of Request No. 34.  StarKist further objects to the Request to

16 the extent that it seeks information that is publicly available and/or can be obtained from

17 sources that are more convenient, less burdensome, or less expensive.  StarKist further

18 objects to this Request to the extent it seeks information not within the possession, custody,

19 or control of StarKist.  StarKist further objects to the Request to the extent that it seeks

20 information protected from discovery by any applicable privilege, immunity, or protection.

21 **REQUEST FOR PRODUCTION NO. 40**

22       All Documents and Communications, from the time the Products were first

23 introduced to the present, which refer or relate to Your dolphin-safe and/or sustainability

24 policies and practices, including, without limitation, Documents and Communications

25 concerning:

26     1.    Your dolphin-safe policy;

27     2.    Your sustainability policy;

28

1      3.      Minutes of Committee meetings having to do with dolphin safety or

2            sustainability; and

3      4.      Any sustainability reports.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

5        StarKist hereby incorporates by reference its General Objections.  StarKist further

6  objects to this Request on the grounds, reflected in the Motion, that class certification

7  should be denied without discovery in this Action.  StarKist further objects on the basis that

8  this Request is overbroad and unduly burdensome and seeks information that is not

9  proportional to the needs of discovery in this case, particularly in its use of the phrases

10  "[a]ll Documents and Communications" and "from the time the Products were first

11  introduced," and in light of the Discovery Order holding that discovery requests "relating to

12  sustainability should be narrowed to . . . relate to dolphin harm and/or dolphin mortality."

13  StarKist further objects to this Request as vague and ambiguous, particularly with respect to

14  the terms "sustainability" and "Committee meetings."  StarKist further objects to the

15  Request to the extent that it seeks information that is publicly available and/or can be

16  obtained from sources that are more convenient, less burdensome, or less expensive.

17  StarKist further objects to the Request to the extent that it seeks information protected from

18  discovery by any applicable privilege, immunity, or protection.

19    **REQUEST FOR PRODUCTION NO. 41**

20        All Documents and Communications which refer or relate to the software, program,

21  and other methods You use to track the chain-of-custody of Your tuna and verify its

22  dolphin-safe and sustainable procurement, including, without limitation, any in-house

23  digital supply chain mapping system.

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

25        StarKist hereby incorporates by reference its General Objections.  StarKist further

26  objects to this Request on the grounds, reflected in the Motion, that class certification

27  should be denied without discovery in this Action.  StarKist further objects on the basis that

28  this Request is overbroad and unduly burdensome and seeks information that is not

1    proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

2    Documents and Communications" and in light of the Discovery Order holding that

3    discovery requests "relating to sustainability should be narrowed to . . . relate to dolphin

4    harm and/or dolphin mortality."  StarKist further objects to this Request as vague and

5    ambiguous, particularly with respect to the terms "relate," "other methods," "sustainable,"

6    "procurement," and "digital supply chain mapping system."  StarKist further objects to the

7    Request to the extent that it seeks information that is publicly available and/or can be

8    obtained from sources that are more convenient, less burdensome, or less expensive.

9    StarKist further objects to the Request to the extent that it seeks information protected from

10   discovery by any applicable privilege, immunity, or protection.

11   **REQUEST FOR PRODUCTION NO. 42**

12       All Documents referring or relating to content published on Your Website from the

13   time the Products were first introduced to the present concerning dolphin safety, tuna

14   fishing methods and procurement, sustainable sourcing, FADs, Bycatch, and traceability.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

16       StarKist hereby incorporates by reference its General Objections.  StarKist further

17   objects to this Request on the grounds, reflected in the Motion, that class certification

18   should be denied without discovery in this Action.  StarKist further objects on the basis that

19   this Request is overbroad and unduly burdensome and seeks information that is not

20   proportional to the needs of discovery in this case, particularly in its use of the phrases

21   "[a]ll Documents" and "from the time the Products were first introduced," and in light of

22   the Discovery Order holding that discovery requests "relating to sustainability should be

23   narrowed to . . . relate to dolphin harm and/or dolphin mortality."  StarKist further objects

24   to this Request as vague and ambiguous, particularly with respect to the terms "relating,"

25   "introduced," "procurement," "sustainable sourcing," and "traceability."  StarKist further

26   objects to the Request to the extent that it seeks information that is publicly available and/or

27   can be obtained from sources that are more convenient, less burdensome, or less expensive.

28

1    StarKist further objects to the Request to the extent that it seeks information protected from

2    discovery by any applicable privilege, immunity, or protection.

