# EXHIBIT C

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   ROXANE A. POLIDORA (CA Bar No. 135972)
2  roxane.polidora@pillsburylaw.com
   LEE BRAND (CA Bar No. 287110)
3  lee.brand@pillsburylaw.com
   Four Embarcadero Center, 22nd Floor
4  San Francisco, CA  94111
   Telephone: (415) 983-1000
5  Facsimile: (415) 983-1200

6

   Attorneys for Defendant
7  STARKIST CO.

8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11

12 WARREN GARDNER, et al., on behalf of          Case No. 3:19-cv-02561-WHO
   Themselves and all others similarly situated,

13                                               **STARKIST CO.'S RESPONSES AND**
                  Plaintiffs,                    **OBJECTIONS TO PLAINTIFFS'**
14                                               **FIRST SET OF REQUESTS FOR**
          v.                                     **ADMISSION**
15
   STARKIST CO., a Delaware Corporation,
16
                  Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant

2  StarKist Co. ("StarKist") hereby responds and objects to Plaintiffs' First Set of Requests for

3  Admission served by electronic mail on August 13, 2020 (the "Requests") as follows:

4                                   **PRELIMINARY STATEMENT**

5    1.    These responses and objections are based on StarKist's interpretation and

6  understanding of the individual Requests and its investigation to date, its knowledge, and its

7  belief.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, StarKist expressly

8  reserves the right to augment, amend, or supplement these responses and objections as

9  necessary, including based on additional or different information that further investigation

10  or discovery may disclose.

11    2.    StarKist's responses and objections to the Requests are made solely for the

12  purpose of and in relation to the above-captioned action (the "Action") and on the express

13  condition that such information shall not be used or disclosed for any other purpose.  To the

14  extent StarKist provides any information in response to the Requests, it will do so in

15  accordance with the Stipulated Protective Order that the Court entered on April 16, 2020

16  (Dkt. No. 96).

17    3.    StarKist reserves the right to refer to, to conduct discovery with reference to,

18  or to offer into evidence at the time of trial, any and all facts, evidence, documents, and

19  things developed during the course of discovery and trial preparation, notwithstanding the

20  reference to facts, evidence, documents, and things in these responses.

21    4.    StarKist's responses and objections are made without waiving or intending

22  to waive any objection(s).

23                                    **GENERAL OBJECTIONS**

24    1.    StarKist objects to the Requests on the grounds, reflected in its pending

25  Motion to Deny Class Certification (Dkt. No. 107) (the "Motion"), that class certification

26  should be denied without discovery in this Action because Plaintiffs cannot make a *prima*

27  *facie* showing of Rule 23's prerequisites and because discovery is not likely to produce

28  persuasive information substantiating the class action allegations.  StarKist intends to

1   supplement these responses and objections, if and to the extent necessary, after the Court

2   has addressed the Motion.

3       2.      StarKist objects to the Requests based on the Court's June 4, 2020 Order on

4   Discovery Dispute in the related case *Duggan v. Tri-Union Seafoods LLC*, Case No. 3:19-

5   cv-02562-WHO (*Duggan* Dkt. No. 74) (the "Discovery Order").  Specifically, StarKist

6   objects to the extent Plaintiffs' Requests are in violation of the Court's Discovery Order

7   holding that the "only label at issue in [this Action] is the dolphin-safe label" and that

8   discovery requests "relating to sustainability should be narrowed to . . . relate to dolphin

9   harm and/or dolphin mortality."

10      3.      StarKist objects to the Requests to the extent they impose obligations and

11  demands upon StarKist beyond those contemplated by the Federal Rules of Civil

12  Procedure, the applicable Local Rules, or any order or ruling by the Court in this case.

13      4.      StarKist objects to the Requests to the extent they seek information that is

14  not in StarKist's possession, custody, or control.  StarKist further objects to the Requests to

15  the extent that they purport to require StarKist to conduct anything beyond a reasonable and

16  diligent search for responsive information where such information would reasonably be

17  expected to be found.

