UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN GARDNER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STARKIST CO.,<br><br>    Defendant. | Case No. 19-cv-02561-WHO<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO DENY CLASS CERTIFICATION**<br><br>Re: Dkt. No. 107 |

Defendant StarKist Co. ("StarKist") has moved to deny class certification, arguing that it should not have to endure the burden and expense of class discovery because plaintiffs' purported classes and subclasses cannot be certified. I find this motion is suitable for decision without oral argument and VACATE the hearing scheduled for October 21, 2020. Civ. L. R. 7-1(b).

As the Ninth Circuit recently reiterated, "[a]s discovery unfolds, it may become clear that individual questions predominate, or that the proposed class does not satisfy the other requirements for class treatment." *Wisdom v. Easton Diamond Sports, LLC*, No. 19-55742, 2020 WL 5960939, at *2 (9th Cir. Oct. 8, 2020) (unpublished). "But more class discovery is required to make this determination, even as the district court retains discretion to impose reasonable limits on discovery." *Id.* StarKist's motion is DENIED without prejudice because it is premature for the reasons stated below.

**BACKGROUND**

Purchasers of StarKist tuna from various states bring this class action lawsuit alleging that StarKist promises consumers that its tuna products are dolphin-safe and sustainably sourced and that those promises are false and misleading. Second Amended Complaint ("SAC") [Dkt. No. 75] ¶¶ 12 14. I detailed plaintiffs' allegations in my previous orders on motions to dismiss, which I

incorporate by reference here. *See Gardner v. Starkist Co.*, 418 F. Supp. 3d 443, 449–54 (N.D. Cal. 2019); *Gardner v. Starkist Co.*, No. 19-CV-02561-WHO, 2020 WL 1531346, at *1 (N.D. Cal. Mar. 31, 2020). In my March 31, 2020 order, I found that plaintiffs plausibly pleaded their state law fraud claims against StarKist in their SAC, but dismissed StarKist's South Korean parent company, Dongwon Industries Co. Ltd., for lack of personal jurisdiction. 2020 WL 1531346, at *7.

At the May 26, 2020 case management conference, I adopted the parties' discovery schedule and class certification briefing schedule as proposed. Minute Entry for Proceeding Held on May 26, 2020 [Dkt. No. 105]. The deadline for substantial completion of document production related to non-expert class discovery is December 31, 2020, the deadline for completion of non-expert factual discovery (including depositions) and third-party discovery is March 3, 2021, and plaintiffs' class certification motion and Rule 26(a)(2) expert disclosures/reports for class certification will be filed by June 4, 2021, with hearing set for November 17, 2021. Joint Case Management Statement [Dkt. No. 100].

On September 11, 2020, StarKist filed its motion to deny class certification. StarKist Co.'s Motion to Deny Class Certification ("Mot.") [Dkt. No. 107]. Plaintiffs' contend that StarKist has not responded to any of its discovery requests, and when it did respond, it objected to every single request such that no discovery has been produced to date. Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant's Motion to Deny Class Certification ("Oppo.") [Dkt. No. 108] 1.

**LEGAL STANDARD**

"Before certifying a class, the trial court must conduct a 'rigorous analysis' to determine whether the party seeking certification has met the prerequisites of Rule 23." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012). The party seeking certification bears the burden of showing that Rule 23 has been met. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 350 (2011); *Conn. Ret. Plans & Trust Funds v. Amgen Inc.*, 660 F.3d 1170, 1175 (9th Cir. 2011), *aff'd*, 133 S.Ct. 1184 (2013). Rule 23(a) requires that plaintiffs demonstrate numerosity, commonality, typicality and adequacy of representation in order to maintain a class action. *Mazza,* 666 F.3d at

588. A Rule 23(b)(3) class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). A Rule 23(b)(2) class action may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

The Ninth Circuit has held that a defendant may file a motion to deny class certification before the close of fact discovery and before the pretrial motion deadline. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009) ("Rule 23 does not preclude a defendant from bringing a 'preemptive' motion to deny certification."). However, such a motion is disfavored and may be denied as premature. *See Amey v. Cinemark USA Inc.*, No. 13-CV05669-WHO, 2014 WL 4417717, at *3–4 (N.D. Cal. Sept. 5, 2014). "District courts have broad discretion to control the class certification process." *Vinole*, 571 F.3d at 942.

