BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
PATRICIA N. SYVERSON (CA SBN 203111)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
Telephone: (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
ELAINE A. RYAN (*Pro Hac Vice*)
CARRIE A. LALIBERTE (*Pro Hac Vice*)
2325 E. Camelback Rd. Suite 300
Phoenix, AZ 85016
eryan@bffb.com
claliberte@bffb.com
Telephone: (602) 274-1100

*Attorneys for Plaintiffs*
*Additional Attorneys on Signature Page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN GARDNER, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>STARKIST CO., a Delaware Corporation,<br><br>　　　　　Defendant. | Case No.:   3:19-cv-02561-WHO<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ISSUANCE OF LETTER ROGATORY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 6, 2021<br>Time: 2:00 p.m.<br>Judge: Hon. William H. Orrick, Jr.<br>Location: Ctrm. 2, 17th Floor |

PLEASE TAKE NOTICE that on January 6, 2021, at 2:00 p.m. or as soon thereafter as counsel can be heard, before the Honorable William H. Orrick Jr., United States District Courthouse, 450 Golden Gate Avenue, Courtroom 2, 17th Floor, San Francisco, CA 94102, and pursuant to 28 U.S.C. § 1781, Fed. R. Civ. P. 28(b), and Civil L.R. 7-2, plaintiffs Warren Gardner, Lori Myers, Angela Cosgrove, Autumn Hessong, Robert McQuade, Colleen McQuade, James Borruso, Fidel Jamelo, Jocelyn Jamelo, Anthony Luciano, Lori Luciano, Robert Nugent, Avraham Isac Zelig, Ken Petrovcik, Megan Kiihne, Kathleen Miller, Tara Trojano, Jason Petrin, Amy Taylor, Heather Meyers, and Rachel Pedraza ("Plaintiffs") will move this Court to issue a letter rogatory to compel the production of documents from a foreign entity, Dongwon Industries Co. Ltd. ("Dongwon"). Dongwon is a non-party that: (1) was directly involved in the fishing practices at issue in this litigation; (2) procured and continues to procure tuna used in defendant StarKist Co.'s ("StarKist") tuna products sold in the United States; (3) owns fishing vessels used to procure tuna for StarKist's tuna products; and (4) has unique information on its own and its participation in the use of purse seine nets, fish-aggregating devices ("FADs"), and longlines to procure tuna for StarKist that are known to seriously harm or kill dolphins. Plaintiffs bring this motion to obtain critical evidence not available to them by any other means.

Plaintiffs respectfully request that this Court issue this letter rogatory directed toward Dongwon to the appropriate judicial authority of the Republic of Korea ("Korea"). Upon information and belief, Dongwon is a company incorporated and headquartered in Korea[1] a country which is a party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention").[2] This motion is based upon this Notice of Motion and Motion for Issuance of Letter Rogatory, the following Memorandum of Points and

---

[1] *See* Declaration of Sangwoo Choi in Support of Dongwon Industries Co. Ltd.'s Motion to Dismiss Plaintiffs' First Amended Class Action Complaint ("Choi Decl."), dated August 16, 2019 (D.E. 48-1), ¶ 2.

[2] HCCH, STATUS TABLE, *20: Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited Nov. 20, 2020); *see also* U.S. Dept. of State – Bureau of Consular Affairs, *Republic of Korea*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/KoreaRepublicof.html.

Authorities, the declaration of Stuart A. Davidson ("Davidson Decl."), the files and records in this action, and such other written or oral argument that may be presented to the Court.

