# EXHIBIT A

1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   ROXANE A. POLIDORA (CA Bar No. 135972)
2  roxane.polidora@pillsburylaw.com
   LEE BRAND (CA Bar No. 287110)
3  lee.brand@pillsburylaw.com
   Four Embarcadero Center, 22nd Floor
4  San Francisco, CA  94111
   Telephone: (415) 983-1000
5  Facsimile: (415) 983-1200

6
   Attorneys for Defendant
7  STARKIST CO.

8

9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  WARREN GARDNER, et al., on behalf of
    Themselves and all others similarly situated,          Case No. 3:19-cv-02561-WHO

13                         Plaintiffs,                      **STARKIST CO.'S RESPONSES AND
                                                            OBJECTIONS TO PLAINTIFFS'
14          v.                                              REVISED FIRST SET OF REQUESTS
                                                            FOR ADMISSION**
15  STARKIST CO., a Delaware Corporation,

16                         Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendant

2    StarKist Co. ("StarKist") hereby responds and objects to Plaintiffs' Revised First Set of

3    Requests for Admission served by electronic mail on September 25, 2020 (the "Requests")

4    as follows:

5                                **PRELIMINARY STATEMENT**

6        1.    These responses and objections are based on StarKist's interpretation and

7    understanding of the individual Requests and its investigation to date, its knowledge, and its

8    belief.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, StarKist expressly

9    reserves the right to augment, amend, or supplement these responses and objections as

10   necessary, including based on additional or different information that further investigation

11   or discovery may disclose.

12       2.    StarKist's responses and objections to the Requests are made solely for the

13   purpose of and in relation to the above-captioned action (the "Action") and on the express

14   condition that such information shall not be used or disclosed for any other purpose.  To the

15   extent StarKist provides any information in response to the Requests, it will do so in

16   accordance with the Stipulated Protective Order that the Court entered on April 16, 2020

17   (Dkt. No. 96).

18       3.    StarKist reserves the right to refer to, to conduct discovery with reference to,

19   or to offer into evidence at the time of trial, any and all facts, evidence, documents, and

20   things developed during the course of discovery and trial preparation, notwithstanding the

21   reference to facts, evidence, documents, and things in these responses.

22       4.    StarKist's responses and objections are made without waiving or intending

23   to waive any objection(s).

24                                **GENERAL OBJECTIONS**

25       1.    StarKist objects to the Requests based on the Court's June 4, 2020 Order on

26   Discovery Dispute in the related case *Duggan v. Tri-Union Seafoods LLC*, Case No. 3:19-

27   cv-02562-WHO (*Duggan* Dkt. No. 74) (the "Discovery Order").  Specifically, StarKist

28   objects to the extent Plaintiffs' Requests are in violation of the Court's Discovery Order

1    holding that the "only label at issue in [this Action] is the dolphin-safe label" and that

2    discovery requests "relating to sustainability should be narrowed to . . . relate to dolphin

3    harm and/or dolphin mortality."

4         2.       StarKist objects to the Requests to the extent they impose obligations and

5    demands upon StarKist beyond those contemplated by the Federal Rules of Civil

6    Procedure, the applicable Local Rules, or any order or ruling by the Court in this case.

7         3.       StarKist objects to the Requests to the extent they seek information that is

8    not in StarKist's possession, custody, or control.  StarKist further objects to the Requests to

9    the extent that they purport to require StarKist to conduct anything beyond a reasonable and

10   diligent search for responsive information where such information would reasonably be

11   expected to be found.

12        4.       StarKist objects to the Requests to the extent they seek the disclosure of

13   information protected by any applicable privilege, including but not limited to the attorney-

14   client privilege, common-interest privilege, the work-product doctrine or immunity, and

15   any other applicable privilege, immunity, or exemption from discovery as outlined in the

16   Federal Rules of Civil Procedure, Local Rules, any order or ruling by the Court in this case,

17   and applicable law.  To the fullest extent allowable under Federal Rule of Evidence 502 and

18   any other applicable law, inadvertent disclosure of any such information shall not constitute

19   a waiver of any privilege with respect to the information disclosed or the subject matter

20   thereof, or a waiver of StarKist's right to object to the use of any such information during

21   trial or any subsequent proceeding or to demand the return of any information so disclosed.