3    **REQUEST FOR PRODUCTION NO. 43**

4         All Documents relating to Communications with consumers regarding dolphin

5    safety, tuna fishing methods and procurement, sustainable sourcing, FADs, Bycatch,

6    traceability, and this lawsuit from the time the Products were first introduced to the present,

7    including, without limitation, calls received on Your consumer help line.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

9         StarKist hereby incorporates by reference its General Objections.  StarKist further

10   objects to this Request on the grounds, reflected in the Motion, that class certification

11   should be denied without discovery in this Action.  StarKist further objects on the basis that

12   this Request is overbroad and unduly burdensome and seeks information that is not

13   proportional to the needs of discovery in this case, particularly in its use of the phrases

14   "[a]ll Documents" and "from the time the Products were first introduced," and in light of

15   the Discovery Order holding that discovery requests "relating to sustainability should be

16   narrowed to . . . relate to dolphin harm and/or dolphin mortality."  StarKist further objects

17   to this Request as vague and ambiguous, particularly with respect to the terms "relating,"

18   "procurement," "sustainable sourcing," "traceability," and "introduced."  StarKist further

19   objects to the Request to the extent that it seeks information protected from discovery by

20   any applicable privilege, immunity, or protection.

21   **REQUEST FOR PRODUCTION NO. 44**

22        All Documents which You contend support any affirmative defense that You

23   believe You have or will be asserting.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

25        StarKist hereby incorporates by reference its General Objections.  StarKist further

26   objects to this Request on the grounds, reflected in the Motion, that class certification

27   should be denied without discovery in this Action.  StarKist further objects on the basis that

28   this Request is overbroad and unduly burdensome and seeks information that is not

1  proportional to the needs of discovery in this case, particularly in its use of the phrases

2  "[a]ll Documents" and "any affirmative defense."  StarKist further objects to this Request

3  as vague and ambiguous, particularly with respect to the phrase "You believe You have or

4  will be asserting."  StarKist further objects to this Request as premature to the extent that it

5  calls for expert analysis and/or opinions.  StarKist further objects to the Request to the

6  extent that it seeks information that is publicly available and/or can be obtained from

7  sources that are more convenient, less burdensome, or less expensive.  StarKist further

8  objects to the Request to the extent that it seeks information protected from discovery by

9  any applicable privilege, immunity, or protection.

10  **REQUEST FOR PRODUCTION NO. 45**

11      All Documents relating to your policies and procedures with respect to the retention

12  or destruction of documents.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

14      StarKist hereby incorporates by reference its General Objections.  StarKist further

15  objects to this Request on the grounds, reflected in the Motion, that class certification

16  should be denied without discovery in this Action.  StarKist further objects on the basis that

17  this Request is overbroad and unduly burdensome and seeks information that is not

18  proportional to the needs of discovery in this case, particularly in its use of the phrases

19  "[a]ll Documents."  StarKist further objects to this Request as vague and ambiguous,

20  particularly with respect to the term "relating."  StarKist further objects to the Request to

21  the extent that it seeks information protected from discovery by any applicable privilege,

22  immunity, or protection.

23  **REQUEST FOR PRODUCTION NO. 46**

24      All organizational and management charts reflecting the structure of Your company,

25  including the organization, structure and business operations of each subsidiary, affiliate,

26  division, department, unit, subdivision, committee, subcommittee, task force, working

27  group, or other formal or informal group or business unit involved in the procurement

28

1   (including fishing), purchase, tracking, packing, verification, design, marketing,

2   advertising, pricing, or sale of Your Products.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

4         StarKist hereby incorporates by reference its General Objections.  StarKist further

5   objects to this Request on the grounds, reflected in the Motion, that class certification

6   should be denied without discovery in this Action.  StarKist further objects on the basis that

7   this Request is overbroad and unduly burdensome and seeks information that is not

8   proportional to the needs of discovery in this case, particularly in its use of the phrases

9   "[a]ll organizational and management charts" and "each subsidiary, affiliate, division,

10   department, unit, subdivision, committee, subcommittee, task force, working group, or

11   other formal or informal group or business unit."  StarKist further objects to this Request as

12   vague and ambiguous, particularly with respect to the phrase "formal or informal group or

13   business unit" and the terms "involved," "procurement," "tracking," "packing," and

14   "verification."  StarKist further objects to this definition to the extent it seeks information

15   from Dongwon Industries Co. Ltd., which has been dismissed from this Action with

16   prejudice.  StarKist further objects to the Request to the extent that it seeks information that

17   is publicly available and/or can be obtained from sources that are more convenient, less

18   burdensome, or less expensive.  StarKist further objects to this Request to the extent it

19   seeks information not within the possession, custody, or control of StarKist.  StarKist

20   further objects to the Request to the extent that it seeks information protected from

21   discovery by any applicable privilege, immunity, or protection.