18      5.      StarKist objects to the Requests to the extent they seek the disclosure of

19  information protected by any applicable privilege, including but not limited to the attorney-

20  client privilege, common-interest privilege, the work-product doctrine or immunity, and

21  any other applicable privilege, immunity, or exemption from discovery as outlined in the

22  Federal Rules of Civil Procedure, Local Rules, any order or ruling by the Court in this case,

23  and applicable law.  To the fullest extent allowable under Federal Rule of Evidence 502 and

24  any other applicable law, inadvertent disclosure of any such information shall not constitute

25  a waiver of any privilege with respect to the information disclosed or the subject matter

26  thereof, or a waiver of StarKist's right to object to the use of any such information during

27  trial or any subsequent proceeding or to demand the return of any information so disclosed.

28

1        6.      StarKist objects to the Requests to the extent they seek trade secrets,

2   sensitive business information, or other information that is proprietary and/or confidential,

3   including information deemed confidential pursuant to a confidentiality agreement or other

4   arrangements or protected from disclosure pursuant to court order.  StarKist will not

5   disclose or produce information that is subject to confidentiality restrictions of a third party

6   except in conformity with StarKist's obligations to such third parties.

7        7.      StarKist objects to the Requests to the extent that they contain inaccurate,

8   incomplete, or misleading descriptions of the facts, persons, relationships, and/or events

9   underlying this Action.  StarKist further objects to the Requests in their entirety to the

10   extent that they assume the existence of facts that do not exist or the occurrence of events

11   that did not take place.  The fact that StarKist is willing to provide responsive information

12   does not constitute an admission that any Request is proper, that the information it seeks is

13   relevant or within the proper bounds of discovery, that the factual predicates stated in the

14   Requests are accurate, or that similar Requests will be treated in a similar fashion.

15        8.      StarKist objects to the Requests to the extent that they are overbroad, unduly

16   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not

17   related to any party's claim or defense, or not proportional to the needs of the case.

18        9.      StarKist objects to the Requests to the extent that they seek information

19   already obtained by Plaintiffs or that they can obtain from sources that are more convenient,

20   less burdensome, or less expensive.  In particular, StarKist objects to the extent the

21   Requests seek information, which by reason of public filing, prior production, or otherwise,

22   are already in Plaintiffs' possession or are readily accessible to Plaintiffs.

23       10.     StarKist objects to the Requests as premature to the extent that StarKist

24   would have to engage in expert analysis, and/or render expert opinions in order to respond.

25       11.     StarKist objects to the Requests to the extent that they are duplicative or

26   cumulative, and objects to each Request to the extent that it is duplicative or cumulative of

27   other discovery.

28

1   12.  StarKist objects to the definitions of "and," "or," and "any" as vague,

2 ambiguous, overbroad, unduly burdensome, and to the extent they impose obligations on

3 StarKist that are different or broader than those set forth in the Federal Rules of Civil

4 Procedure, applicable Local Rules, or any order or ruling by the Court in this case.  StarKist

5 will construe "and," "or," and "any" to have their normal meaning.

6   13.  StarKist objects to the defined term "EII Dolphin Safe Logo" as vague,

7 ambiguous, and nonsensical in its use of the word "EII," which is undefined and has no

8 apparent connection to the referenced logo in paragraph 20 of Plaintiffs' SAC (the

9 "Dolphin Safe Logo").  StarKist will construe "EII Dolphin Safe Logo" to mean the

10 "Dolphin Safe Logo."

11   14.  StarKist objects to the definition of "FADs" as vague, ambiguous,

12 overbroad, and unduly burdensome because it is not limited to fish aggregating devices

13 used to attract tuna for use in the tuna products at issue in this case.

14   15.  StarKist objects to the definition of "Label(s)" and "Labeling" as vague,

15 ambiguous, overbroad, and unduly burdensome to the extent they purport to include "any

16 other promotion or promotional campaign materials that . . . come with" any StarKist

17 product.

18   16.  StarKist objects to the definition of "Longlines" as vague, ambiguous,

19 overbroad, and unduly burdensome because it is not limited to longlines used to catch tuna

20 for use in the tuna products at issue in this case.