## DISCUSSION

StarKist argues that the purported classes and subclasses cannot be certified for three reasons: (i) plaintiffs' proposed class and subclasses cannot meet the predominance requirement of Rule 23(b)(3) because their claims are based on a handful of non-label StarKist representations to which plaintiffs cannot possibly show that most class member were exposed; (ii) plaintiffs purported nationwide unjust enrichment class separately fails the predominance requirement of Rule 23(b)(3) because it would require the application of the laws of all fifty states; and (iii) plaintiffs cannot certify a class under Rule 23(b)(2) because they primarily seek monetary—not declaratory and injunctive—relief. Mot. 1.

I.   **NON-LABEL REPRESENTATIONS**

StarKist contends that plaintiffs' theory of the case does not only depend on those consumers that have been exposed to StarKist's dolphin-safe logo on their packaging, but also on those that have been exposed to StarKist's non-label representations, which makes them believe the phrase "dolphin safe" means something different on the StarKist logo than on the official

3

dolphin-safe logo enacted by the Dolphin Protection Consumer Information Act ("DPCIA"), 16 U.S.C § 1385. Mot. 11.

Accordingly, it argues, a consumer could have only been deceived by its logo if that consumer had previously been exposed to a non-label representation made by it, and the relevant non-label advertising alleged by plaintiffs only include a handful of representations made on StarKist's website, social media, or in press releases over a 30-year period. Mot. 12 (citing SAC ¶¶ 71–72). Given the theory as to how consumers were deceived—*i.e.*, by exposure to non-label representations that altered the meaning of the product label—StarKist asserts that these classes cannot satisfy the predominance requirement of Rule 23(b)(3) because "an individualized case must be made for each member." Mot. 14 (quoting *Mazza*, 666 F.3d at 596).

Plaintiffs respond that StarKist has mis-framed the predominance analysis. Oppo. 5. They contend that this case does not depend on class members' exposure to various non-label representations, as StarKist suggests. Rather, this case is about whether StarKist's dolphin-safe promise on its labels is false or misleading. While StarKist's website statements, social media posts, and press releases help inform what message StarKist intends to convey through those labels, plaintiffs argue that they need not rely on those sources for their false advertising claims. They intend to show that: (i) a reasonable consumer understands the "dolphin-safe" claim on StarKist's packaging to mean that StarKist does not kill or harm dolphins[1]; and (ii) that statement is deceptive and misleading because StarKist utilizes fishing methods known to kill or harm dolphins each year. Oppo. 6.

Thus, plaintiffs argue, the question is not whether any particular consumer saw all or some of the *additional* advertising about this promise, but rather what the label claim means to a reasonable consumer and whether those claims were material." Oppo. 8–9. They assert that the issue of "[w]hat consumers believe StarKist's 'dolphin-safe' label means will be answered through discovery about what StarKist intends that message to mean, and through consumer surveys that

---

[1] Plaintiffs request judicial notice of surveys they gathered through informal discovery and investigation to show that consumers do, in fact, interpret StarKist's dolphin-safe promise exactly as they allege. Plaintiffs' Request for Judicial Notice [Dkt. No. 109]. Their request is DENIED because I need not rely on these documents to rule on this motion.

4

show what it means to a reasonable consumer." *Id.* at 9.

In reply, StarKist spends much time arguing that plaintiffs should be "judicially estopped" from re-framing their case as a "pure labeling case". Reply in Support of StarKist Co.'s Motion to Deny Class Certification ("Reply") [Dkt. No. 110] 3–9.

The dispute boils down to this: StarKist contends that plaintiffs' theory necessarily depends on consumers who saw non-label representations to interpret the meaning of the "dolphin-safe" label on the packaging. But plaintiffs argue that their theory primarily focuses on the label itself. They intend to show reasonable consumers interpret the "dolphin-safe" label on the packaging as conveying a certain message, which will be confirmed by StarKist's non-label representation that show StarKist intended that message. At this juncture, I cannot decide whether the predominance analysis will necessarily doom plaintiffs' class claims when the parties are arguing past each other on what the predominance analysis will require.

Even if the claims are difficult to certify under StarKist's theory of the case, which it contends was plaintiffs' theory once upon a time, I find that "plaintiffs must be given a fair opportunity to gather evidence to support their theories." *Amey*, 2014 WL 4417717, at *4; *compare id.* (denying motion to deny class certification; "[g]iven the limited evidence before me on this motion"); *with Johnson v. Q.E.D. Envtl. Sys. Inc.*, No. 16-CV-01454-WHO, 2017 WL 1685099, at *6 (N.D. Cal. May 3, 2017) (granting motion to deny class certification where "[f]act discovery is closed and the evidence is clear that plaintiffs cannot meet the numerosity requirement for Rule 23 because there are only a handful of California employees who were subjected to the auto-deduct policy or encouraged to miss meal breaks"). Motions to deny class certification, particularly with little to no discovery, are granted in rare circumstances. This is not one of them.[2]