DATED:  November 23, 2020

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

/s/ *Patricia N. Syverson*
Patricia N. Syverson (203111)
600 West Broadway, Suite 900
San Diego, CA  92101
psyverson@bffb.com
Telephone:  (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Elaine A. Ryan (*Pro Hac Vice*)
Carrie A. Laliberte (*Pro Hac Vice*)
2325 East Camelback Road, Suite 300
Phoenix, AZ  85016
eryan@bffb.com
claliberte@bffb.com
Telephone: (602) 274-1100

ROBBINS GELLER RUDMAN & DOWD LLP
Stuart A. Davidson (*Pro Hac Vice*)
Christopher C. Gold (*Pro Hac Vice*)
Bradley M. Beall (*Pro Hac Vice*)
Dorothy P. Antullis (*Pro Hac Vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
sdavidson@rgrdlaw.com
cgold@rgrdlaw.com
bbeall@rgrdlaw.com
dantullis@rgrdlaw.com
Telephone: (561) 750-3000

GOLDMAN SCARLATO & PENNY, P.C.
Brian Douglas Penny (*Pro Hac Vice*)
8 Tower Bridge, Suite 1025
161 Washington Street
Conshohocken, PA  19428
penny@lawgsp.com
Telephone:  (484) 342-0700

ZAREMBA BROWN PLLC
Brian M. Brown (*Pro Hac Vice*)
40 Wall Street, 52nd Floor
New York, NY  10005
bbrown@zaremabrown.com
Telephone:  (212) 380-6700

Attorneys for Plaintiffs

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL ALLEGATIONS

This putative consumer class action concerns StarKist's 30-year-long advertising campaign to convince American consumers that StarKist tuna products are "Dolphin Safe," which StarKist and reasonable consumers interpret to mean "no harm to dolphins" or "100% dolphin-safe." *See* D.E. 75, ¶¶ 18-20, 38.  However, unbeknownst to consumers, StarKist's tuna are captured using fishing methods that are known to kill or harm dolphins, including purse seine nets, FADs, and longlines.  *Id.* at ¶¶ 24, 42-54.

Thus, as Plaintiffs explained in prior briefing, "this case . . . is about the fact that StarKist ***knows*** its fishing methods will kill and harm substantial numbers of dolphins each year, yet it also promises consumers 'no harm to dolphins.'  That is misleading." *See* D.E. 84 at 12-13.  Indeed, as this Court has twice observed, the "question presented" in this case is "whether StarKist violates its ***own*** dolphin-safe and sustainability promises to plaintiffs and other consumers when it sources its tuna in ways it knows kill and harm dolphins." *See* D.E. 71 at 11; D.E. 92 at 6.

Thus, at bottom, this case is about two simple things:  (1) StarKist's 30-year-long pervasive advertising campaign to indoctrinate consumers that its tuna products are "100% dolphin-safe"; and (2) whether consumers in the United States reasonably believe StarKist's own "dolphin-safe" promises mean precisely what StarKist intended it to mean – that there is "no harm to dolphins" by its fishing methods.

StarKist's parent company is Dongwon, a company headquartered and "duly incorporated in the Republic of Korea."[3]  However, although StarKist "admits that purse seine fishing vessels using Traditional FADs supplied some of the tuna in StarKist branded Products sold in the United States during the period from May 13, 2015 to September 25, 2020,"[4] when asked to produce "Documents and Communications relating to any harm or killing, whether intentional or

---

[3] Choi Decl., ¶ 2.

[4] Davidson Decl., Ex. A, StarKist Co.'s Responses and Objections to Plaintiffs' Revised First Set of Requests for Admission, at 8 (Response to Revised Request for Admission No. 6).

1  unintentional, of dolphins by any fishing by Your fishing fleet, or any boat in which You or Your
2  owners have any financial interest[,]" StarKist objected by punting to Dongwon, asserting that the
3  request "seeks information from Dongwon Industries Co. Ltd., which has been dismissed from
4  this Action with prejudice."[5]

Having now put Dongwon and Dongwon's fishing practices directly at issue, Plaintiffs are entitled to discovery from Dongwon.[6]

## II.  INFORMATION REQUESTED

The documents Plaintiffs seek from Dongwon are listed in Attachment A of the Proposed Request for International Judicial Assistance (Letter Rogatory) Plaintiffs are submitting herewith. Plaintiffs' narrow categories of documents include, for example: (a) Dongwon's procurement of tuna for StarKist; (b) Dongwon's use of fishing methods such as purse seine nets, FADs, and longlines to capture tuna for StarKist; and (c) dolphin harm or deaths during Dongwon's capture of tuna.