22        5.       StarKist objects to the Requests to the extent they seek trade secrets,

23   sensitive business information, or other information that is proprietary and/or confidential,

24   including information deemed confidential pursuant to a confidentiality agreement or other

25   arrangements or protected from disclosure pursuant to court order.  StarKist will not

26   disclose or produce information that is subject to confidentiality restrictions of a third party

27   except in conformity with StarKist's obligations to such third parties.

28

1          6.          StarKist objects to the Requests to the extent that they contain inaccurate,

2     incomplete, or misleading descriptions of the facts, persons, relationships, and/or events

3     underlying this Action.  StarKist further objects to the Requests in their entirety to the

4     extent that they assume the existence of facts that do not exist or the occurrence of events

5     that did not take place.  The fact that StarKist is willing to provide responsive information

6     does not constitute an admission that any Request is proper, that the information it seeks is

7     relevant or within the proper bounds of discovery, that the factual predicates stated in the

8     Requests are accurate, or that similar Requests will be treated in a similar fashion.

9          7.          StarKist objects to the Requests to the extent that they are overbroad, unduly

10    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not

11    related to any party's claim or defense, or not proportional to the needs of the case.

12         8.          StarKist objects to the Requests to the extent that they seek information

13    already obtained by Plaintiffs or that they can obtain from sources that are more convenient,

14    less burdensome, or less expensive.  In particular, StarKist objects to the extent the

15    Requests seek information, which by reason of public filing, prior production, or otherwise,

16    are already in Plaintiffs' possession or are readily accessible to Plaintiffs.

17         9.          StarKist objects to the Requests as premature to the extent that StarKist

18    would have to engage in expert analysis, and/or render expert opinions in order to respond.

19         10.         StarKist objects to the Requests to the extent that they are duplicative or

20    cumulative, and objects to each Request to the extent that it is duplicative or cumulative of

21    other discovery.

22         11.         StarKist objects to the definitions of "and," "or," and "any" as vague,

23    ambiguous, overbroad, unduly burdensome, and to the extent they impose obligations on

24    StarKist that are different or broader than those set forth in the Federal Rules of Civil

25    Procedure, applicable Local Rules, or any order or ruling by the Court in this case.  StarKist

26    will construe "and," "or," and "any" to have their normal meaning.

27

28

1    12.    StarKist objects to the definition of "FADs" as vague, ambiguous,

2  overbroad, and unduly burdensome because it is not limited to fish aggregating devices

3  used to attract tuna for use in the tuna products at issue in this case.

4    13.    StarKist objects to the definition of "Label(s)" and "Labeling" as vague,

5  ambiguous, overbroad, and unduly burdensome to the extent they purport to include "any

6  other promotion or promotional campaign materials that . . . come with" any StarKist

7  product.

8    14.    StarKist objects to the definition of "Longlines" as vague, ambiguous,

9  overbroad, and unduly burdensome because it is not limited to longlines used to catch tuna

10  for use in the tuna products at issue in this case.

11    15.    StarKist objects to the definition of "Product(s)" as vague, ambiguous,

12  overbroad, and unduly burdensome to the extent it purports to include any tuna products

13  that are not branded as "StarKist" products.

14    16.    StarKist objects to the definition of "Retailer(s)" as vague, ambiguous,

15  overbroad, and unduly burdensome in its use of the term "end-users" and its reference to

16  "business locations . . . online . . . in the United States."

17    17.    StarKist objects to the definition of "StarKist," "You," "Your," and

18  "Manufacturer" as vague, ambiguous, overbroad, and unduly burdensome to the extent that

19  it purports to encompass StarKist's "past and present parents, subsidiaries, affiliates,

20  predecessors, successors, employees, independent contractors, officers, agents, vendors,

21  accountants, and all other persons or entities acting on its behalf or under its direct or

22  indirect control including, without limitation, Dongwon Industries Co. Ltd." StarKist

23  further objects to this definition to the extent it seeks information not within StarKist's

24  possession, custody, or control. StarKist further objects to this definition to the extent it

25  seeks information from Dongwon Industries Co. Ltd., which has been dismissed from this

26  Action with prejudice. StarKist further objects to this definition to the extent it seeks

27  information, the disclosure of which is prohibited by law, regulation, order of a court, or

28  other authority of a foreign jurisdiction in which the information is located. StarKist further

1   objects to the extent that the definition calls for a legal conclusion as to any agency,

2   employment, or affiliate relationship.  StarKist will construe "StarKist," "You," "Your,"

3   and "Manufacturer" to mean StarKist Co.