22   **REQUEST FOR PRODUCTION NO. 47**

23         All Documents relating to or concerning the identity, job title(s), duties, and

24   reporting relationships of all officers, Employees, and independent contractors of Your

25   company who had any authority, input, responsibilities, or other involvement with any of

26   the following subjects:

27       1.    sourcing the Products, including fishing;

28       2.    purchasing the tuna in the Products;

1       3.      Labeling the Products;

2       4.      tracking the Products;

3       5.      packing the Products;

4       6.      verifying the Products are dolphin-safe;

5       7.      distributing the Products;

6       8.      marketing the Products;

7       9.      pricing the Products;

8       10.     receiving, investigating, and/or responding to customer complaints or

9               inquiries regarding the Products; and

10      11.     serving on, or participating or providing input to, governmental entities or

11              industry or regional groups, committees, or organization concerning the

12              Products, sustainable fishing practices, and dolphin-safe certification,

13              standards and labels, including, without limitation, the Department of

14              Commerce, the United States Federal Trade Commission, the Food and Drug

15              Administration, EII, MSC, ISSF, and NFI.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

17      StarKist hereby incorporates by reference its General Objections.  StarKist further

18  objects to this Request on the grounds, reflected in the Motion, that class certification

19  should be denied without discovery in this Action.  StarKist further objects on the basis that

20  this Request is overbroad and unduly burdensome and seeks information that is not

21  proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

22  Documents," in its purported inclusion of subjects unrelated to any issue in the Action, and

23  in light of the Discovery Order holding that discovery requests "relating to sustainability

24  should be narrowed to . . . relate to dolphin harm and/or dolphin mortality."  StarKist

25  further objects to this Request as vague and ambiguous, particularly with respect to the

26  phrase "relating to or concerning" and the terms "identity," "authority," "input,"

27  "responsibilities," "involvement," "sourcing," "tracking," "governmental entities,"

28  "industry or regional groups," "committees, "organization," "sustainable," "certification,"

1  and "standards."  StarKist further objects to the Request to the extent that it seeks

2  information that is publicly available and/or can be obtained from sources that are more

3  convenient, less burdensome, or less expensive.  StarKist further objects to the Request to

4  the extent that it seeks information protected from discovery by any applicable privilege,

5  immunity, or protection.  StarKist further objects to this Request to the extent it calls for

6  information that is subject to third-party confidentiality restrictions.  StarKist further objects

7  to this Request to the extent it seeks confidential personnel information.

8  **REQUEST FOR PRODUCTION NO. 48**

9       Documents sufficient to identify by name and address the canneries and processing

10  facilities for Your Products and dates utilized by You.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

12       StarKist hereby incorporates by reference its General Objections.  StarKist further

13  objects to this Request on the grounds, reflected in the Motion, that class certification

14  should be denied without discovery in this Action.  StarKist further objects on the basis that

15  this Request is overbroad and unduly burdensome and seeks information that is not

16  proportional to the needs of discovery in this case.  StarKist further objects to this Request

17  as vague and ambiguous, particularly with respect to the terms "processing facilities" and

18  "utilized."  StarKist further objects to the Request to the extent that it seeks information that

19  is publicly available and/or can be obtained from sources that are more convenient, less

20  burdensome, or less expensive.  StarKist further objects to the Request to the extent that it

21  seeks information protected from discovery by any applicable privilege, immunity, or

22  protection.

23  **REQUEST FOR PRODUCTION NO. 49**

24       All Documents and Communications relating to or concerning the services

25  Dongwon performs for You.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

27       StarKist hereby incorporates by reference its General Objections.  StarKist further

28  objects to this Request on the grounds, reflected in the Motion, that class certification

1   should be denied without discovery in this Action.  StarKist further objects on the basis that

2   this Request is overbroad and unduly burdensome and seeks information that is not

3   proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

4   Documents and Communications" and in its purported inclusion of services unrelated to

5   any issue in the Action.  StarKist further objects to this Request as vague and ambiguous,

6   particularly with respect to the terms "services" and "performs."  StarKist further objects to

7   this definition to the extent it seeks information from Dongwon Industries Co. Ltd., which

8   has been dismissed from this Action with prejudice.  StarKist further objects to the Request

9   to the extent that it seeks information that is publicly available and/or can be obtained from

10  sources that are more convenient, less burdensome, or less expensive.  StarKist further

11  objects to this Request to the extent it seeks information not within the possession, custody,

12  or control of StarKist.  StarKist further objects to the Request to the extent that it seeks

13  information protected from discovery by any applicable privilege, immunity, or protection.