21   17.  StarKist objects to the definition of "Product(s)" as vague, ambiguous,

22 overbroad, and unduly burdensome to the extent it purports to include any tuna products

23 that are not branded as "StarKist" products.

24   18.  StarKist objects to the definition of "Retailer(s)" as vague, ambiguous,

25 overbroad, and unduly burdensome in its use of the term "end-users" and its reference to

26 "business locations . . . online . . . in the United States."

27

28

1    19.    StarKist objects to the definition of "StarKist," "You," "Your," and

2    "Manufacturer" as vague, ambiguous, overbroad, and unduly burdensome to the extent that

3    it purports to encompass StarKist's "past and present parents, subsidiaries, affiliates,

4    predecessors, successors, employees, independent contractors, officers, agents, vendors,

5    accountants, and all other persons or entities acting on its behalf or under its direct or

6    indirect control including, without limitation, Dongwon Industries Co. Ltd." StarKist

7    further objects to this definition to the extent it seeks information not within StarKist's

8    possession, custody, or control. StarKist further objects to this definition to the extent it

9    seeks information from Dongwon Industries Co. Ltd., which has been dismissed from this

10   Action with prejudice. StarKist further objects to this definition to the extent it seeks

11   information, the disclosure of which is prohibited by law, regulation, order of a court, or

12   other authority of a foreign jurisdiction in which the information is located. StarKist further

13   objects to the extent that the definition calls for a legal conclusion as to any agency,

14   employment, or affiliate relationship. StarKist will construe "StarKist," "You," "Your,"

15   and "Manufacturer" to mean StarKist Co.

16   20.    StarKist objects to the definition of "Sustainable" as overbroad, uncertain,

17   vague, and ambiguous, particularly in light of the Discovery Order holding that discovery

18   requests "relating to sustainability should be narrowed to . . . relate to dolphin harm and/or

19   dolphin mortality."

20   21.    StarKist objects to the definition of "Traditional FADs" as vague,

21   ambiguous, overbroad, and unduly burdensome in its use of the double negative "not non-

22   entangling."

23   22.    StarKist objects to the INSTRUCTIONS to the extent that they seek to

24   impose any obligations on StarKist that are different or broader than those set forth in the

25   Federal Rules of Civil Procedure, applicable Local Rules, or any order or ruling by the

26   Court in this case.

27   StarKist hereby incorporates the foregoing General Objections into each of its

28   responses below, as though fully stated therein.

1          **SPECIFIC RESPONSES AND OBJECTIONS**

2    **REQUEST FOR ADMISSION NO. 1**

3          Admit that all the Products sold in the United States were continuously labeled with

4    the EII Dolphin Safe Logo.

5    **RESPONSE TO REQUEST FOR ADMISSION NO. 1**

6          StarKist hereby incorporates by reference its General Objections.  StarKist further

7    objects to this Request on the grounds, reflected in the Motion, that class certification

8    should be denied without discovery in this Action.  StarKist further objects on the basis that

9    this Request is overbroad and unduly burdensome and seeks information that is not

10   proportional to the needs of discovery in this case, particularly in its use of the phrase "all

11   the Products."  StarKist further objects to this Request as vague and ambiguous, particularly

12   with respect to the phrase "continuously labeled."  StarKist further objects to the defined

13   term "EII Dolphin Safe Logo" as vague, ambiguous, and nonsensical in its use of the word

14   "EII."  StarKist further objects to the Request to the extent that it seeks information that is

15   publicly available and/or can be obtained from sources that are more convenient, less

16   burdensome, or less expensive.  StarKist further objects to this Request to the extent it

17   seeks information not within the possession, custody, or control of StarKist.  StarKist

18   further objects to the Request to the extent that it seeks information protected from

19   discovery by any applicable privilege, immunity, or protection.