---

[2] StarKist acknowledges that "motions to deny class certification prior to any discovery are rare," but argues "that is simply because pre-discovery challenges to hopeless class allegations more commonly come in the form of a motion to strike," and notes that when current counsel joined the case, such a motion had already been precluded." Reply 9–10, n.6. But even if I construe this as a motion to strike class allegations, StarKist still fails to present a convincing argument. *See Musgrave v. ICC/Marie Callender's Gourmet Prod. Div.*, No. 14-CV-02006-JST, 2015 WL 510919, at *11 (N.D. Cal. Feb. 5, 2015) (denying motion to strike allegations about non-label representations because "even though Plaintiff has not alleged that he personally relied on

5

The Ninth Circuit has stated that "[t]he propriety of a class action cannot be determined in some cases without discovery," and that "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action was maintainable." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

After surviving two motions to dismiss, plaintiffs should be given that fair opportunity here. *Vinole*, 571 F.3d at 942 (the question of "[w]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court"); *see also Wisdom*, 2020 WL 5960939, at *1 ("Although a district court has discretion to limit pre-certification discovery, it abuses this discretion if it unreasonably deprives the plaintiff of an opportunity to develop his claims through discovery. [citation omitted]. The district court struck Wisdom's class allegations on the pleadings, on the grounds that common questions either did not exist, or did not predominate over questions affecting individual class members. This determination was premature, and thus an abuse of discretion.").

StarKist's motion to deny class certification based on potential predominance problems is DENIED.

## II. NATIONWIDE UNJUST ENRICHMENT CLASS

Plaintiffs assert claims against StarKist for "unjust enrichment and violations of California, Florida, New York, New Jersey, Minnesota, Arizona, and Michigan unfair competition laws." SAC ¶ 76. They seek to represent the following nationwide class in connection with their unjust enrichment claim: "All persons who, within the applicable statute of limitations period until the date notice is disseminated, purchased the tuna products in the United States." *Id.* ¶ 141.

StarKist argues that plaintiffs' purported nationwide unjust enrichment class separately

---

Defendant's website and advertising materials, these materials may be relevant to class certification and absent class members' reliance on Defendant's promotional materials"); *Barber v. Johnson & Johnson Co.*, No. 816CV1954JLSJCGX, 2017 WL 2903255, at *9 (C.D. Cal. Apr. 4, 2017) (denying motion to strike non-label statements because "[a]lthough Plaintiffs may not have been aware of or relied upon the non-label statements, those statements may still be relevant to Plaintiffs' claims for purposes of establishing materiality at class certification or proving the elements for punitive damages").

6

fails the predominance requirement of Rule 23(b)(3) because plaintiffs have not met their burden to show that it would be constitutional to apply California law to a nationwide class. Mot. 19. Because the laws of all fifty states would have to apply, individualized issues predominate over common ones. *Id.*

"A federal court sitting in diversity must look to the forum state's choice of law rules to determine the controlling substantive law." *Mazza*, 666 F.3d at 589. Under California's choice of law rules, it is plaintiffs who "bear[] the initial burden to show that California has 'significant contact or significant aggregation of contacts' to the claims of each class member." *Id.* The burden then shifts to defendants "to demonstrate 'that foreign law, rather than California law, should apply to class claims." *Id.* at 590.

California law may only apply to nationwide class claims where "the interests of other states are not found to outweigh California's interest in having its law applied." *Id.* This determination entails a three-step governmental interest test: first, I must determine "whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different"; second, if there is a difference, I must "examine[] each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists"; and third, if there is a true conflict, I must "carefully evaluate[] and compare[] the nature and strength of the interest of each jurisdiction in the application of its own law to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state, and then ultimately appl[y] the law of the state whose interest would be more unpaired if its law were not applied." *Id.*

Under the first prong, StarKist asserts that plaintiffs' nationwide unjust enrichment class cannot be certified under California law because plaintiffs cannot show (without any discovery) that California has significant contacts with the claims of each class member. Mot. 19–21.

Plaintiffs point to allegations in their SAC in support of their argument that California has significant contacts with class members' claims. Oppo. 15. They allege that "StarKist's suit-related conduct is substantially related to California" because (i) "StarKist tuna has been marketed, sold, and distributed throughout the United States," including California; (ii) "processing and

7

canning of StarKist tuna" in American Samoa "is performed by StarKist's wholly owned subsidiary, Star-Kist Samoa Inc.," which "is incorporated in California," and (iii) cans are then shipped to a StarKist labeling facility in Eastvale, California, where "cans are cleaned and labels bearing the allegedly false Dolphin Safe logo are applied." SAC ¶¶ 1, 79, 103–04.