Plaintiffs are unable to secure these documents from Dongwon through traditional, U.S.-based discovery, because Dongwon is a Korea-based company, StarKist refuses to produce documents in its corporate parent's possession and it is unclear whether such parent-held documents are also in the possession, custody, or control of the subsidiary in this case, StarKist claims that it does not own or control any fishing vessels, and StarKist claims that Dongwon owns or controls the fishing vessels that capture StarKist tuna.[7]

---

[5]  Davidson Decl., Ex. B, StarKist Co.'s Responses and Objections to Plaintiffs' Revised First Set of Requests for Production of Documents, at 13 (Response to Revised Request for Production No. 5).

[6]  At the hearing on the first motion to dismiss filed in this case, the Court noted that, while it did not believe Plaintiffs had adequately pled a claim against Dongwon, it left open the possibility that "a factual basis for bringing Dongwon in might be developed" in discovery.  *See* Transcript of Proceedings on Nov. 6, 2019 at 5:10-11.  That said, Plaintiffs' need for documents from Dongwon is not to shore up their allegations against Dongwon, but to prove their allegations against StarKist.

[7]  At least one court has held that when a party seeks discovery simultaneously under the Federal Rules of Civil Procedure and by letters rogatory, resort to letters rogatory does not prejudice the party's right to seek discovery under the Federal Rules.  *See Dubai Islamic Bank v. Citibank, N.A.*, 2002 WL 1159699, at *2-3, 15 (S.D.N.Y. May 31, 2002).

Plaintiffs further request that this Court direct its request directly to the foreign or international tribunal, officer, or agency to whom it is addressed, as permitted under 28 U.S.C. § 1781(b)(2), and direct Plaintiffs' counsel to ensure this request is timely delivered, in order to avoid unnecessary burden on the U.S. Department of State or any delay in securing Dongwon's documents.

**III.   ARGUMENT**

"'A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action.'" *Pesch v. Indep. Brewers United Corp.*, 2014 WL 5106985, at *2 (N.D. Cal. Oct. 10, 2014) (quoting *Asis Internet Servs. v. Optin Global, Inc.*, 2007 WL 1880369 at *3 (N.D. Cal. June 29, 2007)). "A letter rogatory can also include requests for the production of documents." *Barnes & Noble, Inc. v. LSI Corp.*, 2012 WL 1808849, at *1 (N.D. Cal. May 17, 2012). As Magistrate Judge Ryu has explained:

> A court is inherently vested with the authority to issue letters rogatory. Whether to issue such a letter is a matter of discretion for the court. When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained. Ultimately, a court's decision whether to issue a letter rogatory [for a deposition] requires an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure.

*Pesch*, 2014 WL 5106985, at *2 (internal citations and quotations omitted). Under the scope of discovery provided by the Federal Rules, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26.

"[L]etters of rogatory shall issue unless good cause is shown otherwise." *Evanston Ins. Co. v. OEA, Inc.*, 2006 WL 1652315, at *2 (E.D. Cal. June 13, 2006); *see also MicroTechnologies, LLC v. Autonomy, Inc.*, 2016 WL 1273266, at *1 (N.D. Cal. Mar. 14, 2016) ("A party that opposes an application for a letter rogatory must show good cause for the court to deny the application") (issuing letter rogatory); *Metso Minerals Inc. v. Powerscreen Int'l Dist. Ltd.*, 2007 WL 1875560,

at *2 (E.D.N.Y. June 25, 2007) (holding that while "[t]he party seeking to pursue discovery through the Hague Evidence Convention bears the burden of demonstrating that proceeding in that manner is necessary and appropriate . . . [t]hat burden is not great, however, since the Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention") (internal citations and quotations omitted). Whether the law of the jurisdiction where the discovery is sought will actually provide the judicial support requested in the proposed letter rogatory "is not a question for this court." *MicroTechnologies*, 2016 WL 1273266, at *4. There is also no requirement that a party seeking a letter rogatory show that the evidence sought will in fact be obtained. *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 364 (D. Kan. 2010) ("Defendants cite no persuasive authority, and the court can find none, for the proposition that a party seeking foreign assistance under the Hague Convention is required to show that the evidence sought will actually be attained"). Instead, the test is relevance. *Id.* at 363, 365.