4        18.      StarKist objects to the definition of "Sustainable" as overbroad, uncertain,

5   vague, and ambiguous, particularly in light of the Discovery Order holding that discovery

6   requests "relating to sustainability should be narrowed to . . . relate to dolphin harm and/or

7   dolphin mortality."

8        19.      StarKist objects to the definition of "Traditional FADs" as vague,

9   ambiguous, overbroad, and unduly burdensome in its use of the double negative "not non-

10   entangling."

11        20.      StarKist objects to the INSTRUCTIONS to the extent that they seek to

12   impose any obligations on StarKist that are different or broader than those set forth in the

13   Federal Rules of Civil Procedure, applicable Local Rules, or any order or ruling by the

14   Court in this case.

15        StarKist hereby incorporates the foregoing General Objections into each of its

16   responses below, as though fully stated therein.

17                    **SPECIFIC RESPONSES AND OBJECTIONS**

18   **REVISED REQUEST FOR ADMISSION NO. 1**

19        Admit that all the Products sold in the United States were continuously labeled with

20   StarKist's Dolphin Safe Logo.

21   **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 1**

22        StarKist hereby incorporates by reference its General Objections.  StarKist further

23   objects on the basis that this Request is overbroad and unduly burdensome and seeks

24   information that is not proportional to the needs of discovery in this case, particularly in its

25   use of the phrase "all the Products."  StarKist further objects to this Request as vague and

26   ambiguous, particularly with respect to the phrase "continuously labeled."  StarKist further

27   objects to the Request to the extent that it seeks information that is publicly available and/or

28   can be obtained from sources that are more convenient, less burdensome, or less expensive.

1  StarKist further objects to this Request to the extent it seeks information not within the

2  possession, custody, or control of StarKist.  StarKist further objects to the Request to the

3  extent that it seeks information protected from discovery by any applicable privilege,

4  immunity, or protection.

5    Subject to and without waiving these objections, StarKist admits that all StarKist

6  branded Products sold in the United States were labeled with StarKist's Dolphin Safe Logo

7  during the period from May 13, 2015 to September 25, 2020.

8  **REVISED REQUEST FOR ADMISSION NO. 2**

9    Admit that dolphins are harmed or killed in sourcing tuna for Your Products.

10  **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 2**

11    StarKist hereby incorporates by reference its General Objections.  StarKist further

12  objects to this Request as compound.  StarKist further objects to this Request as vague and

13  ambiguous, particularly with respect to the term "harmed" and the phrase "in sourcing."

14  StarKist further objects to the Request to the extent that it seeks information that is publicly

15  available and/or can be obtained from sources that are more convenient, less burdensome,

16  or less expensive.  StarKist further objects to the Request to the extent that it seeks

17  information protected from discovery by any applicable privilege, immunity, or protection.

18    Subject to and without waiving these objections, StarKist denies this Request.

19  **REVISED REQUEST FOR ADMISSION NO. 3**

20    Admit that You do not know how many dolphins are harmed or killed in sourcing

21  tuna for Your Products.

22  **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 3**

23    StarKist hereby incorporates by reference its General Objections.  StarKist further

24  objects to this Request as compound.  StarKist further objects to this Request as vague and

25  ambiguous, particularly with respect to the term "harmed" and the phrase "in sourcing."

26  StarKist further objects to the Request to the extent that it seeks information protected from

27  discovery by any applicable privilege, immunity, or protection.

28    Subject to and without waiving these objections, StarKist denies this Request.

1   **REVISED REQUEST FOR ADMISSION NO. 4**

2        Admit that You have no information disputing that consumers of Your Products

3   believe that your "Dolphin Safe" logo means that dolphins are not killed or harmed in your

4   supply chain.

5   **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 4**

6        StarKist hereby incorporates by reference its General Objections.  StarKist further

7   objects on the basis that this Request is overbroad and unduly burdensome and seeks

8   information that is not proportional to the needs of discovery in this case, particularly with

9   respect to the phrase "no information."  StarKist further objects to this Request as vague

10  and ambiguous, particularly with respect to the terms "disputing," "harmed," and "supply

11  chain," and in the use of the double negative.  StarKist further objects to this Request as

12  premature in that it calls for information that is the proper subject of expert analysis and/or

13  opinions.  StarKist further objects to the Request to the extent that it seeks information

14  protected from discovery by any applicable privilege, immunity, or protection.