14  **REQUEST FOR PRODUCTION NO. 50**

15      All Documents and Communications between You and Dongwon regarding dolphin

16  safety, sustainable sourcing of tuna, Bycatch, FADs, fishing methods, pricing of U.S. tuna

17  products, and suppliers of U.S. tuna products.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

19      StarKist hereby incorporates by reference its General Objections.  StarKist further

20  objects to this Request on the grounds, reflected in the Motion, that class certification

21  should be denied without discovery in this Action.  StarKist further objects on the basis that

22  this Request is overbroad and unduly burdensome and seeks information that is not

23  proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll

24  Documents and Communications" and in light of the Discovery Order holding that

25  discovery requests "relating to sustainability should be narrowed to . . . relate to dolphin

26  harm and/or dolphin mortality."  StarKist further objects to this Request as vague and

27  ambiguous, particularly with respect to the phrase "Documents . . . between" and the terms

28  "sustainable sourcing" and "suppliers."  StarKist further objects to this definition to the

1  extent it seeks information from Dongwon Industries Co. Ltd., which has been dismissed

2  from this Action with prejudice.  StarKist further objects to this Request to the extent it

3  seeks information not within the possession, custody, or control of StarKist.  StarKist

4  further objects to the Request to the extent that it seeks information protected from

5  discovery by any applicable privilege, immunity, or protection.

6  **REQUEST FOR PRODUCTION NO. 51**

7      All Documents identifying any consumers who purchased Your Products, including

8  all names, email, mailing, and/or street addresses, and any information regarding their

9  specific purchases of your Products.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

11      StarKist hereby incorporates by reference its General Objections.  StarKist further

12  objects to this Request on the grounds, reflected in the Motion, that class certification

13  should be denied without discovery in this Action.  StarKist further objects on the basis that

14  this Request is overbroad and unduly burdensome and seeks information that is not

15  proportional to the needs of discovery in this case, particularly in its use of the phrases

16  "[a]ll Documents," "any consumers," and "any information."  StarKist further objects to

17  this Request as vague and ambiguous, particularly with respect to the terms "identifying"

18  and "specific purchases."  StarKist further objects to the Request to the extent that it seeks

19  information that is publicly available and/or can be obtained from sources that are more

20  convenient, less burdensome, or less expensive.  StarKist further objects to this Request to

21  the extent it seeks information not within the possession, custody, or control of StarKist.

22  StarKist further objects to the Request to the extent that it seeks information protected from

23  discovery by any applicable privilege, immunity, or protection.

24  **REQUEST FOR PRODUCTION NO. 52**

25      All insurance policies or indemnification agreements or other documents, that may

26  provide coverage to You for any of the claims or causes of action asserted in this action, or

27  that may provide reimbursement for payments made in defense of this action, and

28  correspondence concerning coverage related to this action.

47

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

2          StarKist hereby incorporates by reference its General Objections.  StarKist further

3  objects to this Request on the grounds, reflected in the Motion, that class certification

4  should be denied without discovery in this Action.  StarKist further objects on the basis that

5  this Request is overbroad and unduly burdensome and seeks information that is not

6  proportional to the needs of discovery in this case.  StarKist further objects to this Request

7  as vague and ambiguous, particularly with respect to the phrases "other documents" and

8  "may provide," and the terms "coverage" and "reimbursement."  StarKist further objects to

9  the Request to the extent that it seeks information protected from discovery by any

10  applicable privilege, immunity, or protection.  StarKist further objects to this Request to the

11  extent it calls for information that is subject to third-party confidentiality restrictions.

12          Dated:  September 14, 2020

13                              PILLSBURY WINTHROP SHAW PITTMAN LLP
                               ROXANE A. POLIDORA
14                             LEE BRAND
                               Four Embarcadero Center, 22nd Floor
15                             San Francisco, CA  94111

16
                               By:  _____*/s/ Lee Brand*_____
17                                                        Lee Brand

18                             Attorneys for Defendant
                               STARKIST CO.
19

20

21

22

23

24

25

26

27

28