20   **REQUEST FOR ADMISSION NO. 2**

21         Admit that dolphins are harmed or killed in sourcing tuna for Your Products.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 2**

23         StarKist hereby incorporates by reference its General Objections.  StarKist further

24   objects to this Request on the grounds, reflected in the Motion, that class certification

25   should be denied without discovery in this Action.  StarKist further objects to this Request

26   as compound.  StarKist further objects to this Request as vague and ambiguous, particularly

27   with respect to the term "harmed" and the phrase "in sourcing."  StarKist further objects to

28   the Request to the extent that it seeks information that is publicly available and/or can be

                                        6

1  obtained from sources that are more convenient, less burdensome, or less expensive.

2  StarKist further objects to the Request to the extent that it seeks information protected from

3  discovery by any applicable privilege, immunity, or protection.

4  **REQUEST FOR ADMISSION NO. 3**

5       Admit that You do not know how many dolphins are harmed or killed in sourcing

6  tuna for Your Products.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 3**

8       StarKist hereby incorporates by reference its General Objections.  StarKist further

9  objects to this Request on the grounds, reflected in the Motion, that class certification

10  should be denied without discovery in this Action.  StarKist further objects to this Request

11  as compound.  StarKist further objects to this Request as vague and ambiguous, particularly

12  with respect to the term "harmed" and the phrase "in sourcing."  StarKist further objects to

13  the Request to the extent that it seeks information protected from discovery by any

14  applicable privilege, immunity, or protection.

15  **REQUEST FOR ADMISSION NO. 4**

16       Admit that You have no information that consumers of Your Products do not

17  believe that "Dolphin Safe" as used by You means that You do not use fishing methods

18  known to kill and harm dolphins.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 4**

20       StarKist hereby incorporates by reference its General Objections.  StarKist further

21  objects to this Request on the grounds, reflected in the Motion, that class certification

22  should be denied without discovery in this Action.  StarKist further objects on the basis that

23  this Request is overbroad and unduly burdensome and seeks information that is not

24  proportional to the needs of discovery in this case.  StarKist further objects to this Request

25  as vague and ambiguous, particularly with respect to the term "harm" and in the use of the

26  triple negative.  StarKist further objects to the Request to the extent that it seeks

27  information protected from discovery by any applicable privilege, immunity, or protection.

28

1    **REQUEST FOR ADMISSION NO. 5**

2        Admit that Longlines were used to capture some of the tuna in Your Products.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 5**

4        StarKist hereby incorporates by reference its General Objections.  StarKist further

5    objects to this Request on the grounds, reflected in the Motion, that class certification

6    should be denied without discovery in this Action.  StarKist further objects on the basis that

7    this Request is overbroad and unduly burdensome and seeks information that is not

8    proportional to the needs of discovery in this case.  StarKist further objects to this Request

9    as vague and ambiguous, particularly with respect to the term "capture."  StarKist further

10    objects to the Request to the extent that it seeks information that is publicly available and/or

11    can be obtained from sources that are more convenient, less burdensome, or less expensive.

12    StarKist further objects to the Request to the extent that it seeks information protected from

13    discovery by any applicable privilege, immunity, or protection.

14    **REQUEST FOR ADMISSION NO. 6**

15        Admit that some of the tuna in Your Products is supplied by purse seine fishing

16    vessels using Traditional FADs.

17    **RESPONSE TO REQUEST FOR ADMISSION NO. 6**

18        StarKist hereby incorporates by reference its General Objections.  StarKist further

19    objects to this request on the grounds, reflected in the Motion, that class certification should

20    be denied without discovery in this Action.  StarKist further objects on the basis that this

21    Request is overbroad and unduly burdensome and seeks information that is not proportional

22    to the needs of discovery in this case.  StarKist further objects to this Request as vague and

23    ambiguous, particularly with respect to the phrase "purse seine fishing vessels."  StarKist

24    further objects to the Request to the extent that it seeks information that is publicly

25    available and/or can be obtained from sources that are more convenient, less burdensome,

26    or less expensive.  StarKist further objects to the Request to the extent that it seeks

27    information protected from discovery by any applicable privilege, immunity, or protection.