StarKist submits declarations and documents to undermine the California contacts plaintiffs allege in connection to Star-Kist Samoa, Inc. and the facility in Eastvale, California. Declaration of Lee Brand in Support of StarKist, Co.'s Motion to Deny Class Certification [Dkt. No. 107-10] ¶ 7, Ex. 6; Declaration of Andy Mecs in Support of StarKist, Co.'s Motion to Deny Class Certification [Dkt. No. 107-1] ¶ 14. It argues that these allegations are also insufficient because StarKist itself is not alleged to be headquartered or incorporated in California. Mot 20. But it cites no authority to support the conclusion that the significant contacts requirement of due process is synonymous with general jurisdiction in the state.

It faults plaintiffs for failing to "quantify how much of the alleged misconduct occurs in California sufficient for [the court] to evaluate whether class members' claims have the necessary 'significant contacts' to California." *Farar v. Bayer AG*, No. 14-CV-04601-WHO, 2017 WL 5952876, at *15 (N.D. Cal. Nov. 15, 2017). However, that issue in *Farar* was decided on a motion for class certification, after fact discovery closed and after plaintiffs had the opportunity to discover and present evidence in support of their claim that significant contacts existed.

Similarly, in *Allen v. Conagra Foods, Inc.*, 331 F.R.D. 641 (N.D. Cal. 2019), another one of my decisions that StarKist relies on, I denied class certification of the nationwide unjust enrichment class because plaintiffs failed, after discovery, to meet their initial burden under California choice of law rules. Specifically, I noted that "[a]ccording to the plaintiffs' expert, about 1 percent of Parkay Spray sales since March 2009 have occurred in California." *Id.* at 657.

Plaintiffs here have not had the benefit of discovery to present evidence regarding the quality or quantity of misconduct that occurred in California to allow me to evaluate the sufficiency of contacts. Plaintiffs are entitled to discovery into this important fact question prior to any ruling on certification. Denying class certification of the nationwide class allegations at this stage of the case would be premature.

8

StarKist contends that it is not premature because courts routinely conduct such choice of law analyses at the pleadings stage. It cites to *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837 (N.D. Cal. 2018), as an example of when I have opted to address this inquiry at the pleadings stage rather than at class certification. In that case, defendant raised standing issues on a motion to dismiss and I opted to conduct the analysis because "[p]laintiffs [were] all residents of California, but purport[ed] to represent a nationwide class, creating the significant burden of nationwide discovery." *Id.* at 847; *see In re Carrier IQ, Inc.*, 78 F. Supp. 3d 1051, 1074 (N.D. Cal. 2015) ("The Court has reservations of subjecting the [defendant] to the expense and burden of nationwide discovery without Plaintiffs first securing actual plaintiffs who clearly have standing and are willing and able to assert claims under these state laws.").

Here, through two rounds of motions to dismiss briefing, StarKist never moved to dismiss the unjust enrichment claim or contested standing of the twenty-one named plaintiffs from eight different states. It instead elects to raise the argument now while discovery should be underway. Under these circumstances, I am not convinced that nationwide discovery would be significantly burdensome and defer the choice of law analysis until class certification.

Even if I chose to engage in the inquiry now and find that plaintiffs fail to make their initial showing of sufficient California contacts such that the laws of different states would apply, that inquiry alone does not warrant automatic denial of the nationwide class. StarKist still has the burden to meet the three-step governmental interest test. While the first prong is satisfied because the Ninth Circuit has unequivocally held that elements of unjust enrichment claims "vary materially from state to state," *Mazza*, 666 F.3d at 591, the second and third prongs require fact-intensive analysis. *Barber*, 2017 WL 2903255, at *9 ("Although Defendants identify several differences between the warranty laws of the various states . . . the Court concludes that deciding which of these differences are material to class certification is premature where there has been no discovery").