Documents from Dongwon are both relevant and necessary to Plaintiffs' case. Dongwon is StarKist's direct parent company and is one of the world's largest fishing companies. In fact, Dongwon claims to be the "World's No. 1 seafood company"[8] and, since its establishment, "has been leading Korea's fishing industry, sailing across the five oceans, and contributing to the development of food culture by providing high-quality seafood products."[9] As such, it is unsurprising that Dongwon supplies some of its raw tuna to StarKist for use in StarKist's tuna products sold to American consumers, which StarKist admits.[10]

Plaintiffs seek documents from Dongwon regarding the very fishing methods Plaintiffs allege make StarKist's "Dolphin Safe" logo and 30-year-long "dolphin safe" policy false and misleading. Thus, it is clear that Dongwon possesses information of relevance to this litigation,

---

[8] Dongwon Industries, *Who We Are*, https://www.dongwon.com/en/business/dongwon-industries (last visited Nov. 20, 2020).

[9] *Id.*

[10] *See* Davidson Decl., Ex. B, StarKist Co.'s Responses and Objections to Plaintiffs' Revised First Set of Requests for Production of Documents, at 13 (Response to Revised Request for Production No. 5).

including documents relating to: (a) Dongwon's procurement of raw tuna for StarKist; (b) Dongwon's use of fishing methods such as purse seine nets, FADs, and longlines to capture tuna for StarKist; and (c) dolphin harm or deaths during Dongwon's capture of tuna.

## IV.  CONCLUSION

Plaintiffs respectfully request that the Court grant this motion and enter the proposed order filed herewith issuing a letter rogatory to the appropriate judicial authority of the Republic of Korea.

DATED:  November 23, 2020

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

/s/ *Patricia N. Syverson*
Patricia N. Syverson (203111)
600 West Broadway, Suite 900
San Diego, CA  92101
psyverson@bffb.com
Telephone:  (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
Elaine A. Ryan (*Pro Hac Vice*)
Carrie A. Laliberte (*Pro Hac Vice*)
2325 East Camelback Road, Suite 300
Phoenix, AZ  85016
eryan@bffb.com
claliberte@bffb.com
Telephone: (602) 274-1100

ROBBINS GELLER RUDMAN & DOWD LLP
Stuart A. Davidson (*Pro Hac Vice*)
Christopher C. Gold (*Pro Hac Vice*)
Bradley M. Beall (*Pro Hac Vice*)
Dorothy P. Antullis (*Pro Hac Vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
sdavidson@rgrdlaw.com
cgold@rgrdlaw.com
bbeall@rgrdlaw.com
dantullis@rgrdlaw.com
Telephone: (561) 750-3000

GOLDMAN SCARLATO & PENNY, P.C.
Brian Douglas Penny (*Pro Hac Vice*)
8 Tower Bridge, Suite 1025
161 Washington Street
Conshohocken, PA  19428
penny@lawgsp.com
Telephone:  (484) 342-0700

|   |   |
|---|---|
| 1 | ZAREMBA BROWN PLLC |
| 2 | Brian M. Brown (*Pro Hac Vice*) |
|   | 40 Wall Street, 52nd Floor |
|   | New York, NY  10005 |
| 3 | bbrown@zaremabrown.com |
|   | Telephone:  (212) 380-6700 |
| 4 |   |
| 5 | Attorneys for Plaintiffs |

CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 23, 2020.

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

/s/ *Patricia N. Syverson*
Patricia N. Syverson (203111)
600 West Broadway, Suite 900
San Diego, CA  92101
psyverson@bffb.com

Telephone:  (619) 798-4593

*Attorney for Plaintiffs*