15  **REVISED REQUEST FOR ADMISSION NO. 5**

16       Admit that Longlines were used to capture some of the tuna in Your Products.

17  **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 5**

18       StarKist hereby incorporates by reference its General Objections.  StarKist further

19  objects on the basis that this Request is overbroad and unduly burdensome and seeks

20  information that is not proportional to the needs of discovery in this case.  StarKist further

21  objects to this Request as vague and ambiguous, particularly with respect to the term

22  "capture."  StarKist further objects to the Request to the extent that it seeks information that

23  is publicly available and/or can be obtained from sources that are more convenient, less

24  burdensome, or less expensive.  StarKist further objects to the Request to the extent that it

25  seeks information protected from discovery by any applicable privilege, immunity, or

26  protection.

27

28

1    Subject to and without waiving these objections, StarKist admits that longlines were

2 used to capture some of the tuna in StarKist branded Products sold in the United States

3 during the period from May 13, 2015 to September 25, 2020.

4 **REVISED REQUEST FOR ADMISSION NO. 6**

5    Admit that some of the tuna in Your Products is supplied by purse seine fishing

6 vessels using Traditional FADs.

7 **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 6**

8    StarKist hereby incorporates by reference its General Objections.  StarKist further

9 objects on the basis that this Request is overbroad and unduly burdensome and seeks

10 information that is not proportional to the needs of discovery in this case.  StarKist further

11 objects to this Request as vague and ambiguous, particularly with respect to the phrase

12 "purse seine fishing vessels."  StarKist further objects to the Request to the extent that it

13 seeks information that is publicly available and/or can be obtained from sources that are

14 more convenient, less burdensome, or less expensive.  StarKist further objects to the

15 Request to the extent that it seeks information protected from discovery by any applicable

16 privilege, immunity, or protection.

17    Subject to and without waiving these objections, StarKist admits that purse seine

18 fishing vessels using Traditional FADs supplied some of the tuna in StarKist branded

19 Products sold in the United States during the period from May 13, 2015 to September 25,

20 2020.

21 **REVISED REQUEST FOR ADMISSION NO. 7**

22    Admit that Longlines and purse seine fishing vessels using Traditional FADs

23 capture at least 80% of the tuna in your Products.

24 **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 7**

25    StarKist hereby incorporates by reference its General Objections.  StarKist further

26 objects on the basis that this Request is overbroad and unduly burdensome and seeks

27 information that is not proportional to the needs of discovery in this case.  StarKist further

28 objects to this Request as vague and ambiguous, particularly with respect to the term

1  "capture" and the phrases "purse seine fishing vessels" and "80% of the tuna in your

2  Products." StarKist further objects to this Request as cumulative and duplicative of

3  Request Nos. 5 and 6. StarKist further objects to the Request to the extent that it seeks

4  information that is publicly available and/or can be obtained from sources that are more

5  convenient, less burdensome, or less expensive. StarKist further objects to the Request to

6  the extent that it seeks information protected from discovery by any applicable privilege,

7  immunity, or protection.

8       Subject to and without waiving these objections, StarKist denies this Request.

9  **REVISED REQUEST FOR ADMISSION NO. 8**

10       Admit that You have studied whether "Dolphin Safe" would be important to

11  consumers of Your Products.

12  **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 8**

13       StarKist hereby incorporates by reference its General Objections. StarKist further

14  objects on the basis that this Request is overbroad and unduly burdensome and seeks

15  information that is not proportional to the needs of discovery in this case. StarKist further

16  objects to this Request as vague and ambiguous, particularly with respect to the term

17  "studied" and the phrase "whether 'Dolphin Safe' would be important." StarKist further

18  objects to this Request as premature to the extent that it calls for expert analysis and/or

19  opinions. StarKist further objects to the Request to the extent that it seeks information

20  protected from discovery by any applicable privilege, immunity, or protection. StarKist

21  further objects to this Request to the extent it calls for information that is subject to third-

22  party confidentiality restrictions.

23       Subject to and without waiving these objections, StarKist StarKist admits that it is

24  aware of two studies of tuna consumers during the period from May 13, 2015 to September

25  25, 2020 that mention dolphin safety. StarKist otherwise denies this Request.