28

1   **REQUEST FOR ADMISSION NO. 7**

2       Admit that Longlines and purse seine fishing vessels using Traditional FADs

3   capture at least 80% of the tuna in your Products.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 7**

5       StarKist hereby incorporates by reference its General Objections.  StarKist further

6   objects to this request on the grounds, reflected in the Motion, that class certification should

7   be denied without discovery in this Action.  StarKist further objects on the basis that this

8   Request is overbroad and unduly burdensome and seeks information that is not proportional

9   to the needs of discovery in this case.  StarKist further objects to this Request as vague and

10  ambiguous, particularly with respect to the term "capture" and the phrases "purse seine

11  fishing vessels" and "80% of the tuna in your Products."  StarKist further objects to this

12  Request as cumulative and duplicative of Request Nos. 5 and 6.  StarKist further objects to

13  the Request to the extent that it seeks information that is publicly available and/or can be

14  obtained from sources that are more convenient, less burdensome, or less expensive.

15  StarKist further objects to the Request to the extent that it seeks information protected from

16  discovery by any applicable privilege, immunity, or protection.

17  **REQUEST FOR ADMISSION NO. 8**

18      Admit that You have studied whether "Dolphin Safe" would be important to

19  consumers of Your Products.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 8**

21      StarKist hereby incorporates by reference its General Objections.  StarKist further

22  objects to this Request on the grounds, reflected in the Motion, that class certification

23  should be denied without discovery in this Action.  StarKist further objects on the basis that

24  this Request is overbroad and unduly burdensome and seeks information that is not

25  proportional to the needs of discovery in this case.  StarKist further objects to this Request

26  as vague and ambiguous, particularly with respect to the term "studied" and the phrase

27  "whether 'Dolphin Safe' would be important."  StarKist further objects to this Request as

28  premature to the extent that it calls for expert analysis and/or opinions.  StarKist further

1   objects to the Request to the extent that it seeks information protected from discovery by

2   any applicable privilege, immunity, or protection.  StarKist further objects to this Request

3   to the extent it calls for information that is subject to third-party confidentiality restrictions.

4   **REQUEST FOR ADMISSION NO. 9**

5       Admit that You have studied whether "Dolphin Safe" would be important to

6   Retailers of Your Products.

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 9**

8       StarKist hereby incorporates by reference its General Objections.  StarKist further

9   objects to this Request on the grounds, reflected in the Motion, that class certification

10  should be denied without discovery in this Action.  StarKist further objects on the basis that

11  this Request is overbroad and unduly burdensome and seeks information that is not

12  proportional to the needs of discovery in this case.  StarKist further objects to this Request

13  as vague and ambiguous, particularly with respect to the term "studied" and the phrase

14  "whether 'Dolphin Safe' would be important."  StarKist further objects to this Request as

15  premature to the extent that it calls for expert analysis and/or opinions.  StarKist further

16  objects to the Request to the extent that it seeks information protected from discovery by

17  any applicable privilege, immunity, or protection.  StarKist further objects to this Request

18  to the extent it calls for information that is subject to third-party confidentiality restrictions.

19  **REQUEST FOR ADMISSION NO. 10**

20      Admit that "Dolphin Safe" is an important factor for consumers of Your Products.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 10**

22      StarKist hereby incorporates by reference its General Objections.  StarKist further

23  objects to this Request on the grounds, reflected in the Motion, that class certification

24  should be denied without discovery in this Action.  StarKist further objects on the basis that

25  this Request is overbroad and unduly burdensome and seeks information that is not

26  proportional to the needs of discovery in this case.  StarKist further objects to this Request

27  as vague and ambiguous, particularly with respect to the phrase "'Dolphin Safe' is an

28  important factor."  StarKist further objects to this Request as premature to the extent that it

1  calls for expert analysis and/or opinions.  StarKist further objects to this Request as

2  cumulative and duplicative of Request No. 8.  StarKist further objects to the Request to the

3  extent that it seeks information that is publicly available and/or can be obtained from

4  sources that are more convenient, less burdensome, or less expensive.  StarKist further

5  objects to this Request to the extent it seeks information not within the possession, custody,

6  or control of StarKist.  StarKist further objects to the Request to the extent that it seeks

7  information protected from discovery by any applicable privilege, immunity, or protection.