StarKist identifies factual similarities between this case and *Mazza* and argues that that I should reach the same legal conclusion in the remaining prongs because of those common facts. Mot. 22-23. In particular, it tracks the discussion in *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-CV-

9

04984-JST, 2016 WL 344479, at *7 (N.D. Cal. Jan. 28, 2016), where the Hon. Judge Jon S. Tigar granted defendants' motion to dismiss the nationwide unjust enrichment claim. Notably, before conducting the three-step governmental interest test based on the factual similarities with *Mazza*, Judge Tigar decided that "in light of the advanced stage of litigation and the extensive discovery that has already been completed, the Court concludes it is appropriate to conduct a choice-of-law analysis." *Id.* at *6.[3]

My decision not to conduct this fact-intensive inquiry now does not mean that StarKist has not raised serious issues with plaintiffs' nationwide unjust enrichment class. In their opposition brief, plaintiffs suggest that I "may certify a multi-state class here on behalf of purchasers from Arizona, California, Florida, Massachusetts, Michigan, Minnesota, New Jersey, and New York with subclasses, if necessary, to account for any material differences in state law." Oppo. 20. I leave it to plaintiffs to decide how to bring their class certification motion. *See T. K. v. Adobe Sys. Inc.*, No. 17-CV-04595-LHK, 2018 WL 1812200, at *13 (N.D. Cal. Apr. 17, 2018) ("[A]lthough Adobe appears to raise some potentially serious issues with respect to the breadth of T.K.'s proposed class, the Court finds it more appropriate to address these issues at the class certification stage once both sides have had the opportunity to further develop their arguments and engage in discovery.")

To give them that opportunity, StarKist's motion to deny class certification of the nationwide unjust enrichment class is DENIED.[4]

---

[3] In making this decision, Judge Tigar cited multiple examples of when courts have reserved the choice-of-law analysis and dismissal of nationwide class claims for the class certification stage, emphasizing that dismissal at the pleading stage would be premature prior to discovery and the development of a factual record. *See, e.g., Brazil v. Dole Food Co.*, No. 12-CV-01831-LHK, 2013 WL 5312418 at *11 (N.D. Cal. Sept. 23, 2013)(acknowledging that "some courts in this District have relied on *Mazza* to strike nationwide class allegations at the pleadings stage," but finding that "striking the nationwide class allegations at this stage of this case would be premature"); *Dean v. Colgate-Palmolive Co.*, No. EDCV 15–0107 JGB, 2015 WL 3999313 at *11 (C.D. Cal. Jun. 17, 2015) (holding that a choice-of-law analysis "is not appropriate at this stage of litigation" but rather should occur "after the parties have engaged in discovery"); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1007 (N.D. Cal. 2014) (stating that "choice of law analysis is a fact-specific inquiry which requires a more developed factual record than is generally available on a motion to dismiss").

[4] StarKist passingly argues that plaintiffs fail to state an unjust enrichment claim under the Ninth Circuit's recent decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

### III. DECLARATORY AND INJUNCTIVE RELIEF CLASS

A court may certify a class under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages" and where "the monetary relief is not incidental to the injunctive or declaratory relief." *Dukes*, 564 U.S. at 360–61.

StarKist argues that plaintiffs cannot certify a class under Rule 23(b)(2) because they primarily seek monetary relief—in the form of money damages, restitution, and/or disgorgement—and only vaguely seek declaratory and injunctive relief in the form of "an order declaring that Defendants have engaged in unlawful, unfair, and deceptive acts and practices," and "[e]njoining Defendants' conduct and ordering Defendants to engage in a corrective advertising campaign." Mot. 24 (quoting SAC ¶ 81).

Like above, this argument is also premature. Plaintiffs have not had a reasonable opportunity to complete their own expert analysis regarding the economic harm and remedies at issue, which will have a direct bearing on the form of the class in this case, and they have not even decided which classes they will seek to certify at this juncture. Oppo. 20; *see In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) ("[D]ismissal of class allegations at the pleading stage should be done rarely and [] the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery.") (internal quotation marks and citation omitted). StarKist does not respond to this argument in its reply brief, and instead focuses on why plaintiffs' alternative argument (that they have a basis for seeking a Rule 23(b)(2) class) fails.

At this stage of the proceedings, without the benefit of a developed record, I cannot

---

Mot. 23 n. 14; Reply 14 (acknowledging "[t]his issue could be more directly raised in a Rule 12(c) motion," but summarily arguing "[p]laintiffs' individual failures to state unjust enrichment claims also preclude certification of an unjust enrichment class because such failures defeat the typicality and adequacy requirements of Rule 23(a)"). The issue is not properly raised in the briefing and is not ripe for decision.

11

conclude that plaintiffs will be unable to meet their burden under Rule 23(b)(2).

StarKist's motion on this basis is DENIED.

## CONCLUSION

StarKist's motion to deny class certification is DENIED without prejudice to its ability to raise the arguments presented in this motion at a later stage of the proceedings.

**IT IS SO ORDERED.**

Dated: October 17, 2020



William H. Orrick
United States District Judge