26  **REVISED REQUEST FOR ADMISSION NO. 9**

27       Admit that You have studied whether "Dolphin Safe" would be important to

28  Retailers of Your Products.

1    **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 9**

2         StarKist hereby incorporates by reference its General Objections.  StarKist further

3    objects on the basis that this Request is overbroad and unduly burdensome and seeks

4    information that is not proportional to the needs of discovery in this case.  StarKist further

5    objects to this Request as vague and ambiguous, particularly with respect to the term

6    "studied" and the phrase "whether 'Dolphin Safe' would be important."  StarKist further

7    objects to this Request as premature to the extent that it calls for expert analysis and/or

8    opinions.  StarKist further objects to the Request to the extent that it seeks information

9    protected from discovery by any applicable privilege, immunity, or protection.  StarKist

10   further objects to this Request to the extent it calls for information that is subject to third-

11   party confidentiality restrictions.

12        Subject to and without waiving these objections, StarKist denies this Request.

13   **REVISED REQUEST FOR ADMISSION NO. 10**

14        Admit that "Dolphin Safe" is an important factor for consumers of Your Products.

15   **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 10**

16        StarKist hereby incorporates by reference its General Objections.  StarKist further

17   objects on the basis that this Request is overbroad and unduly burdensome and seeks

18   information that is not proportional to the needs of discovery in this case.  StarKist further

19   objects to this Request as vague and ambiguous, particularly with respect to the phrase

20   "'Dolphin Safe' is an important factor."  StarKist further objects to this Request as

21   premature in that it calls for information that is the proper subject of expert analysis and/or

22   opinions.  StarKist further objects to this Request as cumulative and duplicative of Request

23   No. 8.  StarKist further objects to the Request to the extent that it seeks information that is

24   publicly available and/or can be obtained from sources that are more convenient, less

25   burdensome, or less expensive.  StarKist further objects to this Request to the extent it

26   seeks information not within the possession, custody, or control of StarKist.  StarKist

27   further objects to the Request to the extent that it seeks information protected from

28   discovery by any applicable privilege, immunity, or protection.

1    **REVISED REQUEST FOR ADMISSION NO. 11**

2        Admit that "Dolphin Safe" is an important factor for Retailers of Your Products.

3    **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 11**

4        StarKist hereby incorporates by reference its General Objections.  StarKist further

5    objects on the basis that this Request is overbroad and unduly burdensome and seeks

6    information that is not proportional to the needs of discovery in this case.  StarKist further

7    objects to this Request as vague and ambiguous, particularly with respect to the phrase

8    "'Dolphin Safe' is an important factor."  StarKist further objects to this Request as

9    premature in that it calls for information that is the proper subject of expert analysis and/or

10   opinions.  StarKist further objects to this Request as cumulative and duplicative of Request

11   No. 9.  StarKist further objects to the Request to the extent that it seeks information that is

12   publicly available and/or can be obtained from sources that are more convenient, less

13   burdensome, or less expensive.  StarKist further objects to this Request to the extent it

14   seeks information not within the possession, custody, or control of StarKist.  StarKist

15   further objects to the Request to the extent that it seeks information protected from

16   discovery by any applicable privilege, immunity, or protection.

17   **REVISED REQUEST FOR ADMISSION NO. 12**

18       Admit that You have studied whether the use of Sustainable fishing practices in

19   capturing the tuna in Your Products is important to consumers of Your Products.

20   **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 12**

21       StarKist hereby incorporates by reference its General Objections.  StarKist further

22   objects on the basis that this Request is overbroad and unduly burdensome and seeks

23   information that is not proportional to the needs of discovery in this case, particularly in

24   light of the Discovery Order holding that discovery requests "relating to sustainability

25   should be narrowed to . . . relate to dolphin harm and/or dolphin mortality."  StarKist

26   further objects to this Request as vague and ambiguous, particularly with respect to the

27   terms "studied," "Sustainable," "capturing," and "important."  StarKist further objects to

28   this Request as premature to the extent that it calls for expert analysis and/or opinions.

1    StarKist further objects to this Request as cumulative and duplicative of Request Nos. 8 and

2    10.  StarKist further objects to the Request to the extent that it seeks information protected

3    from discovery by any applicable privilege, immunity, or protection.  StarKist further

4    objects to this Request to the extent it calls for information that is subject to third-party

5    confidentiality restrictions.

6    **REVISED REQUEST FOR ADMISSION NO. 13**

7         Admit that You have studied whether the use of Sustainable fishing practices in

8    capturing the tuna in Your Products is important to Retailers of Your Products.