8  **REQUEST FOR ADMISSION NO. 11**

9      Admit that "Dolphin Safe" is an important factor for Retailers of Your Products.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 11**

11     StarKist hereby incorporates by reference its General Objections.  StarKist further

12 objects to this Request on the grounds, reflected in the Motion, that class certification

13 should be denied without discovery in this Action.  StarKist further objects on the basis that

14 this Request is overbroad and unduly burdensome and seeks information that is not

15 proportional to the needs of discovery in this case.  StarKist further objects to this Request

16 as vague and ambiguous, particularly with respect to the phrase "'Dolphin Safe' is an

17 important factor."  StarKist further objects to this Request as premature to the extent that it

18 calls for expert analysis and/or opinions.  StarKist further objects to this Request as

19 cumulative and duplicative of Request No. 9.  StarKist further objects to the Request to the

20 extent that it seeks information that is publicly available and/or can be obtained from

21 sources that are more convenient, less burdensome, or less expensive.  StarKist further

22 objects to this Request to the extent it seeks information not within the possession, custody,

23 or control of StarKist.  StarKist further objects to the Request to the extent that it seeks

24 information protected from discovery by any applicable privilege, immunity, or protection.

25 **REQUEST FOR ADMISSION NO. 12**

26     Admit that You have studied whether the use of Sustainable fishing practices in

27 capturing the tuna in Your Products is important to consumers of Your Products.

28

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 12**

2       StarKist hereby incorporates by reference its General Objections.  StarKist further

3   objects to this Request on the grounds, reflected in the Motion, that class certification

4   should be denied without discovery in this Action.  StarKist further objects on the basis that

5   this Request is overbroad and unduly burdensome and seeks information that is not

6   proportional to the needs of discovery in this case, particularly in light of the Discovery

7   Order holding that discovery requests "relating to sustainability should be narrowed to . . .

8   relate to dolphin harm and/or dolphin mortality."  StarKist further objects to this Request as

9   vague and ambiguous, particularly with respect to the terms "studied," "Sustainable,"

10  "capturing," and "important."  StarKist further objects to this Request as premature to the

11  extent that it calls for expert analysis and/or opinions.  StarKist further objects to this

12  Request as cumulative and duplicative of Request Nos. 8 and 10.  StarKist further objects to

13  the Request to the extent that it seeks information protected from discovery by any

14  applicable privilege, immunity, or protection.  StarKist further objects to this Request to the

15  extent it calls for information that is subject to third-party confidentiality restrictions.

16  **REQUEST FOR ADMISSION NO. 13**

17      Admit that You have studied whether the use of Sustainable fishing practices in

18  capturing the tuna in Your Products is important to Retailers of Your Products.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 13**

20      StarKist hereby incorporates by reference its General Objections.  StarKist further

21  objects to this Request on the grounds, reflected in the Motion, that class certification

22  should be denied without discovery in this Action.  StarKist further objects on the basis that

23  this Request is overbroad and unduly burdensome and seeks information that is not

24  proportional to the needs of discovery in this case, particularly in light of the Discovery

25  Order holding that discovery requests "relating to sustainability should be narrowed to . . .

26  relate to dolphin harm and/or dolphin mortality."  StarKist further objects to this Request as

27  vague and ambiguous, particularly with respect to the terms "studied," "Sustainable,"

28  "capturing," and "important."  StarKist further objects to this Request as premature to the

1   extent that it calls for expert analysis and/or opinions.  StarKist further objects to this

2   Request as cumulative and duplicative of Request Nos. 9 and 11.  StarKist further objects to

3   the Request to the extent that it seeks information protected from discovery by any

4   applicable privilege, immunity, or protection.  StarKist further objects to this Request to the

5   extent it calls for information that is subject to third-party confidentiality restrictions.