9    **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 13**

10        StarKist hereby incorporates by reference its General Objections.  StarKist further

11   objects on the basis that this Request is overbroad and unduly burdensome and seeks

12   information that is not proportional to the needs of discovery in this case, particularly in

13   light of the Discovery Order holding that discovery requests "relating to sustainability

14   should be narrowed to . . . relate to dolphin harm and/or dolphin mortality."  StarKist

15   further objects to this Request as vague and ambiguous, particularly with respect to the

16   terms "studied," "Sustainable," "capturing," and "important."  StarKist further objects to

17   this Request as premature to the extent that it calls for expert analysis and/or opinions.

18   StarKist further objects to this Request as cumulative and duplicative of Request Nos. 9 and

19   11.  StarKist further objects to the Request to the extent that it seeks information protected

20   from discovery by any applicable privilege, immunity, or protection.  StarKist further

21   objects to this Request to the extent it calls for information that is subject to third-party

22   confidentiality restrictions.

23   **REVISED REQUEST FOR ADMISSION NO. 14**

24        Admit that the use of Sustainable fishing practices in capturing the tuna in Your

25   Products is important to consumers of Your Products.

26   **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 14**

27        StarKist hereby incorporates by reference its General Objections.  StarKist further

28   objects on the basis that this Request is overbroad and unduly burdensome and seeks

12

1   information that is not proportional to the needs of discovery in this case, particularly in

2   light of the Discovery Order holding that discovery requests "relating to sustainability

3   should be narrowed to . . . relate to dolphin harm and/or dolphin mortality."  StarKist

4   further objects to this Request as vague and ambiguous, particularly with respect to the

5   terms "Sustainable," "capturing," and "important."  StarKist further objects to this Request

6   as premature to the extent that it calls for expert analysis and/or opinions.  StarKist further

7   objects to this Request as cumulative and duplicative of Request Nos. 8, 10, and 12.

8   StarKist further objects to the Request to the extent that it seeks information that is publicly

9   available and/or can be obtained from sources that are more convenient, less burdensome,

10  or less expensive.  StarKist further objects to this Request to the extent it seeks information

11  not within the possession, custody, or control of StarKist.  StarKist further objects to the

12  Request to the extent that it seeks information protected from discovery by any applicable

13  privilege, immunity, or protection.

14  **REVISED REQUEST FOR ADMISSION NO. 15**

15      Admit that the use of Sustainable fishing practices in capturing the tuna in Your

16  Products is important to Retailers of Your Products.

17  **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 15**

18      StarKist hereby incorporates by reference its General Objections.  StarKist further

19  objects on the basis that this Request is overbroad and unduly burdensome and seeks

20  information that is not proportional to the needs of discovery in this case, particularly in

21  light of the Discovery Order holding that discovery requests "relating to sustainability

22  should be narrowed to . . . relate to dolphin harm and/or dolphin mortality."  StarKist

23  further objects to this Request as vague and ambiguous, particularly with respect to the

24  terms "Sustainable," "capturing," and "important."  StarKist further objects to this Request

25  as premature to the extent that it calls for expert analysis and/or opinions.  StarKist further

26  objects to this Request as cumulative and duplicative of Request Nos. 9, 11, and 13.

27  StarKist further objects to the Request to the extent that it seeks information that is publicly

28  available and/or can be obtained from sources that are more convenient, less burdensome,

13

1   or less expensive.  StarKist further objects to this Request to the extent it seeks information

2   not within the possession, custody, or control of StarKist.  StarKist further objects to the

3   Request to the extent that it seeks information protected from discovery by any applicable

4   privilege, immunity, or protection.

5   **REVISED REQUEST FOR ADMISSION NO. 16**

6        Admit that FADs, regardless of design, attract dolphins.

7   **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 16**

8        StarKist hereby incorporates by reference its General Objections.  StarKist further

9   objects on the basis that this Request is overbroad and unduly burdensome and seeks

10  information that is not proportional to the needs of discovery in this case.  StarKist further

11  objects to this Request as vague and ambiguous, particularly with respect to the term

12  "attract."  StarKist further objects to the Request to the extent that it seeks information that

13  is publicly available and/or can be obtained from sources that are more convenient, less

14  burdensome, or less expensive.  StarKist further objects to the Request to the extent that it

15  seeks information protected from discovery by any applicable privilege, immunity, or

16  protection.