6   **REQUEST FOR ADMISSION NO. 14**

7        Admit that the use of Sustainable fishing practices in capturing the tuna in Your

8   Products is important to consumers of Your Products.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 14**

10       StarKist hereby incorporates by reference its General Objections.  StarKist further

11  objects to this Request on the grounds, reflected in the Motion, that class certification

12  should be denied without discovery in this Action.  StarKist further objects on the basis that

13  this Request is overbroad and unduly burdensome and seeks information that is not

14  proportional to the needs of discovery in this case, particularly in light of the Discovery

15  Order holding that discovery requests "relating to sustainability should be narrowed to . . .

16  relate to dolphin harm and/or dolphin mortality."  StarKist further objects to this Request as

17  vague and ambiguous, particularly with respect to the terms "Sustainable," "capturing," and

18  "important."  StarKist further objects to this Request as premature to the extent that it calls

19  for expert analysis and/or opinions.  StarKist further objects to this Request as cumulative

20  and duplicative of Request Nos. 8, 10, and 12.  StarKist further objects to the Request to the

21  extent that it seeks information that is publicly available and/or can be obtained from

22  sources that are more convenient, less burdensome, or less expensive.  StarKist further

23  objects to this Request to the extent it seeks information not within the possession, custody,

24  or control of StarKist.  StarKist further objects to the Request to the extent that it seeks

25  information protected from discovery by any applicable privilege, immunity, or protection.

26  **REQUEST FOR ADMISSION NO. 15**

27       Admit that the use of Sustainable fishing practices in capturing the tuna in Your

28  Products is important to Retailers of Your Products.

1     **RESPONSE TO REQUEST FOR ADMISSION NO. 15**

2         StarKist hereby incorporates by reference its General Objections.  StarKist further

3 objects to this Request on the grounds, reflected in the Motion, that class certification

4 should be denied without discovery in this Action.  StarKist further objects on the basis that

5 this Request is overbroad and unduly burdensome and seeks information that is not

6 proportional to the needs of discovery in this case, particularly in light of the Discovery

7 Order holding that discovery requests "relating to sustainability should be narrowed to . . .

8 relate to dolphin harm and/or dolphin mortality."  StarKist further objects to this Request as

9 vague and ambiguous, particularly with respect to the terms "Sustainable," "capturing," and

10 "important."  StarKist further objects to this Request as premature to the extent that it calls

11 for expert analysis and/or opinions.  StarKist further objects to this Request as cumulative

12 and duplicative of Request Nos. 9, 11, and 13.  StarKist further objects to the Request to the

13 extent that it seeks information that is publicly available and/or can be obtained from

14 sources that are more convenient, less burdensome, or less expensive.  StarKist further

15 objects to this Request to the extent it seeks information not within the possession, custody,

16 or control of StarKist.  StarKist further objects to the Request to the extent that it seeks

17 information protected from discovery by any applicable privilege, immunity, or protection.

18     **REQUEST FOR ADMISSION NO. 16**

19         Admit that FADs, regardless of design, attract dolphins.

20     **RESPONSE TO REQUEST FOR ADMISSION NO. 16**

21         StarKist hereby incorporates by reference its General Objections.  StarKist further

22 objects to this Request on the grounds, reflected in the Motion, that class certification

23 should be denied without discovery in this Action.  StarKist further objects on the basis that

24 this Request is overbroad and unduly burdensome and seeks information that is not

25 proportional to the needs of discovery in this case.  StarKist further objects to this Request

26 as vague and ambiguous, particularly with respect to the term "attract."  StarKist further

27 objects to the Request to the extent that it seeks information that is publicly available and/or

28 can be obtained from sources that are more convenient, less burdensome, or less expensive.

14

1   StarKist further objects to the Request to the extent that it seeks information protected from

2   discovery by any applicable privilege, immunity, or protection.