17       Subject to and without waiving these objections, StarKist denies this Request.

18  **REVISED REQUEST FOR ADMISSION NO. 17**

19       Admit that the price You charge for Your Products includes at least some of the

20  costs to You of obtaining and maintaining authorization to use the StarKist Dolphin Safe

21  logo on Your Products.

22  **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 17**

23       StarKist hereby incorporates by reference its General Objections.  StarKist further

24  objects on the basis that this Request is overbroad and unduly burdensome and seeks

25  information that is not proportional to the needs of discovery in this case, particularly in

26  light of Plaintiffs' repeated representations and the Court's repeated recognition that the

27  allegations in this Action do not relate to compliance with the DPCIA.  *See, e.g.*, Dkt. No.

28  84 at 13; Dkt. No. 92 at 8.  StarKist further objects to this Request as vague and ambiguous,

1    particularly with respect to the phrases "includes at least some of the costs" and "obtaining

2    and maintaining authorization to use."  StarKist further objects to this Request as premature

3    to the extent that it calls for expert analysis and/or opinions.  StarKist further objects to the

4    Request to the extent that it seeks information protected from discovery by any applicable

5    privilege, immunity, or protection.

6    **REVISED REQUEST FOR ADMISSION NO. 18**

7         Admit that the price You charge for Your Products includes at least some of the cost

8    to You of complying with the DPCIA.

9    **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 18**

10        StarKist hereby incorporates by reference its General Objections.  StarKist further

11   objects on the basis that this Request is overbroad and unduly burdensome and seeks

12   information that is not proportional to the needs of discovery in this case, particularly in

13   light of Plaintiffs' repeated representations and the Court's repeated recognition that the

14   allegations in this Action do not relate to compliance with the DPCIA.  *See, e.g.*, Dkt. No.

15   84 at 13; Dkt. No. 92 at 8.  StarKist further objects to this Request as vague and ambiguous,

16   particularly with respect to the phrase "includes at least some of the cost."  StarKist further

17   objects to this Request as premature to the extent that it calls for expert analysis and/or

18   opinions.  StarKist further objects to the Request to the extent that it seeks information

19   protected from discovery by any applicable privilege, immunity, or protection.

20   **REVISED REQUEST FOR ADMISSION NO. 19**

21        Admit that the FADs used to capture the tuna in Your Products indiscriminately

22   capture or harm dolphins.

23   **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 19**

24        StarKist hereby incorporates by reference its General Objections.  StarKist further

25   objects to this Request as compound.  StarKist further objects to this Request as vague and

26   ambiguous, particularly with respect to the terms "capture," "indiscriminately," and

27   "harm."  StarKist further objects to the Request to the extent that it seeks information that is

28   publicly available and/or can be obtained from sources that are more convenient, less

15

1    burdensome, or less expensive.  StarKist further objects to the Request to the extent that it

2    seeks information protected from discovery by any applicable privilege, immunity, or

3    protection.

4            Subject to and without waiving these objections, StarKist denies this Request.

5    **REVISED REQUEST FOR ADMISSION NO. 20**

6            Admit that the Longlines used to capture the tuna in Your Products indiscriminately

7    capture or harm dolphins.

8    **RESPONSE TO REVISED REQUEST FOR ADMISSION NO. 20**

9            StarKist hereby incorporates by reference its General Objections.  StarKist further

10   objects to this Request as compound.  StarKist further objects to this Request as vague and

11   ambiguous, particularly with respect to the terms "capture," "indiscriminately," and

12   "harm."  StarKist further objects to the Request to the extent that it seeks information that is

13   publicly available and/or can be obtained from sources that are more convenient, less

14   burdensome, or less expensive.  StarKist further objects to the Request to the extent that it

15   seeks information protected from discovery by any applicable privilege, immunity, or

16   protection.

17          Subject to and without waiving these objections, StarKist denies this Request.

18          Dated:  October 26, 2020

19                                  PILLSBURY WINTHROP SHAW PITTMAN LLP
                                    ROXANE A. POLIDORA
20                                  LEE BRAND
                                    Four Embarcadero Center, 22nd Floor
21                                  San Francisco, CA  94111

22                                  By:  _____/s/ Lee Brand_____
23                                                     Lee Brand

24                                  Attorneys for Defendant
                                    STARKIST CO.
25

26

27

28