3   **REQUEST FOR ADMISSION NO. 17**

4        Admit that the price You charge for Your Products includes at least some of the

5   costs to You of obtaining and maintaining authorization to use the EII Dolphin Safe logo on

6   Your Products.

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 17**

8        StarKist hereby incorporates by reference its General Objections.  StarKist further

9   objects to this Request on the grounds, reflected in the Motion, that class certification

10   should be denied without discovery in this Action.  StarKist further objects on the basis that

11   this Request is overbroad and unduly burdensome and seeks information that is not

12   proportional to the needs of discovery in this case.  StarKist further objects to this Request

13   as vague and ambiguous, particularly with respect to the phrases "includes at least some of

14   the costs" and "obtaining and maintaining authorization to use."  StarKist further objects to

15   the defined term "EII Dolphin Safe Logo" as vague, ambiguous, and nonsensical in its use

16   of the word "EII."  StarKist further objects to this Request as premature to the extent that it

17   calls for expert analysis and/or opinions.  StarKist further objects to the Request to the

18   extent that it seeks information protected from discovery by any applicable privilege,

19   immunity, or protection.

20   **REQUEST FOR ADMISSION NO. 18**

21        Admit that the price You charge for Your Products includes at least some of the cost

22   to You of complying with the DPCIA.

23   **RESPONSE TO REQUEST FOR ADMISSION NO. 18**

24        StarKist hereby incorporates by reference its General Objections.  StarKist further

25   objects to this Request on the grounds, reflected in the Motion, that class certification

26   should be denied without discovery in this Action.  StarKist further objects on the basis that

27   this Request is overbroad and unduly burdensome and seeks information that is not

28   proportional to the needs of discovery in this case, particularly in light of Plaintiffs'

1  repeated representations and the Court's repeated recognition that the allegations in this

2  Action do not relate to compliance with the DPCIA.  *See, e.g.*, Dkt. No. 84 at 13; Dkt. No.

3  92 at 8.  StarKist further objects to this Request as vague and ambiguous, particularly with

4  respect to the phrase "includes at least some of the cost."  StarKist further objects to this

5  Request as premature to the extent that it calls for expert analysis and/or opinions.  StarKist

6  further objects to the Request to the extent that it seeks information protected from

7  discovery by any applicable privilege, immunity, or protection.

8  **REQUEST FOR ADMISSION NO. 19**

9       Admit that the FADs used to capture the tuna in Your Products indiscriminately

10  capture or harm dolphins.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 19**

12       StarKist hereby incorporates by reference its General Objections.  StarKist further

13  objects to this Request on the grounds, reflected in the Motion, that class certification

14  should be denied without discovery in this Action.  StarKist further objects to this Request

15  as compound.  StarKist further objects to this Request as vague and ambiguous, particularly

16  with respect to the terms "capture," "indiscriminately," and "harm."  StarKist further

17  objects to the Request to the extent that it seeks information that is publicly available and/or

18  can be obtained from sources that are more convenient, less burdensome, or less expensive.

19  StarKist further objects to the Request to the extent that it seeks information protected from

20  discovery by any applicable privilege, immunity, or protection.

21  **REQUEST FOR ADMISSION NO. 20**

22       Admit that the Longlines used to capture the tuna in Your Products indiscriminately

23  capture or harm dolphins.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 20**

25       StarKist hereby incorporates by reference its General Objections.  StarKist further

26  objects to this Request on the grounds, reflected in the Motion, that class certification

27  should be denied without discovery in this Action.  StarKist further objects to this Request

28  as compound.  StarKist further objects to this Request as vague and ambiguous, particularly

16

1   with respect to the terms "capture," "indiscriminately," and "harm."  StarKist further

2   objects to the Request to the extent that it seeks information that is publicly available and/or

3   can be obtained from sources that are more convenient, less burdensome, or less expensive.

4   StarKist further objects to the Request to the extent that it seeks information protected from

5   discovery by any applicable privilege, immunity, or protection.

6          Dated:  September 14, 2020

7                                        PILLSBURY WINTHROP SHAW PITTMAN LLP
                                         ROXANE A. POLIDORA
8                                        LEE BRAND
                                         Four Embarcadero Center, 22nd Floor
9                                        San Francisco, CA  94111

10
                                         By:  _____/s/ Lee Brand_____
11                                                      Lee Brand

12                                       Attorneys for Defendant
                                         STARKIST CO.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28