# EXHIBIT B

1   PILLSBURY WINTHROP SHAW PITTMAN LLP
    ROXANE A. POLIDORA (CA Bar No. 135972)
2   roxane.polidora@pillsburylaw.com
    LEE BRAND (CA Bar No. 287110)
3   lee.brand@pillsburylaw.com
    Four Embarcadero Center, 22nd Floor
4   San Francisco, CA  94111
    Telephone: (415) 983-1000
5   Facsimile: (415) 983-1200

6
    Attorneys for Defendant
7   STARKIST CO.

8

9                     UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12   WARREN GARDNER, et al., on behalf of        Case No. 3:19-cv-02561-WHO
     Themselves and all others similarly situated,
13                                               STARKIST CO.'S RESPONSES AND
                    Plaintiffs,                  OBJECTIONS TO PLAINTIFFS'
14                                               REVISED FIRST SET OF REQUESTS
           v.                                    FOR PRODUCTION OF
15                                               DOCUMENTS
     STARKIST CO., a Delaware Corporation,
16
                    Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

1   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant

2   StarKist Co. ("StarKist") hereby responds and objects to Plaintiffs' Revised First Set of

3   Requests for Production of Documents served by electronic mail on September 25, 2020

4   (the "Requests") as follows:

5   **PRELIMINARY STATEMENT**

6   1.    These responses and objections are based on StarKist's interpretation and

7   understanding of the individual Requests and its investigation to date, its knowledge, and its

8   belief.  Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, StarKist expressly

9   reserves the right to augment, amend, or supplement these responses and objections as

10  necessary, including based on additional or different information that further investigation

11  or discovery may disclose.

12  2.    StarKist's responses and objections to the Requests are made solely for the

13  purpose of and in relation to the above-captioned action (the "Action") and on the express

14  condition that such information shall not be used or disclosed for any other purpose.  To the

15  extent StarKist provides any information or produces any documents in response to the

16  Requests, it will do so in accordance with the Stipulated Protective Order that the Court

17  entered on April 16, 2020 (Dkt. No. 96).

18  3.    StarKist reserves the right to refer to, to conduct discovery with reference to,

19  or to offer into evidence at the time of trial, any and all facts, evidence, documents, and

20  things developed during the course of discovery and trial preparation, notwithstanding the

21  reference to facts, evidence, documents, and things in these responses.

22  4.    StarKist's responses and objections are made without waiving or intending

23  to waive any objection(s).

24  **GENERAL OBJECTIONS**

25  1.    StarKist objects to the Requests based on the Court's June 4, 2020 Order on

26  Discovery Dispute in the related case *Duggan v. Tri-Union Seafoods LLC*, Case No. 3:19-

27  cv-02562-WHO (*Duggan* Dkt. No. 74) (the "Discovery Order").  Specifically, StarKist

28  objects to the extent Plaintiffs' Requests are in violation of the Court's Discovery Order

1   holding that the "only label at issue in [this Action] is the dolphin-safe label" and that

2   discovery requests "relating to sustainability should be narrowed to . . . relate to dolphin

3   harm and/or dolphin mortality."

4       2.      StarKist objects to the Requests to the extent they impose obligations and

5   demands upon StarKist beyond those contemplated by the Federal Rules of Civil

6   Procedure, the applicable Local Rules, or any order or ruling by the Court in this case.

7       3.      StarKist objects to the Requests to the extent they seek documents or

8   information that is not in StarKist's possession, custody, or control.  StarKist further objects

9   to the Requests to the extent that they purport to require StarKist to conduct anything

10  beyond a reasonable and diligent search for responsive documents or information where

11  such documents or information would reasonably be expected to be found.

12      4.      StarKist objects to the Requests to the extent they seek the production of

13  documents or disclosure of information protected by any applicable privilege, including but

14  not limited to the attorney-client privilege, common-interest privilege, the work-product

15  doctrine or immunity, and any other applicable privilege, immunity, or exemption from

16  discovery as outlined in the Federal Rules of Civil Procedure, Local Rules, any order or

17  ruling by the Court in this case, and applicable law.  To the fullest extent allowable under

18  Federal Rule of Evidence 502 and any other applicable law, inadvertent production of any

19  such documents or disclosure of any such information shall not constitute a waiver of any

20  privilege with respect to the documents produced or information disclosed or the subject

21  matter thereof, or a waiver of StarKist's right to object to the use of any such documents or

22  information during trial or any subsequent proceeding or to demand the return of any

23  documents or information so disclosed.

24      5.      StarKist objects to the Requests to the extent they seek trade secrets,

25  sensitive business information, or other information that is proprietary and/or confidential,

26  including documents or information deemed confidential pursuant to a confidentiality

27  agreement or other arrangements or protected from production or disclosure pursuant to

28  court order.  StarKist will not disclose information or produce documents that are subject to

1    confidentiality restrictions of a third party except in conformity with StarKist's obligations

2    to such third parties.

3        6.    StarKist objects to the Requests to the extent that they purport to require

4    StarKist to draw subjective or legal conclusions, or are predicated on subjective or legal

5    conclusions or arguments.  Subject to and without waiving any objections, StarKist states

6    that any response, production of documents, or provision of information in response to the

7    Requests is not intended to provide, and shall not constitute or be construed as providing,

8    an admission concerning any of the terms used in the Requests.

9        7.    StarKist objects to the Requests to the extent that they contain inaccurate,

10   incomplete, or misleading descriptions of the facts, persons, relationships, and/or events

11   underlying this Action.  StarKist further objects to the Requests in their entirety to the

12   extent that they assume the existence of facts that do not exist or the occurrence of events

13   that did not take place.  The fact that StarKist is willing to produce documents or provide

14   responsive information does not constitute an admission that any Request is proper, that the

15   documents or information it seeks is relevant or within the proper bounds of discovery, that

16   the factual predicates stated in the Requests are accurate, or that similar Requests will be

17   treated in a similar fashion.

18       8.    StarKist objects to the Requests to the extent that they are overbroad, unduly

19   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not

20   related to any party's claim or defense, or not proportional to the needs of the case.

21       9.    StarKist objects to the Requests to the extent that they seek documents or

22   information already obtained by Plaintiffs or that they can obtain from sources that are

23   more convenient, less burdensome, or less expensive.  In particular, StarKist objects to the

24   extent the Requests seek documents or information, which by reason of public filing, prior

25   production, or otherwise, are already in Plaintiffs' possession or are readily accessible to

26   Plaintiffs.

27

28

1      10.     StarKist objects to the Requests as premature to the extent that StarKist

2  would have to engage in expert analysis, and/or render expert opinions in order to respond

3  or produce documents.

4      11.     StarKist objects to the Requests to the extent that they are duplicative or

5  cumulative, and objects to each Request to the extent that it is duplicative or cumulative of

6  other discovery.

7      12.     StarKist objects to the definition of "Advertisement(s)" or "Advertising" as

8  vague, ambiguous, overbroad, and unduly burdensome, particularly to the extent it purports

9  to include "any . . . method used to promote" the tuna products at issue in this case.

10     13.     StarKist objects to the definitions of "and," "or," and "any" as vague,

11  ambiguous, overbroad, unduly burdensome, and to the extent they impose obligations on

12  StarKist that are different or broader than those set forth in the Federal Rules of Civil

13  Procedure, applicable Local Rules, or any order or ruling by the Court in this case.  StarKist

14  will construe "and," "or," and "any" to have their normal meaning.

15     14.     StarKist objects to the definition of "Bycatch" as overbroad and unduly

16  burdensome because it includes marine species other than dolphins.

17     15.     StarKist objects to the definition of "Communication" as vague, ambiguous,

18  overbroad, and unduly burdensome, particularly with respect to the phrase "by any means."

19  StarKist further objects to the extent this definition purports to impose obligations on

20  StarKist that are different or broader than those set forth in the Federal Rules of Civil

21  Procedure, applicable Local Rules, or any order or ruling by the Court in this case.

22     16.     StarKist objects to the definition of "Dongwon" as nonsensical as StarKist is

23  unfamiliar with any entity called "Industries Co. Ltd."  StarKist further objects to this

24  definition as vague, ambiguous, overbroad, and unduly burdensome to the extent that it

25  purports to encompass any entity's "past and present parents, subsidiaries, affiliates,

26  predecessors, successors, employees, independent contractors, officers, agents, vendors,

27  accountants, and all other persons or entities acting on its behalf or under its direct or

28

4

1    indirect control."  StarKist further objects to this definition to the extent it seeks

2    information from Dongwon Industries Co. Ltd., which has been dismissed from this Action

3    with prejudice.  StarKist further objects to the extent that the definition calls for a legal

4    conclusion as to any agency, employment, or affiliate relationship.

5        17.    StarKist objects to the definition of "EII" as vague, ambiguous, overbroad,

6    and unduly burdensome to the extent that it purports to encompass the Earth Island

7    Institute's "past and present parents, subsidiaries, affiliates, predecessors, successors,

8    employees, independent contractors, officers, agents, vendors, accountants, and all other

9    persons or entities acting on its behalf or under its direct or indirect control."  StarKist

10   further objects to the extent that the definition calls for a legal conclusion as to any agency,

11   employment, or affiliate relationship.  StarKist will construe "EII" to mean the Earth Island

12   Institute.

13       18.    StarKist objects to the definition of "Employee(s)" as vague, ambiguous,

14   overbroad, and unduly burdensome, particularly to the extent it purports to include anyone

15   who "acted or purported to act on behalf of another person or persons, including all past

16   and present directors, officers, executives, agents, representatives, attorneys, accountants,

17   independent contractors, contact persons, advisors, and consultants of such other person or

18   persons."  StarKist further objects to the extent that the definition calls for a legal

19   conclusion as to any agency or employment relationship.

20       19.    StarKist objects to the definition of "FADs" as vague, ambiguous,

21   overbroad, and unduly burdensome because it is not limited to fish aggregating devices

22   used to attract tuna for use in the tuna products at issue in this case.

23       20.    StarKist objects to the definition of "ISSF" as vague, ambiguous, overbroad,

24   and unduly burdensome to the extent that it purports to encompass the International

25   Seafood Sustainability Foundation's "past and present parents, subsidiaries, affiliates,

26   predecessors, successors, employees, independent contractors, officers, agents, vendors,

27   accountants, and all other persons or entities acting on its behalf or under its direct or

28   indirect control."  StarKist further objects to the extent that the definition calls for a legal

1  conclusion as to any agency, employment, or affiliate relationship. StarKist will construe

2  "ISSF" to mean the International Seafood Sustainability Foundation.

3       21.     StarKist objects to the definition of "Label(s)" and "Labeling" as vague,

4  ambiguous, overbroad, and unduly burdensome to the extent it purports to include "any

5  other promotion or promotional campaign materials that . . . come with" any StarKist

6  product.

7       22.     StarKist objects to the definition of "NFI" as vague, ambiguous, overbroad,

8  and unduly burdensome to the extent that it purports to encompass the National Fisheries

9  Institute's "past and present parents, subsidiaries, affiliates, predecessors, successors,

10  employees, independent contractors, officers, agents, vendors, accountants, and all other

11  persons or entities acting on its behalf or under its direct or indirect control." StarKist

12  further objects to the extent that the definition calls for a legal conclusion as to any agency,

13  employment, or affiliate relationship. StarKist will construe "NFI" to mean the National

14  Fisheries Institute.

15       23.     StarKist objects to the definition of "net sales" as vague and ambiguous in

16  its use of the terms "rebates," "returns," and "discounts."

17       24.     StarKist objects to the definition of "Person(s)" as vague, ambiguous,

18  overbroad, and unduly burdensome, particularly to the extent it purports to include "the

19  representatives of any such person or persons."

20       25.     StarKist objects to the definition of "Product(s)" as vague, ambiguous,

21  overbroad, and unduly burdensome to the extent it purports to include any tuna products

22  that are not branded as "StarKist" products.

23       26.     StarKist objects to the definition of "relate," "relating to," "concerning," and

24  "regarding" as vague, ambiguous, overbroad, and unduly burdensome. StarKist further

25  objects to the extent this definition purports to impose any obligations on StarKist that are

26  different or broader than those set forth in the Federal Rules of Civil Procedure, applicable

27  Local Rules, or any order or ruling by the Court in this case.

28

6

27.     StarKist objects to the definition of "Social Media" as vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "users," "content," and "social networking."

28.     StarKist objects to the definition of "Social Media" as vague, ambiguous, overbroad, and unduly burdensome to the extent it purports to include any "websites and applications that enable users to create and share content."

29.     StarKist objects to the definition of "StarKist," "You," "Your," and "Manufacturer" as vague, ambiguous, overbroad, and unduly burdensome to the extent that it purports to encompass StarKist's "past and present parents, subsidiaries, affiliates, predecessors, successors, employees, independent contractors, officers, agents, vendors, accountants, and all other persons or entities acting on its behalf or under its direct or indirect control including, without limitation, Dongwon." StarKist further objects to this definition to the extent it seeks information not within StarKist's possession, custody, or control. StarKist further objects to this definition to the extent it seeks information from Dongwon Industries Co. Ltd., which has been dismissed from this Action with prejudice. StarKist further objects to this definition to the extent it seeks information, the disclosure of which is prohibited by law, regulation, order of a court, or other authority of a foreign jurisdiction in which the information is located. StarKist further objects to the extent that the definition calls for a legal conclusion as to any agency, employment, or affiliate relationship. StarKist will construe "StarKist," "You," "Your," and "Manufacturer" to mean StarKist Co.

30.     StarKist objects to the definition of "Wholesale Price" as vague and ambiguous in its use of the terms "in bulk," "discount," and "rebate."

31.     StarKist objects to paragraph 2 of the INSTRUCTIONS as vague, ambiguous, overbroad, and unduly burdensome in purporting to require that StarKist interpret any "reference to a business entity" as including that business entity's "affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients, or other representatives of affiliated third parties." StarKist further objects to the

7

1    extent that this paragraph calls for a legal conclusion as to any agency, employment, or

2    affiliate relationship.  StarKist will construe references to a business entity to mean that

3    business entity.

4        32.    StarKist objects to paragraph 3 of the INSTRUCTIONS as overbroad and

5    unduly burdensome, and to the extent this paragraph imposes obligations on StarKist that

6    are different or broader than those set forth in the Federal Rules of Civil Procedure,

7    applicable Local Rules, or any order or ruling by the Court in this case.  StarKist further

8    objects to this paragraph to the extent that it purports to require the production of

9    information that is protected by the attorney-client privilege, work product doctrine, or

10   other similar privileges.  To the extent that StarKist withholds or redacts any responsive

11   documents on the basis of the attorney-client privilege, work product doctrine, or other

12   similar privileges, StarKist will produce a privilege log that complies with Rules 26 and 34

13   of the Federal Rules of Civil Procedure and the Local Rules.  The parties will meet and

14   confer regarding the timing for the exchange of privilege logs in an effort to agree to

15   exchange logs at a mutually agreeable time.

16       33.    StarKist objects to paragraphs 4, 5, and 6 of the INSTRUCTIONS as

17   overbroad, unduly burdensome, and not proportional to the needs of the case.  StarKist

18   further objects to these paragraphs to the extent they seek documents or information that is

19   not in StarKist's possession, custody, or control.  StarKist further objects to these

20   paragraphs to the extent that they impose obligations on StarKist that are different or

21   broader than those set forth in the Federal Rules of Civil Procedure, applicable Local Rules,

22   or any order or ruling by the Court in this case.

23       34.    StarKist objects to paragraph 7 of the INSTRUCTIONS to the extent that it

24   seeks to impose deadlines or other obligations that are inconsistent with Rule 26(e) of the

25   Federal Rules of Civil Procedure.  StarKist will supplement its discovery responses as

26   required by the Federal Rules of Civil Procedure, the Local Rules, or any order or ruling by

27   the Court in this case.

28

35. StarKist objects to paragraphs 8 and 9 of the INSTRUCTIONS as overbroad, unduly burdensome, and not proportional to the needs of the case. StarKist further objects to these paragraphs to the extent that they impose obligations on StarKist that are different or broader than those set forth in the Federal Rules of Civil Procedure, applicable Local Rules, or any order or ruling by the Court in this case.

36. StarKist objects to paragraphs 10 to 33 of the FORM OF PRODUCTION in their entirety as overbroad, unduly burdensome, not proportional to the needs of the case, and imposing obligations on StarKist that are different or broader than those set forth in the Federal Rules of Civil Procedure, applicable Local Rules, or any order or ruling by the Court in this case. The parties have been meeting and conferring on a Stipulation re: Discovery of Electronically Stored Information that addresses the form of production in this Action and will continue to meet and confer on that subject in an effort to execute a mutually agreeable stipulation.

StarKist hereby incorporates the foregoing General Objections into each of its responses below, as though fully stated therein.

## SPECIFIC RESPONSES AND OBJECTIONS

### REVISED REQUEST FOR PRODUCTION NO. 1

All Documents referred to or relied upon in responding to Plaintiffs' First Set of Interrogatories, including but not limited to Documents that were created outside the Relevant Time Period.

### RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 1

StarKist hereby incorporates by reference its General Objections. StarKist further objects on the basis that this Request is overbroad and unduly burdensome and seeks information that is not proportional to the needs of discovery in this case, particularly in its use of the phrase "[a]ll Documents." StarKist further objects to this Request as vague and ambiguous, particularly with respect to the phrase "relied upon." StarKist further objects to the Request to the extent that it seeks information that is publicly available and/or can be obtained from sources that are more convenient, less burdensome, or less expensive.

9

1    StarKist further objects to the Request to the extent that it seeks information protected from

2    discovery by any applicable privilege, immunity, or protection.

3         Subject to and without waiving these objections, StarKist will produce the

4    documents identified pursuant to Federal Rule of Civil Procedure 33(d) in its responses to

5    Plaintiffs' First Set of Interrogatories.  StarKist has not relied upon any other documents in

6    responding to Plaintiffs' First Set of Interrogatories.

7    **REVISED REQUEST FOR PRODUCTION NO. 2**

8         All Documents, including NOAA spot check audit documents, which you contend

9    support the dolphin-safe, responsible sourcing, or sustainability representations made in

10   your Advertisements and Labeling for the Products.

11   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 2**

12        StarKist hereby incorporates by reference its General Objections.  StarKist further

13   objects on the basis that this Request is overbroad and unduly burdensome and seeks

14   information that is not proportional to the needs of discovery in this case, particularly in its

15   use of the phrase "[a]ll Documents," and in light of the Discovery Order holding that

16   discovery requests "relating to sustainability should be narrowed to . . . relate to dolphin

17   harm and/or dolphin mortality."  StarKist further objects to this Request as vague and

18   ambiguous.  StarKist further objects to the Request to the extent that it seeks information

19   that is publicly available and/or can be obtained from sources that are more convenient, less

20   burdensome, or less expensive.  StarKist further objects to the Request to the extent that it

21   seeks information protected from discovery by any applicable privilege, immunity, or

22   protection.

23        Subject to and without waiving these objections, to the extent that they exist, are

24   kept in the ordinary course of business, and can be located in the course of a reasonable

25   search of centrally located files, for the period from May 13, 2015 to September 25, 2020,

26   StarKist will produce non-privileged communications with NOAA regarding spot check

27   audits, StarKist contracts of purchase for tuna incorporated into StarKist branded Products

28

1  sold in the United States, and relevant documents required by such contracts including

2  NOAA Form 370s, captain's statements, and StarKist "Dolphin Safe" certificates.

3  **REVISED REQUEST FOR PRODUCTION NO. 3**

4      All Documents and Communications that support, refer, or relate to Your

5  verification that Your Products are dolphin-safe, do not contain tuna in which any dolphins

6  were harmed in the procurement, and are sustainably sourced.

7  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 3**

8      StarKist hereby incorporates by reference its General Objections.  StarKist further

9  objects on the basis that this Request is overbroad and unduly burdensome and seeks

10  information that is not proportional to the needs of discovery in this case, particularly in its

11  use of the phrase "[a]ll Documents," and in light of the Discovery Order holding that

12  discovery requests "relating to sustainability should be narrowed to . . . relate to dolphin

13  harm and/or dolphin mortality."  StarKist further objects to this Request as vague and

14  ambiguous, particularly with respect to the terms "relate," "verification," "harmed,"

15  "procurement," and "sustainably sourced."  StarKist further objects to this Request as

16  cumulative and duplicative of Request No. 2.  StarKist further objects to the Request to the

17  extent that it seeks information that is publicly available and/or can be obtained from

18  sources that are more convenient, less burdensome, or less expensive.  StarKist further

19  objects to the Request to the extent that it seeks information protected from discovery by

20  any applicable privilege, immunity, or protection.

21      Subject to and without waiving these objections, to the extent that they exist, are

22  kept in the ordinary course of business, and can be located in the course of a reasonable

23  search of centrally located files, for the period from May 13, 2015 to September 25, 2020,

24  StarKist will produce StarKist contracts of purchase for tuna incorporated into StarKist

25  branded Products sold in the United States, and relevant documents required by such

26  contracts including NOAA Form 370s, captain's statements, and StarKist "Dolphin Safe"

27  certificates.  Further, to the extent that they exist, are kept in the ordinary course of

28  business, and can be located in the course of a proportional search based on reasonable

1    custodians and search terms, for the period from May 13, 2015 to September 25, 2020,

2    StarKist will produce non-privileged documents that relate to StarKist's representation that

3    StarKist branded Products sold in the United States are dolphin safe.

4    **REVISED REQUEST FOR PRODUCTION NO. 4**

5            All Documents and Communications relating to or concerning documented

6    instances of dolphins harmed or killed, whether intentionally or unintentionally, in the

7    procurement of the tuna in your Products.  To avoid doubt, this includes any harm to

8    dolphins occurring in fishing for tuna in your Products, even if that harm was attributable to

9    a tuna catch that was segregated out as non-dolphin safe or where the tuna caught did not

10   otherwise end up in your Products.

11   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 4**

12           StarKist hereby incorporates by reference its General Objections.  StarKist further

13   objects on the basis that this Request is overbroad and unduly burdensome and seeks

14   information that is not proportional to the needs of discovery in this case, particularly in its

15   use of the phrases "[a]ll Documents and Communications" and its purported inclusion of

16   tuna that did not end up in any StarKist product.  StarKist further objects to this Request as

17   vague and ambiguous, particularly with respect to the phrases "relating to or concerning"

18   and "documented instances," and the terms "harmed," "harm," "procurement,"

19   "attributable," and "tuna catch."  StarKist further objects to the Request to the extent that it

20   seeks information that is publicly available and/or can be obtained from sources that are

21   more convenient, less burdensome, or less expensive.  StarKist further objects to the

22   Request to the extent that it seeks information protected from discovery by any applicable

23   privilege, immunity, or protection.

24           Subject to and without waiving these objections, to the extent that they exist, are

25   kept in the ordinary course of business, and can be located in the course of a proportional

26   search based on reasonable custodians and search terms, for the period from May 13, 2015

27   to September 25, 2020, StarKist will produce non-privileged documents that relate to

28   documented instances of dolphins harmed or killed in connection with the capture of tuna

1  purchased by StarKist for incorporation into StarKist branded Products sold in the United

2  States.

3  **REVISED REQUEST FOR PRODUCTION NO. 5**

4       All Documents and Communications relating to any harm or killing, whether

5  intentional or unintentional, of dolphins by any fishing by Your fishing fleet, or any boat in

6  which You or Your owners have any financial interest.

7  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 5**

8       StarKist hereby incorporates by reference its General Objections.  StarKist further

9  objects on the basis that this Request is overbroad and unduly burdensome and seeks

10  information that is not proportional to the needs of discovery in this case, particularly in its

11  use of the phrases "[a]ll Documents and Communications," "any harm or killing," "any

12  fishing," "any boat," and "any financial interest."  StarKist further objects to this Request as

13  vague and ambiguous, particularly with respect to the terms "relating," "harm," "fishing

14  fleet," "owners," and "financial interest."  StarKist further objects to this Request as

15  cumulative and duplicative of Request No. 4.  StarKist further objects to this definition to

16  the extent it seeks information from Dongwon Industries Co. Ltd., which has been

17  dismissed from this Action with prejudice.  StarKist further objects to the Request to the

18  extent that it seeks information that is publicly available and/or can be obtained from

19  sources that are more convenient, less burdensome, or less expensive.  StarKist further

20  objects to this Request to the extent it seeks information not within the possession, custody,

21  or control of StarKist.  StarKist further objects to the Request to the extent that it seeks

22  information protected from discovery by any applicable privilege, immunity, or protection.

23       Subject to and without waiving these objections, StarKist states that it does not own,

24  operate, or hold any financial interest in any fishing vessels.

25  **REVISED REQUEST FOR PRODUCTION NO. 6**

26       All Documents related to or concerning tuna that was separately stored because

27  dolphins were harmed during its procurement.

28

1   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 6**

2        StarKist hereby incorporates by reference its General Objections.  StarKist further

3   objects on the basis that this Request is overbroad and unduly burdensome and seeks

4   information that is not proportional to the needs of discovery in this case, particularly in its

5   use of the phrase "[a]ll Documents" and its purported inclusion of tuna unrelated to any

6   StarKist product.  StarKist further objects to this Request as vague and ambiguous,

7   particularly with respect to the phrase "related to or concerning" and the terms "harmed"

8   and "procurement."  StarKist further objects to this Request as cumulative and duplicative

9   of Request Nos. 4 and 5.  StarKist further objects to the Request to the extent that it seeks

10   information that is publicly available and/or can be obtained from sources that are more

11   convenient, less burdensome, or less expensive.  StarKist further objects to this Request to

12   the extent it seeks information not within the possession, custody, or control of StarKist.

13   StarKist further objects to the Request to the extent that it seeks information protected from

14   discovery by any applicable privilege, immunity, or protection.

15        Subject to and without waiving these objections, to the extent that they exist, are

16   kept in the ordinary course of business, and can be located in the course of a proportional

17   search based on reasonable custodians and search terms, for the period from May 13, 2015

18   to September 25, 2020, StarKist will produce non-privileged documents that relate to tuna

19   purchased by StarKist for incorporation into StarKist branded Products sold in the United

20   States that was separately stored because dolphins were harmed during its capture.

21   **REVISED REQUEST FOR PRODUCTION NO. 7**

22        All Documents sufficient to show by name, country of origin, ownership, call sign,

23   IMO number, MMSI number, and flag all boats that supplied the tuna in Your Products or

24   that was involved in transshipping that tuna.

25   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 7**

26        StarKist hereby incorporates by reference its General Objections.  StarKist further

27   objects on the basis that this Request is overbroad and unduly burdensome and seeks

28   information that is not proportional to the needs of discovery in this case, particularly in its

14

1   use of the phrases "[a]ll Documents" and "all boats."  StarKist further objects to this

2   Request as vague and ambiguous, particularly with respect to the terms "IMO number" and

3   "MMSI number," and the phrase "involved in transshipping."  StarKist further objects to

4   the Request to the extent that it seeks information that is publicly available and/or can be

5   obtained from sources that are more convenient, less burdensome, or less expensive.

6   StarKist further objects to the Request to the extent that it seeks information protected from

7   discovery by any applicable privilege, immunity, or protection.

8       Subject to and without waiving these objections, to the extent that they exist, are

9   kept in the ordinary course of business, and can be located in the course of a reasonable

10  search of centrally located files, for the period from May 13, 2015 to September 25, 2020,

11  StarKist will produce contracts of purchase for tuna incorporated into StarKist branded

12  Products sold in the United States, and relevant documents required by such contracts

13  including NOAA Form 370s, captain's statements, and StarKist "Dolphin Safe" certificates.

14  **REVISED REQUEST FOR PRODUCTION NO. 8**

15      All Documents identifying by name, country of origin, ownership, call sign, IMO

16  number, MMSI number, and flag all boats in which You or Your owners, have any

17  ownership or financial interest.

18  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 8**

19      StarKist hereby incorporates by reference its General Objections.  StarKist further

20  objects on the basis that this Request is overbroad and unduly burdensome and seeks

21  information that is not proportional to the needs of discovery in this case, particularly in its

22  use of the phrases "[a]ll Documents," "all boats," and "any ownership or financial interest,"

23  and its purported inclusion of boats unrelated to any StarKist tuna product.  StarKist further

24  objects to this Request as vague and ambiguous, particularly with respect to the terms

25  "IMO number," "MMSI number," and "owners," and the phrase "ownership or financial

26  interest."  StarKist further objects to this Request as cumulative and duplicative of Request

27  No. 7.  StarKist further objects to this definition to the extent it seeks information from

28  Dongwon Industries Co. Ltd., which has been dismissed from this Action with prejudice.

1    StarKist further objects to the Request to the extent that it seeks information that is publicly

2    available and/or can be obtained from sources that are more convenient, less burdensome,

3    or less expensive.  StarKist further objects to this Request to the extent it seeks information

4    not within the possession, custody, or control of StarKist.  StarKist further objects to the

5    Request to the extent that it seeks information protected from discovery by any applicable

6    privilege, immunity, or protection.

7        Subject to and without waiving these objections, StarKist states that it does not own,

8    operate, or hold any financial interest in any fishing vessels.

9    **REVISED REQUEST FOR PRODUCTION NO. 9**

10        All Documents relating to or concerning the fishing method(s) used by each boat

11    that supplied the tuna in Your Products, including, without limitation, the percentage of

12    Your tuna procured by each fishing method.

13    **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 9**

14        StarKist hereby incorporates by reference its General Objections.  StarKist further

15    objects on the basis that this Request is overbroad and unduly burdensome and seeks

16    information that is not proportional to the needs of discovery in this case, particularly in its

17    use of the phrases "[a]ll Documents" and "each boat."  StarKist further objects to this

18    Request as vague and ambiguous, particularly with respect to the term "procured."  StarKist

19    further objects to the Request to the extent that it seeks information that is publicly

20    available and/or can be obtained from sources that are more convenient, less burdensome,

21    or less expensive.  StarKist further objects to the Request to the extent that it seeks

22    information protected from discovery by any applicable privilege, immunity, or protection.

23        Subject to and without waiving these objections, to the extent that they exist, are

24    kept in the ordinary course of business, and can be located in the course of a reasonable

25    search of centrally located files, for the period from May 13, 2015 to September 25, 2020,

26    StarKist will produce contracts of purchase for tuna incorporated into StarKist branded

27    Products sold in the United States, and relevant documents required by such contracts

28    including NOAA Form 370s, captain's statements, and StarKist "Dolphin Safe" certificates.

1   **REVISED REQUEST FOR PRODUCTION NO. 10**

2       For each boat identified in Request No. 8, above, produce Documents identifying

3   the name, address, and contact information of all captains and observers, if any, on board

4   and the time period during which they served.

5   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 10**

6       StarKist hereby incorporates by reference its General Objections.  StarKist further

7   objects on the basis that this Request is overbroad and unduly burdensome and seeks

8   information that is not proportional to the needs of discovery in this case, particularly in its

9   use of the phrase "all captains and observers," and its purported inclusion of boats unrelated

10   to any StarKist tuna product.  StarKist further objects to this Request as vague and

11   ambiguous, particularly with respect to the terms "captains," "observers," and "served."

12   StarKist further objects to the Request to the extent that it seeks information that is publicly

13   available and/or can be obtained from sources that are more convenient, less burdensome,

14   or less expensive.  StarKist further objects to this Request to the extent it seeks information

15   not within the possession, custody, or control of StarKist.  StarKist further objects to the

16   Request to the extent that it seeks information protected from discovery by any applicable

17   privilege, immunity, or protection.

18       Subject to and without waiving these objections, StarKist states that it does not own,

19   operate, or hold any financial interest in any fishing vessels.

20   **REVISED REQUEST FOR PRODUCTION NO. 11**

21       All Documents and Communications relating to or concerning captain and observer

22   compensation on each boat identified in response to Request No. 8, above.

23   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 11**

24       StarKist hereby incorporates by reference its General Objections.  StarKist further

25   objects on the basis that this Request is overbroad and unduly burdensome and seeks

26   information that is not proportional to the needs of discovery in this case, particularly in its

27   use of the phrase "[a]ll Documents and Communications," and its purported inclusion of

28   boats unrelated to any StarKist tuna product.  StarKist further objects to this Request as

1    vague and ambiguous, particularly with respect to the phrase "relating to or concerning"

2    and the terms "captain," "observer," and "compensation."  StarKist further objects to the

3    Request to the extent that it seeks information that is publicly available and/or can be

4    obtained from sources that are more convenient, less burdensome, or less expensive.

5    StarKist further objects to this Request to the extent it seeks information not within the

6    possession, custody, or control of StarKist.  StarKist further objects to the Request to the

7    extent that it seeks information protected from discovery by any applicable privilege,

8    immunity, or protection.

9        Subject to and without waiving these objections, StarKist states that it does not own,

10   operate, or hold any financial interest in any fishing vessels.

11   **REVISED REQUEST FOR PRODUCTION NO. 12**

12       All Documents and Communications relating to or concerning the compensation of

13   Your tuna suppliers, their names, addresses, and contact information, and the term(s) of

14   their engagement(s).

15   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 12**

16       StarKist hereby incorporates by reference its General Objections.  StarKist further

17   objects on the basis that this Request is overbroad and unduly burdensome and seeks

18   information that is not proportional to the needs of discovery in this case, particularly in its

19   use of the phrase "[a]ll Documents and Communications."  StarKist further objects to this

20   Request as vague and ambiguous, particularly with respect to the phrases "relating to or

21   concerning" and "term(s) of their engagement(s)," and the term "compensation."  StarKist

22   further objects to the Request to the extent that it seeks information that is publicly

23   available and/or can be obtained from sources that are more convenient, less burdensome,

24   or less expensive.  StarKist further objects to the Request to the extent that it seeks

25   information protected from discovery by any applicable privilege, immunity, or protection.

26   StarKist further objects to this Request to the extent it calls for information that is subject to

27   third-party confidentiality restrictions.

28

1    Subject to and without waiving these objections, to the extent that they exist, are

2   kept in the ordinary course of business, and can be located in the course of a reasonable

3   search of centrally located files, for the period from May 13, 2015 to September 25, 2020,

4   StarKist will produce contracts of purchase for tuna incorporated into StarKist branded

5   Products sold in the United States.

6   **REVISED REQUEST FOR PRODUCTION NO. 13**

7    All Documents constituting or regarding inquiries, complaints, or Communications

8   regarding Your Products whether by NMFS, NOAA, or any other governmental regulatory

9   agency, either domestic or international.

10   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 13**

11    StarKist hereby incorporates by reference its General Objections.  StarKist further

12   objects on the basis that this Request is overbroad and unduly burdensome and seeks

13   information that is not proportional to the needs of discovery in this case, particularly in its

14   use of the phrases "[a]ll Documents" and "any other governmental regulatory agency, either

15   domestic or international," and its purported inclusion of documents without any limitation

16   as to subject matter.  StarKist further objects to this Request as vague and ambiguous,

17   particularly with respect to the terms "regarding," "inquiries," "complaints," and

18   "governmental regulatory agency."  StarKist further objects to the Request to the extent that

19   it seeks information that is publicly available and/or can be obtained from sources that are

20   more convenient, less burdensome, or less expensive.  StarKist further objects to this

21   Request to the extent it seeks information not within the possession, custody, or control of

22   StarKist.  StarKist further objects to the Request to the extent that it seeks information

23   protected from discovery by any applicable privilege, immunity, or protection.

24    Subject to and without waiving these objections, to the extent that they exist, are

25   kept in the ordinary course of business, and can be located in the course of a reasonable

26   search of centrally located files, for the period from May 13, 2015 to September 25, 2020,

27   StarKist will produce non-privileged communications with NOAA regarding spot check

28   audits.  StarKist is not aware of any complaints, during the period from May 13, 2015 to

1   September 25, 2020, by any governmental regulatory agency regarding the dolphin safety

2   of StarKist branded Products sold in the United States.

3   **REVISED REQUEST FOR PRODUCTION NO. 14**

4         Copies of all Social Media Communications relating to or concerning dolphin

5   safety, fishing methods, and/or responsible sourcing of Your Products from the time the

6   Products were first introduced to the present.

7   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 14**

8         StarKist hereby incorporates by reference its General Objections.  StarKist further

9   objects on the basis that this Request is overbroad and unduly burdensome and seeks

10   information that is not proportional to the needs of discovery in this case, particularly in its

11   use of the phrases "all Social Media Communications" and "from the time the Products

12   were first introduced," and in light of the Discovery Order holding that discovery requests

13   "relating to sustainability should be narrowed to . . . relate to dolphin harm and/or dolphin

14   mortality."  StarKist further objects to this Request as vague and ambiguous, particularly

15   with respect to the terms "responsible sourcing" and "introduced."  StarKist further objects

16   to the Request to the extent that it seeks information that is publicly available and/or can be

17   obtained from sources that are more convenient, less burdensome, or less expensive.

18   StarKist further objects to this Request to the extent it seeks information not within the

19   possession, custody, or control of StarKist.  StarKist further objects to the Request to the

20   extent that it seeks information protected from discovery by any applicable privilege,

21   immunity, or protection.

22         Subject to and without waiving these objections, StarKist states that all of its social

23   media communications regarding dolphin safety are publicly available on social media

24   platforms that are equally accessible to Plaintiffs.

25   **REVISED REQUEST FOR PRODUCTION NO. 15**

26         Exemplars of all sales materials, promotional materials, newsletters, informational

27   publications, and advertisements, including, but not limited to print, radio, internet and

28   television advertisements, and point-of-sale literature which in any way refer to, depict,

1   and/or discuss dolphin safety, tuna fishing methods and procurement, and/or responsible

2   tuna sourcing, including all versions and drafts from the time the Products were first

3   introduced to the present.

4   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 15**

5        StarKist hereby incorporates by reference its General Objections.  StarKist further

6   objects on the basis that this Request is overbroad and unduly burdensome and seeks

7   information that is not proportional to the needs of discovery in this case, particularly in its

8   use of the phrases "all sales materials, promotional materials, newsletters, informational

9   publications, and advertisements," "in any way refer to, depict, and/or discuss," "all

10  versions and drafts," and "from the time the Products were first introduced," and in light of

11  the Discovery Order holding that discovery requests "relating to sustainability should be

12  narrowed to . . . relate to dolphin harm and/or dolphin mortality."  StarKist further objects

13  to this Request as vague and ambiguous, particularly with respect to the terms

14  "informational publications," "procurement," "responsible tuna sourcing," and

15  "introduced."  StarKist further objects to this Request as cumulative and duplicative of

16  Request No. 14.  StarKist further objects to the Request to the extent that it seeks

17  information that is publicly available and/or can be obtained from sources that are more

18  convenient, less burdensome, or less expensive.  StarKist further objects to this Request to

19  the extent it seeks information not within the possession, custody, or control of StarKist.

20  StarKist further objects to the Request to the extent that it seeks information protected from

21  discovery by any applicable privilege, immunity, or protection.

22       Subject to and without waiving these objections, to the extent that they exist, are

23  kept in the ordinary course of business, and can be located in the course of a reasonable

24  search of centrally located files, for the period from May 13, 2015 to September 25, 2020,

25  StarKist will produce archived exemplars of marketing materials that address the dolphin

26  safety of StarKist branded Products sold in the United States.

27

28

**REVISED REQUEST FOR PRODUCTION NO. 16**

1

2          All Documents and Communications related to or concerning the design, content,

3   placement and distribution, budget, payment, and return on investment of or for the sales

4   materials, promotional materials, newsletters, informational publications, advertisements,

5   and Social Media Communications produced in response to Request Nos. 14 & 15, without

6   temporal limitation.

**RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 16**

7

8          StarKist hereby incorporates by reference its General Objections.  StarKist further

9   objects on the basis that this Request is overbroad and unduly burdensome and seeks

10  information that is not proportional to the needs of discovery in this case, particularly in its

11  use of the phrases "[a]ll Documents and Communications" and "without temporal

12  limitation."  StarKist further objects to this Request as vague and ambiguous, particularly

13  with respect to the phrases "related to or concerning," "placement and distribution," "return

14  on investment," and "informational publications."  StarKist further objects to this Request

15  as premature to the extent that it calls for expert analysis and/or opinions.  StarKist further

16  objects to the Request to the extent that it seeks information that is publicly available and/or

17  can be obtained from sources that are more convenient, less burdensome, or less expensive.

18  StarKist further objects to this Request to the extent it seeks information not within the

19  possession, custody, or control of StarKist.  StarKist further objects to the Request to the

20  extent that it seeks information protected from discovery by any applicable privilege,

21  immunity, or protection.

22          Subject to and without waiving these objections, to the extent that they exist, are

23  kept in the ordinary course of business, and can be located in the course of a proportional

24  search based on reasonable custodians and search terms, for the period from May 13, 2015

25  to September 25, 2020, StarKist will produce non-privileged documents that relate to the

26  design, content, placement and distribution, budget, payment, and return on investment of

27  marketing addressing the dolphin safety of StarKist branded Products sold in the United

28  States.

STARKIST'S R&Os TO REVISED FIRST RFPs
Case No. 3:19-cv-02561-WHO

1    **REVISED REQUEST FOR PRODUCTION NO. 17**

2         Exemplars of all Product Labels from the time the Products were first introduced to

3    the present, including all versions, drafts, revisions, and information regarding when and

4    where the exemplars were utilized or disseminated.

5    **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 17**

6         StarKist hereby incorporates by reference its General Objections.  StarKist further

7    objects on the basis that this Request is overbroad and unduly burdensome and seeks

8    information that is not proportional to the needs of discovery in this case, particularly in its

9    use of the phrases "all Product Labels," "from the time the Products were first introduced,"

10   and "all versions, drafts, revisions."  StarKist further objects to this Request as vague and

11   ambiguous, particularly with respect to the terms "introduced," "utilized," and

12   "disseminated."  StarKist further objects to the Request to the extent that it seeks

13   information that is publicly available and/or can be obtained from sources that are more

14   convenient, less burdensome, or less expensive.  StarKist further objects to this Request to

15   the extent it seeks information not within the possession, custody, or control of StarKist.

16   StarKist further objects to the Request to the extent that it seeks information protected from

17   discovery by any applicable privilege, immunity, or protection.

18        Subject to and without waiving these objections, to the extent that they exist, are

19   kept in the ordinary course of business, and can be located in the course of a reasonable

20   search of centrally located files, for the period from May 13, 2015 to September 25, 2020,

21   StarKist will produce archived exemplars of product labels for StarKist branded Products

22   sold in the United States.

23   **REVISED REQUEST FOR PRODUCTION NO. 18**

24        All Documents and Communications related to or concerning the design and content

25   of the Product Labels, from the time the Products were first introduced to the present,

26   including, without limitation, the dolphin-safe, sustainability, and tracking information to

27   be provided on the Label and placement of the dolphin-safe logo on the Label, their font

28   size and color selection.

23

1   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 18**

2       StarKist hereby incorporates by reference its General Objections.  StarKist further

3   objects on the basis that this Request is overbroad and unduly burdensome and seeks

4   information that is not proportional to the needs of discovery in this case, particularly in its

5   use of the phrases "[a]ll Documents and Communications" and "from the time the Products

6   were first introduced," and in light of the Discovery Order holding that the "only label at

7   issue in [this Action] is the dolphin-safe label" and that discovery requests "relating to

8   sustainability should be narrowed to . . . relate to dolphin harm and/or dolphin mortality."

9   StarKist further objects to this Request as vague and ambiguous, particularly with respect to

10  the phrase "related to or concerning" and the terms "introduced," "sustainability," and

11  "tracking."  StarKist further objects to the Request to the extent that it seeks information

12  that is publicly available and/or can be obtained from sources that are more convenient, less

13  burdensome, or less expensive.  StarKist further objects to this Request to the extent it

14  seeks information not within the possession, custody, or control of StarKist.  StarKist

15  further objects to the Request to the extent that it seeks information protected from

16  discovery by any applicable privilege, immunity, or protection.

17      Subject to and without waiving these objections, to the extent that they exist, are

18  kept in the ordinary course of business, and can be located in the course of a proportional

19  search based on reasonable custodians and search terms, for the period from May 13, 2015

20  to September 25, 2020, StarKist will produce non-privileged documents that relate to the

21  dolphin-safe logo and any other dolphin-safe information on product labels for StarKist

22  branded Products sold in the United States.

23  **REVISED REQUEST FOR PRODUCTION NO. 19**

24      All Documents that evidence, memorialize, summarize, analyze, or discuss how to

25  market or advertise Your Products and the return on investment or effectiveness of the

26  marketing and advertising, created at any point from the time the Products were first

27  introduced to the present.

28

24

STARKIST'S R&Os TO REVISED FIRST RFPs
Case No. 3:19-cv-02561-WHO

1    **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 19**

2    StarKist hereby incorporates by reference its General Objections.  StarKist further

3    objects on the basis that this Request is overbroad and unduly burdensome and seeks

4    information that is not proportional to the needs of discovery in this case, particularly in its

5    use of the phrases "[a]ll Documents" and "from the time the Products were first

6    introduced," and its purported inclusion of marketing and advertising documents without

7    any limitation as to subject matter.  StarKist further objects to this Request as vague and

8    ambiguous, particularly with respect to the terms "return on investment," "effectiveness,"

9    and "introduced."  StarKist further objects to this Request as premature to the extent that it

10    calls for expert analysis and/or opinions.  StarKist further objects to this Request as

11    cumulative and duplicative of Request No. 18.  StarKist further objects to this Request to

12    the extent it seeks information not within the possession, custody, or control of StarKist.

13    StarKist further objects to the Request to the extent that it seeks information protected from

14    discovery by any applicable privilege, immunity, or protection.

15    Subject to and without waiving these objections, to the extent that they exist, are

16    kept in the ordinary course of business, and can be located in the course of a proportional

17    search based on reasonable custodians and search terms, for the period from May 13, 2015

18    to September 25, 2020, StarKist will produce non-privileged documents that relate to the

19    design, content, placement and distribution, budget, payment, and return on investment of

20    marketing addressing the dolphin safety of StarKist branded Products sold in the United

21    States.

22    **REVISED REQUEST FOR PRODUCTION NO. 20**

23    All Documents that evidence, reflect, or relate to any marketing analysis or survey

24    done at any time involving the importance to consumers or retailers of dolphin safety and

25    sustainable sourcing and/or the price consumers are willing to pay for dolphin-safe and

26    sustainably sourced tuna.

27

28

1    <u>**RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 20**</u>

2        StarKist hereby incorporates by reference its General Objections.  StarKist further

3    objects on the basis that this Request is overbroad and unduly burdensome and seeks

4    information that is not proportional to the needs of discovery in this case, particularly in its

5    use of the phrases "[a]ll Documents" and "at any time," and in light of the Discovery Order

6    holding that discovery requests "relating to sustainability should be narrowed to . . . relate

7    to dolphin harm and/or dolphin mortality."  StarKist further objects to this Request as vague

8    and ambiguous, particularly with respect to the terms "importance," "sustainable sourcing,"

9    and "sustainably sourced."  StarKist further objects to this Request as premature to the

10   extent that it calls for expert analysis and/or opinions.  StarKist further objects to the

11   Request to the extent that it seeks information protected from discovery by any applicable

12   privilege, immunity, or protection.  StarKist further objects to this Request to the extent it

13   calls for information that is subject to third-party confidentiality restrictions.

14       Subject to and without waiving these objections, to the extent that they exist, are

15   kept in the ordinary course of business, and can be located in the course of a proportional

16   search based on reasonable custodians and search terms, for the period from May 13, 2015

17   to September 25, 2020, StarKist will produce non-privileged marketing analyses or surveys

18   that address the importance to Unites States consumers or retailers of dolphin safety and/or

19   the price United States consumers are willing to pay for dolphin-safe tuna products.

20   <u>**REVISED REQUEST FOR PRODUCTION NO. 21**</u>

21       All Documents identifying the name, address, and contact person(s) of all retailers

22   of Your Products in the United States, the locations of all stores where they sold Your

23   Products in the United States, and when each store sold Your Products in the United States.

24   <u>**RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 21**</u>

25       StarKist hereby incorporates by reference its General Objections.  StarKist further

26   objects on the basis that this Request is overbroad and unduly burdensome and seeks

27   information that is not proportional to the needs of discovery in this case, particularly in its

28   use of the phrases "all retailers" and "all stores."  StarKist further objects to this Request as

1   vague and ambiguous, particularly with respect to the term "contact person(s)."  StarKist

2   further objects to the Request to the extent that it seeks information that is publicly

3   available and/or can be obtained from sources that are more convenient, less burdensome,

4   or less expensive.  StarKist further objects to this Request to the extent it seeks information

5   not within the possession, custody, or control of StarKist.  StarKist further objects to the

6   Request to the extent that it seeks information protected from discovery by any applicable

7   privilege, immunity, or protection.

8        Subject to and without waiving these objections, to the extent that they exist, are

9   kept in the ordinary course of business, and can be located in the course of a reasonable

10  search of centrally located files, for the period from May 13, 2015 to September 25, 2020,

11  StarKist will produce non-privileged and responsive transactional data that relate to

12  retailers of StarKist branded Products sold in the United States.

13  **REVISED REQUEST FOR PRODUCTION NO. 22**

14       All Documents and Communications with retailers related to or concerning dolphin

15  safety, tuna sourcing methods, sustainability, FADs, and substantiation of the Products'

16  Label representations.

17  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 22**

18       StarKist hereby incorporates by reference its General Objections.  StarKist further

19  objects on the basis that this Request is overbroad and unduly burdensome and seeks

20  information that is not proportional to the needs of discovery in this case, particularly in its

21  use of the phrase "[a]ll Documents and Communications," and in light of the Discovery

22  Order holding that discovery requests "relating to sustainability should be narrowed to . . .

23  relate to dolphin harm and/or dolphin mortality."  StarKist further objects to this Request as

24  vague and ambiguous, particularly with respect to the phrases "Documents . . . with" and

25  "related to or concerning," and the terms "tuna sourcing methods," "sustainability," and

26  "substantiation."  StarKist further objects to the Request to the extent that it seeks

27  information that is publicly available and/or can be obtained from sources that are more

28  convenient, less burdensome, or less expensive.  StarKist further objects to this Request to

27

1  the extent it seeks information not within the possession, custody, or control of StarKist.

2  StarKist further objects to the Request to the extent that it seeks information protected from

3  discovery by any applicable privilege, immunity, or protection.

4      Subject to and without waiving these objections, to the extent that they exist, are

5  kept in the ordinary course of business, and can be located in the course of a proportional

6  search based on reasonable custodians and search terms, for the period from May 13, 2015

7  to September 25, 2020, StarKist will produce non-privileged communications with retailers

8  that relate to the dolphin safety of StarKist branded Products sold in the United States.

9  **REVISED REQUEST FOR PRODUCTION NO. 23**

10      All Documents identifying each shipment of Your Products to retailers or third party

11  distributors for sale to U.S. consumers, including:

12      1.      The name and address of the recipient;

13      2.      The total number of units of each Product shipped;

14      3.      The Wholesale Price, SKU, UPC, and MSRP of each Product shipped; and

15      4.      The amount of any rebate on each Product shipped.

16  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 23**

17      StarKist hereby incorporates by reference its General Objections.  StarKist further

18  objects on the basis that this Request is overbroad and unduly burdensome and seeks

19  information that is not proportional to the needs of discovery in this case, particularly in its

20  use of the phrase "[a]ll Documents."  StarKist further objects to this Request as vague and

21  ambiguous, particularly with respect to the phrase "for sale to U.S. consumers" and the

22  term "rebate."  StarKist further objects to the Request to the extent that it seeks information

23  that is publicly available and/or can be obtained from sources that are more convenient, less

24  burdensome, or less expensive.  StarKist further objects to this Request to the extent it

25  seeks information not within the possession, custody, or control of StarKist.  StarKist

26  further objects to the Request to the extent that it seeks information protected from

27  discovery by any applicable privilege, immunity, or protection.  StarKist further objects to

28

1   this Request to the extent it calls for information that is subject to third-party confidentiality

2   restrictions.

3       Subject to and without waiving these objections, to the extent that they exist, are

4   kept in the ordinary course of business, and can be located in the course of a reasonable

5   search of centrally located files, for the period from May 13, 2015 to September 25, 2020,

6   StarKist will produce non-privileged and responsive transactional data that relate to

7   shipments to retailers or third party distributors of StarKist branded Products sold in the

8   United States.

9   **REVISED REQUEST FOR PRODUCTION NO. 24**

10      All Documents identifying separately by state and on a monthly basis the total

11  number of units, SKUs, and UPCs, of each Product distributed for retail sale and the Net

12  Sales amount You received from sales of each Product.

13  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 24**

14      StarKist hereby incorporates by reference its General Objections.  StarKist further

15  objects on the basis that this Request is overbroad and unduly burdensome and seeks

16  information that is not proportional to the needs of discovery in this case, particularly in its

17  use of the phrase "[a]ll Documents."  StarKist further objects to this Request as vague and

18  ambiguous, particularly with respect to the phrase "distributed for retail sale."  StarKist

19  further objects to the Request to the extent that it seeks information that is publicly

20  available and/or can be obtained from sources that are more convenient, less burdensome,

21  or less expensive.  StarKist further objects to this Request to the extent it seeks information

22  not within the possession, custody, or control of StarKist.  StarKist further objects to the

23  Request to the extent that it seeks information protected from discovery by any applicable

24  privilege, immunity, or protection.

25      Subject to and without waiving these objections, to the extent that they exist, are

26  kept in the ordinary course of business, and can be located in the course of a reasonable

27  search of centrally located files, for the period from May 13, 2015 to September 25, 2020,

28

1    StarKist will produce non-privileged and responsive transactional data that relate to

2    StarKist branded Products sold in the United States.

3    **REVISED REQUEST FOR PRODUCTION NO. 25**

4         All Documents identifying separately by state and on a monthly basis the total

5    number of units, SKUs, and UPCs, of each Product returned to You by retailers, third party

6    distributors or consumers.

7    **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 25**

8         StarKist hereby incorporates by reference its General Objections.  StarKist further

9    objects on the basis that this Request is overbroad and unduly burdensome and seeks

10   information that is not proportional to the needs of discovery in this case, particularly in its

11   use of the phrase "[a]ll Documents."  StarKist further objects to this Request as vague and

12   ambiguous, particularly with respect to the term "returned."  StarKist further objects to the

13   Request to the extent that it seeks information that is publicly available and/or can be

14   obtained from sources that are more convenient, less burdensome, or less expensive.

15   StarKist further objects to this Request to the extent it seeks information not within the

16   possession, custody, or control of StarKist.  StarKist further objects to the Request to the

17   extent that it seeks information protected from discovery by any applicable privilege,

18   immunity, or protection.

19        Subject to and without waiving these objections, to the extent that they exist, are

20   kept in the ordinary course of business, and can be located in the course of a reasonable

21   search of centrally located files, for the period from May 13, 2015 to September 25, 2020,

22   StarKist will produce non-privileged and responsive transactional data that relate to returns

23   of StarKist branded Products sold in the United States.

24   **REVISED REQUEST FOR PRODUCTION NO. 26**

25        All Documents received from retailers, IRI, or Nielsen which refer to or concern the

26   pricing, Revenue, and/or sales of any of the Products.

27

28

1    **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 26**

2        StarKist hereby incorporates by reference its General Objections.  StarKist further

3    objects on the basis that this Request is overbroad and unduly burdensome and seeks

4    information that is not proportional to the needs of discovery in this case, particularly in its

5    use of the phrase "[a]ll Documents."  StarKist further objects to this Request as vague and

6    ambiguous, particularly with respect to the term "concern."  StarKist further objects to this

7    Request as cumulative and duplicative of Request No. 24.  StarKist further objects to the

8    Request to the extent that it seeks information that is publicly available and/or can be

9    obtained from sources that are more convenient, less burdensome, or less expensive.

10   StarKist further objects to the Request to the extent that it seeks information protected from

11   discovery by any applicable privilege, immunity, or protection.  StarKist further objects to

12   this Request to the extent it calls for information that is subject to third-party confidentiality

13   restrictions.

14       Subject to and without waiving these objections, StarKist is willing to meet and

15   confer with Plaintiffs about this Request.

16   **REVISED REQUEST FOR PRODUCTION NO. 27**

17       All Documents and Communications relating to or concerning the price premium,

18   dollar value, or Product-associated cost of the dolphin-safe guarantee and/or sustainable

19   sourcing.

20   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 27**

21       StarKist hereby incorporates by reference its General Objections.  StarKist further

22   objects on the basis that this Request is overbroad and unduly burdensome and seeks

23   information that is not proportional to the needs of discovery in this case, particularly in its

24   use of the phrase "[a]ll Documents and Communications" and in light of the Discovery

25   Order holding that discovery requests "relating to sustainability should be narrowed to . . .

26   relate to dolphin harm and/or dolphin mortality."  StarKist further objects to this Request as

27   vague and ambiguous, particularly with respect to the phrase "relating to or concerning"

28   and the terms "price premium," "Product-associated cost," "sustainable sourcing."  StarKist

31

1   further objects to this Request as premature to the extent that it calls for expert analysis

2   and/or opinions.  StarKist further objects to the Request to the extent that it seeks

3   information protected from discovery by any applicable privilege, immunity, or protection.

4          Subject to and without waiving these objections, to the extent that they exist, are

5   kept in the ordinary course of business, and can be located in the course of a proportional

6   search based on reasonable custodians and search terms, for the period from May 13, 2015

7   to September 25, 2020, StarKist will produce non-privileged documents that relate to any

8   price premium or dollar value associated with StarKist's representation that StarKist

9   branded Products sold in the United States are dolphin safe.

10  **REVISED REQUEST FOR PRODUCTION NO. 28**

11         All Documents and Communications relating to the use of FADs in procuring tuna

12  in Your Products.

13  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 28**

14         StarKist hereby incorporates by reference its General Objections.  StarKist further

15  objects on the basis that this Request is overbroad and unduly burdensome and seeks

16  information that is not proportional to the needs of discovery in this case, particularly in its

17  use of the phrase "[a]ll Documents and Communications" and its purported inclusion of

18  documents unrelated to dolphin harm and/or dolphin mortality.  StarKist further objects to

19  this Request as vague and ambiguous, particularly with respect to the terms "use" and

20  "procuring."  StarKist further objects to the Request to the extent that it seeks information

21  that is publicly available and/or can be obtained from sources that are more convenient, less

22  burdensome, or less expensive.  StarKist further objects to the Request to the extent that it

23  seeks information protected from discovery by any applicable privilege, immunity, or

24  protection.

25         Subject to and without waiving these objections, to the extent that they exist, are

26  kept in the ordinary course of business, and can be located in the course of a proportional

27  search based on reasonable custodians and search terms, for the period from May 13, 2015

28  to September 25, 2020, StarKist will produce non-privileged documents that relate to

1  dolphins harmed or killed by the use of FADs in connection with the capture of tuna

2  purchased by StarKist for incorporation into StarKist branded Products sold in the United

3  States.

4  **REVISED REQUEST FOR PRODUCTION NO. 29**

5        All Documents or Communications that refer to or discuss any meeting,

6  Communication, or agreement with Tri-Union Seafoods, LLC (dba Chicken of the Sea

7  International, Inc.) or Bumble Bee Foods, LLC concerning the marketing, Advertising,

8  packing or co-packing, fishing methods, use or non-use of FADs, dolphin safety, or sale of

9  Your Products, including, without limitation, the February 2012 agreement with Bumble

10  Bee Foods, LLC and Tri-Union Seafoods, LLC (dba Chicken of the Sea International, Inc.)

11  to not sell a branded FAD-free tuna product in the U.S. and the May 31, 2012 statement

12  issued through the NFI on behalf of Bumble Bee, Chicken of the Sea, and StarKist.

13  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 29**

14        StarKist hereby incorporates by reference its General Objections.  StarKist further

15  objects on the basis that this Request is overbroad and unduly burdensome and seeks

16  information that is not proportional to the needs of discovery in this case, particularly in its

17  use of the phrase "[a]ll Documents or Communications" and its purported inclusion of

18  documents unrelated to dolphin harm and/or dolphin mortality.  StarKist further objects to

19  this Request as vague and ambiguous, particularly with respect to the terms "concerning,"

20  "agreement," and "packing or co-packing."  StarKist further objects to the Request to the

21  extent that it seeks information that is publicly available and/or can be obtained from

22  sources that are more convenient, less burdensome, or less expensive.  StarKist further

23  objects to this Request to the extent it seeks information not within the possession, custody,

24  or control of StarKist.  StarKist further objects to the Request to the extent that it seeks

25  information protected from discovery by any applicable privilege, immunity, or protection.

26        Subject to and without waiving these objections, to the extent that they exist, are

27  kept in the ordinary course of business, and can be located in the course of a proportional

28  search based on reasonable custodians and search terms, for the period from May 13, 2015

1    to September 25, 2020, StarKist will produce non-privileged communications with Tri-

2    Union Seafoods, LLC (dba Chicken of the Sea International, Inc.) or Bumble Bee Foods,

3    LLC that relate to the dolphin safety of tuna sold in the United States.

4    **REVISED REQUEST FOR PRODUCTION NO. 30**

5         All Documents referring or relating to Your Communications with EII, including

6    but not limited to EII's International Marine Mammal Project n("IMMP") and/or MSC

7    regarding dolphin safety and/or sustainability standards and their respective organization's

8    sustainability requirements.

9    **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 30**

10        StarKist hereby incorporates by reference its General Objections.  StarKist further

11   objects on the basis that this Request is overbroad and unduly burdensome and seeks

12   information that is not proportional to the needs of discovery in this case, particularly in its

13   use of the phrase "[a]ll Documents" and in light of the Discovery Order holding that

14   discovery requests "relating to sustainability should be narrowed to . . . relate to dolphin

15   harm and/or dolphin mortality."  StarKist further objects to this Request as vague and

16   ambiguous, particularly with respect to the terms "relating," "n('IMMP')," "sustainability

17   standards," and "sustainability requirements."  StarKist further objects to the Request to the

18   extent that it seeks information that is publicly available and/or can be obtained from

19   sources that are more convenient, less burdensome, or less expensive.  StarKist further

20   objects to this Request to the extent it seeks information not within the possession, custody,

21   or control of StarKist.  StarKist further objects to the Request to the extent that it seeks

22   information protected from discovery by any applicable privilege, immunity, or protection.

23        Subject to and without waiving these objections, to the extent that they exist, are

24   kept in the ordinary course of business, and can be located in the course of a proportional

25   search based on reasonable custodians and search terms, for the period from May 13, 2015

26   to September 25, 2020, StarKist will produce non-privileged communications with EII

27   and/or MSC that relate to the dolphin safety of tuna sold in the United States.

28

1    **REVISED REQUEST FOR PRODUCTION NO. 31**

2          All Documents and Communications which refer to or concern Your use of a

3    Dolphin-Safe Logo or Your decision not to use the dolphin-safe mark codified at 50 C.F.R.

4    § 216.95.  This request includes, without limitation, Documents and Communications

5    concerning:

6          1.      Inspections or audits by EII and/or IMMP of your compliance with their

7                  dolphin safe certification requirements and the results thereof, including

8                  captain's statements and other documents supplied to EII and/or IMMP in

9                  the course of its inspections or audits;

10         2.      EII and IMMP's dolphin safety verification requirements; and

11         3.      Your compliance with and/or violation of EII and IMMP''s dolphin-safe

12                 Monitoring Program certification standards and requirements.

13   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 31**

14         StarKist hereby incorporates by reference its General Objections.  StarKist further

15   objects on the basis that this Request is overbroad and unduly burdensome and seeks

16   information that is not proportional to the needs of discovery in this case, particularly in its

17   use of the phrase "[a]ll Documents or Communications."  StarKist further objects to this

18   Request as vague and ambiguous, particularly with respect to the terms "IMMP,"

19   "compliance," "certification requirements," "verification requirements," "Monitoring

20   Program," and "certification standards and requirements."  StarKist further objects to this

21   Request as cumulative and duplicative of Request No. 30.  StarKist further objects to the

22   Request to the extent that it seeks information that is publicly available and/or can be

23   obtained from sources that are more convenient, less burdensome, or less expensive.

24   StarKist further objects to this Request to the extent it seeks information not within the

25   possession, custody, or control of StarKist.  StarKist further objects to the Request to the

26   extent that it seeks information protected from discovery by any applicable privilege,

27   immunity, or protection.

28

1    Subject to and without waiving these objections, to the extent that they exist, are

2    kept in the ordinary course of business, and can be located in the course of a proportional

3    search based on reasonable custodians and search terms, for the period from May 13, 2015

4    to September 25, 2020, StarKist will produce non-privileged documents that relate to the

5    dolphin-safe logo on product labels for StarKist branded Products sold in the United States.

6    Further, to the extent that they exist, are kept in the ordinary course of business, and can be

7    located in the course of a proportional search based on reasonable custodians and search

8    terms, for the period from May 13, 2015 to September 25, 2020, StarKist will produce non-

9    privileged communications with EII that relate to the dolphin safety of tuna sold in the

10   United States.

11   **REVISED REQUEST FOR PRODUCTION NO. 32**

12   All Documents and Communications relating to Your membership in the ISSF.

13   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 32**

14   StarKist hereby incorporates by reference its General Objections.  StarKist further

15   objects on the basis that this Request is overbroad and unduly burdensome and seeks

16   information that is not proportional to the needs of discovery in this case, particularly in its

17   use of the phrase "[a]ll Documents or Communications" and its purported inclusion of

18   documents unrelated to dolphin harm and/or dolphin mortality.  StarKist further objects to

19   this Request as vague and ambiguous, particularly with respect to the term "membership."

20   StarKist further objects to the Request to the extent that it seeks information that is publicly

21   available and/or can be obtained from sources that are more convenient, less burdensome,

22   or less expensive.  StarKist further objects to this Request to the extent it seeks information

23   not within the possession, custody, or control of StarKist.  StarKist further objects to the

24   Request to the extent that it seeks information protected from discovery by any applicable

25   privilege, immunity, or protection.

26   **REVISED REQUEST FOR PRODUCTION NO. 33**

27   Documents sufficient to show all money You paid to ISSF, MSC, NFI, or EII.  This

28   includes, without limitation, all money paid as a result of membership dues, assessments,

1  fees, special projects, lobbying, and the like, as well as any money voluntarily paid or

2  donated to them.

3  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 33**

4      StarKist hereby incorporates by reference its General Objections.  StarKist further

5  objects on the basis that this Request is overbroad and unduly burdensome and seeks

6  information that is not proportional to the needs of discovery in this case, particularly in its

7  use of the phrase "all money" and its purported inclusion of documents unrelated to dolphin

8  harm and/or dolphin mortality.  StarKist further objects to this Request as vague and

9  ambiguous, particularly with respect to the terms "special projects" and "the like."  StarKist

10  further objects to this Request as cumulative and duplicative of Request No. 32.  StarKist

11  further objects to the Request to the extent that it seeks information that is publicly

12  available and/or can be obtained from sources that are more convenient, less burdensome,

13  or less expensive.  StarKist further objects to this Request to the extent it seeks information

14  not within the possession, custody, or control of StarKist.  StarKist further objects to the

15  Request to the extent that it seeks information protected from discovery by any applicable

16  privilege, immunity, or protection.

17  **REVISED REQUEST FOR PRODUCTION NO. 34**

18      All Documents or Communications with Greenpeace, Sea Shepherd, WWF, or any

19  other Non-Governmental Organization regarding dolphins or tuna.

20  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 34**

21      StarKist hereby incorporates by reference its General Objections.  StarKist further

22  objects on the basis that this Request is overbroad and unduly burdensome and seeks

23  information that is not proportional to the needs of discovery in this case, particularly in its

24  use of the phrases "[a]ll Documents or Communications" and "any other Non-

25  Governmental Organization," and its purported inclusion of documents unrelated to dolphin

26  harm and/or dolphin mortality.  StarKist further objects to this Request as vague and

27  ambiguous, particularly with respect to the undefined terms "Greenpeace," "Sea Shepherd,"

28  and "Non-Governmental Organization."  StarKist further objects to this Request as

37

1   cumulative and duplicative of Request Nos. 30, 31, 32, and 33.  StarKist further objects to

2   the Request to the extent that it seeks information that is publicly available and/or can be

3   obtained from sources that are more convenient, less burdensome, or less expensive.

4   StarKist further objects to this Request to the extent it seeks information not within the

5   possession, custody, or control of StarKist.  StarKist further objects to the Request to the

6   extent that it seeks information protected from discovery by any applicable privilege,

7   immunity, or protection.

8       Subject to and without waiving these objections, to the extent that they exist, are

9   kept in the ordinary course of business, and can be located in the course of a proportional

10  search based on reasonable custodians and search terms, for the period from May 13, 2015

11  to September 25, 2020, StarKist will produce non-privileged communications with non-

12  governmental organizations that relate to the dolphin safety of tuna sold in the United

13  States.

14  **REVISED REQUEST FOR PRODUCTION NO. 35**

15      All Documents and Communications with the PNA or Pacifical relating to

16  sustainably caught tuna or tuna Products, including communications from EII regarding

17  tuna sourced from PNA waters or by Pacifical.

18  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 35**

19      StarKist hereby incorporates by reference its General Objections.  StarKist further

20  objects on the basis that this Request is overbroad and unduly burdensome and seeks

21  information that is not proportional to the needs of discovery in this case, particularly in its

22  use of the phrase "[a]ll Documents and Communications" and in light of the Discovery

23  Order holding that discovery requests "relating to sustainability should be narrowed to . . .

24  relate to dolphin harm and/or dolphin mortality."  StarKist further objects to this Request as

25  vague and ambiguous, particularly with respect to the phrase "Documents . . . with" and the

26  terms "Pacifical," "sustainably caught," "sourced," and "PNA waters."  StarKist further

27  objects to this Request as cumulative and duplicative of Request No. 34.  StarKist further

28  objects to the Request to the extent that it seeks information that is publicly available and/or

1    can be obtained from sources that are more convenient, less burdensome, or less expensive.

2    StarKist further objects to this Request to the extent it seeks information not within the

3    possession, custody, or control of StarKist.  StarKist further objects to the Request to the

4    extent that it seeks information protected from discovery by any applicable privilege,

5    immunity, or protection.

6         Subject to and without waiving these objections, to the extent that they exist, are

7    kept in the ordinary course of business, and can be located in the course of a proportional

8    search based on reasonable custodians and search terms, for the period from May 13, 2015

9    to September 25, 2020, StarKist will produce non-privileged communications with PNA or

10   Pacifical that relate to the dolphin safety of tuna sold in the United States.

11   **REVISED REQUEST FOR PRODUCTION NO. 36**

12        All Documents and Communications that involve the relationship between EII and

13   MSC, or disputes between them, regarding their labels and certifications for tuna Products.

14   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 36**

15        StarKist hereby incorporates by reference its General Objections.  StarKist further

16   objects on the basis that this Request is overbroad and unduly burdensome and seeks

17   information that is not proportional to the needs of discovery in this case, particularly in its

18   use of the phrase "[a]ll Documents and Communications" and in light of the Discovery

19   Order holding that the "only label at issue in [this Action] is the dolphin-safe label."

20   StarKist further objects to this Request as vague and ambiguous, particularly with respect to

21   the terms "involve," "relationship," "disputes," "labels," and "certifications."  StarKist

22   further objects to this Request as cumulative and duplicative of Request No. 34.  StarKist

23   further objects to the Request to the extent that it seeks information that is publicly

24   available and/or can be obtained from sources that are more convenient, less burdensome,

25   or less expensive.  StarKist further objects to this Request to the extent it seeks information

26   not within the possession, custody, or control of StarKist.  StarKist further objects to the

27   Request to the extent that it seeks information protected from discovery by any applicable

28   privilege, immunity, or protection.

1      **REVISED REQUEST FOR PRODUCTION NO. 37**

2          All Documents related to or concerning how and why the dolphin-safe logo on Your

3   Products was selected, from the time the Products were first introduced to the present.

4      **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 37**

5          StarKist hereby incorporates by reference its General Objections.  StarKist further

6   objects on the basis that this Request is overbroad and unduly burdensome and seeks

7   information that is not proportional to the needs of discovery in this case, particularly in its

8   use of the phrases "[a]ll Documents and Communications" and "from the time the Products

9   were first introduced."  StarKist further objects to this Request as vague and ambiguous,

10  particularly with respect to the phrase "related to or concerning" and the terms "selected,"

11  and "introduced."  StarKist further objects to this Request as cumulative and duplicative of

12  Request Nos. 18, 19, 20, and 22.  StarKist further objects to the Request to the extent that it

13  seeks information that is publicly available and/or can be obtained from sources that are

14  more convenient, less burdensome, or less expensive.  StarKist further objects to this

15  Request to the extent it seeks information not within the possession, custody, or control of

16  StarKist.  StarKist further objects to the Request to the extent that it seeks information

17  protected from discovery by any applicable privilege, immunity, or protection.

18          Subject to and without waiving these objections, to the extent that they exist, are

19  kept in the ordinary course of business, and can be located in the course of a proportional

20  search based on reasonable custodians and search terms, for the period from May 13, 2015

21  to September 25, 2020, StarKist will produce non-privileged documents that relate to the

22  dolphin-safe logo on product labels for StarKist branded Products sold in the United States.

23  **REVISED REQUEST FOR PRODUCTION NO. 38**

24          All Documents and Communications with ISSF, EII, WWF, NFI, or any other Non-

25  Governmental Organization regarding dolphin safety, sustainable tuna fishing methods and

26  procurement, tuna traceability, FADs, and Bycatch.

27

28

1  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 38**

2  StarKist hereby incorporates by reference its General Objections.  StarKist further

3  objects on the basis that this Request is overbroad and unduly burdensome and seeks

4  information that is not proportional to the needs of discovery in this case, particularly in its

5  use of the phrases "[a]ll Documents and Communications" and "any other Non-

6  Governmental Organization," and in light of the Discovery Order holding that discovery

7  requests "relating to sustainability should be narrowed to . . . relate to dolphin harm and/or

8  dolphin mortality."  StarKist further objects to this Request as vague and ambiguous,

9  particularly with respect to the phrase "Documents . . . with" and the terms "Non-

10 Governmental Organization," "sustainable," "procurement," and "traceability."  StarKist

11 further objects to this Request as cumulative and duplicative of Request No. 34.  StarKist

12 further objects to the Request to the extent that it seeks information that is publicly

13 available and/or can be obtained from sources that are more convenient, less burdensome,

14 or less expensive.  StarKist further objects to this Request to the extent it seeks information

15 not within the possession, custody, or control of StarKist.  StarKist further objects to the

16 Request to the extent that it seeks information protected from discovery by any applicable

17 privilege, immunity, or protection.

18 Subject to and without waiving these objections, to the extent that they exist, are

19 kept in the ordinary course of business, and can be located in the course of a proportional

20 search based on reasonable custodians and search terms, for the period from May 13, 2015

21 to September 25, 2020, StarKist will produce non-privileged communications with non-

22 governmental organizations that relate to the dolphin safety of tuna sold in the United

23 States.

24 **REVISED REQUEST FOR PRODUCTION NO. 39**

25 All Documents and Communications, from the time your Products were first

26 introduced, relating to sustainability and dolphin-safe fishing standards, certifications, and

27 labels set by industry groups, committees, and organizations, including but not limited to

28 EII, MSC, ISSF, and NFI.

1    **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 39**

2          StarKist hereby incorporates by reference its General Objections.  StarKist further

3    objects on the basis that this Request is overbroad and unduly burdensome and seeks

4    information that is not proportional to the needs of discovery in this case, particularly in its

5    use of the phrases "[a]ll Documents and Communications" and "from the time your

6    Products were first introduced," and in light of the Discovery Order holding that discovery

7    requests "relating to sustainability should be narrowed to . . . relate to dolphin harm and/or

8    dolphin mortality."  StarKist further objects to this Request as vague and ambiguous,

9    particularly with respect to the terms "introduced," "relating," "sustainability," "standards,"

10   "certifications," and "industry groups, committees, and organizations."  StarKist further

11   objects to this Request as cumulative and duplicative of Request No. 34.  StarKist further

12   objects to the Request to the extent that it seeks information that is publicly available and/or

13   can be obtained from sources that are more convenient, less burdensome, or less expensive.

14   StarKist further objects to this Request to the extent it seeks information not within the

15   possession, custody, or control of StarKist.  StarKist further objects to the Request to the

16   extent that it seeks information protected from discovery by any applicable privilege,

17   immunity, or protection.

18          Subject to and without waiving these objections, to the extent that they exist, are

19   kept in the ordinary course of business, and can be located in the course of a proportional

20   search based on reasonable custodians and search terms, for the period from May 13, 2015

21   to September 25, 2020, StarKist will produce non-privileged communications with EII,

22   MSC, ISSF, and NFI that relate to the dolphin safety of tuna sold in the United States.

23   **REVISED REQUEST FOR PRODUCTION NO. 40**

24          All Documents and Communications, from the time the Products were first

25   introduced to the present, which refer or relate to Your dolphin-safe and/or sustainability

26   policies and practices, including, without limitation, Documents and Communications

27   concerning:

28          1.      Your dolphin-safe policy;

1     2.     Your sustainability policy;

2     3.     Minutes of Committee meetings having to do with dolphin safety or

3             sustainability; and

4     4.     Any sustainability reports.

5     **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 40**

6     StarKist hereby incorporates by reference its General Objections.  StarKist further

7  objects on the basis that this Request is overbroad and unduly burdensome and seeks

8  information that is not proportional to the needs of discovery in this case, particularly in its

9  use of the phrases "[a]ll Documents and Communications" and "from the time the Products

10  were first introduced," and in light of the Discovery Order holding that discovery requests

11  "relating to sustainability should be narrowed to . . . relate to dolphin harm and/or dolphin

12  mortality."  StarKist further objects to this Request as vague and ambiguous, particularly

13  with respect to the terms "sustainability" and "Committee meetings."  StarKist further

14  objects to the Request to the extent that it seeks information that is publicly available and/or

15  can be obtained from sources that are more convenient, less burdensome, or less expensive.

16  StarKist further objects to the Request to the extent that it seeks information protected from

17  discovery by any applicable privilege, immunity, or protection.

18     Subject to and without waiving these objections, to the extent that they exist, are

19  kept in the ordinary course of business, and can be located in the course of a proportional

20  search based on reasonable custodians and search terms, for the period from May 13, 2015

21  to September 25, 2020, StarKist will produce non-privileged documents that relate to the

22  dolphin safety of StarKist branded Products sold in the United States.

23     **REVISED REQUEST FOR PRODUCTION NO. 41**

24     All Documents and Communications which refer or relate to the software, program,

25  and other methods You use to track the chain-of-custody of Your tuna and verify its

26  dolphin-safe and sustainable procurement, including, without limitation, any in-house

27  digital supply chain mapping system.

28

1    **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 41**

2          StarKist hereby incorporates by reference its General Objections.  StarKist further

3    objects on the basis that this Request is overbroad and unduly burdensome and seeks

4    information that is not proportional to the needs of discovery in this case, particularly in its

5    use of the phrase "[a]ll Documents and Communications" and in light of the Discovery

6    Order holding that discovery requests "relating to sustainability should be narrowed to . . .

7    relate to dolphin harm and/or dolphin mortality."  StarKist further objects to this Request as

8    vague and ambiguous, particularly with respect to the terms "relate," "other methods,"

9    "sustainable," "procurement," and "digital supply chain mapping system."  StarKist further

10   objects to the Request to the extent that it seeks information that is publicly available and/or

11   can be obtained from sources that are more convenient, less burdensome, or less expensive.

12   StarKist further objects to the Request to the extent that it seeks information protected from

13   discovery by any applicable privilege, immunity, or protection.

14          Subject to and without waiving these objections, StarKist is willing to meet and

15   confer with Plaintiffs about this Request.

16   **REVISED REQUEST FOR PRODUCTION NO. 42**

17          All Documents referring or relating to content published on Your Website from the

18   time the Products were first introduced to the present concerning dolphin safety, tuna

19   fishing methods and procurement, sustainable sourcing, FADs, Bycatch, and traceability.

20   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 42**

21          StarKist hereby incorporates by reference its General Objections.  StarKist further

22   objects on the basis that this Request is overbroad and unduly burdensome and seeks

23   information that is not proportional to the needs of discovery in this case, particularly in its

24   use of the phrases "[a]ll Documents" and "from the time the Products were first

25   introduced," and in light of the Discovery Order holding that discovery requests "relating to

26   sustainability should be narrowed to . . . relate to dolphin harm and/or dolphin mortality."

27   StarKist further objects to this Request as vague and ambiguous, particularly with respect to

28   the terms "relating," "introduced," "procurement," "sustainable sourcing," and

44

1   "traceability."  StarKist further objects to the Request to the extent that it seeks information

2   that is publicly available and/or can be obtained from sources that are more convenient, less

3   burdensome, or less expensive.  StarKist further objects to the Request to the extent that it

4   seeks information protected from discovery by any applicable privilege, immunity, or

5   protection.

6        Subject to and without waiving these objections, StarKist states that it does not

7   archive the content on the StarKist Website.

8   **REVISED REQUEST FOR PRODUCTION NO. 43**

9        All Documents relating to Communications with consumers regarding dolphin

10  safety, tuna fishing methods and procurement, sustainable sourcing, FADs, Bycatch,

11  traceability, and this lawsuit from the time the Products were first introduced to the present,

12  including, without limitation, calls received on Your consumer help line.

13  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 43**

14       StarKist hereby incorporates by reference its General Objections.  StarKist further

15  objects on the basis that this Request is overbroad and unduly burdensome and seeks

16  information that is not proportional to the needs of discovery in this case, particularly in its

17  use of the phrases "[a]ll Documents" and "from the time the Products were first

18  introduced," and in light of the Discovery Order holding that discovery requests "relating to

19  sustainability should be narrowed to . . . relate to dolphin harm and/or dolphin mortality."

20  StarKist further objects to this Request as vague and ambiguous, particularly with respect to

21  the terms "relating," "procurement," "sustainable sourcing," "traceability," and

22  "introduced."  StarKist further objects to the Request to the extent that it seeks information

23  protected from discovery by any applicable privilege, immunity, or protection.

24       Subject to and without waiving these objections, to the extent that they exist, are

25  kept in the ordinary course of business, and can be located in the course of a reasonable

26  search of centrally located files, for the period from May 13, 2015 to September 25, 2020,

27  StarKist will produce non-privileged communications with consumers that relate to the

28  dolphin safety of StarKist branded Products sold in the United States

45

1    **REVISED REQUEST FOR PRODUCTION NO. 44**

2        All Documents which You contend support any affirmative defense that You

3    believe You have or will be asserting.

4    **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 44**

5        StarKist hereby incorporates by reference its General Objections.  StarKist further

6    objects on the basis that this Request is overbroad and unduly burdensome and seeks

7    information that is not proportional to the needs of discovery in this case, particularly in its

8    use of the phrases "[a]ll Documents" and "any affirmative defense."  StarKist further

9    objects to this Request as vague and ambiguous, particularly with respect to the phrase

10   "You believe You have or will be asserting."  StarKist further objects to this Request as

11   premature to the extent that it calls for expert analysis and/or opinions.  StarKist further

12   objects to the Request to the extent that it seeks information that is publicly available and/or

13   can be obtained from sources that are more convenient, less burdensome, or less expensive.

14   StarKist further objects to the Request to the extent that it seeks information protected from

15   discovery by any applicable privilege, immunity, or protection.

16       Subject to and without waiving these objections, StarKist will produce documents

17   that it intends to rely on in support of its affirmative defenses consistent with its obligations

18   under the Federal Rule of Civil Procedure.

19   **REVISED REQUEST FOR PRODUCTION NO. 45**

20       All Documents relating to your policies and procedures with respect to the retention

21   or destruction of documents.

22   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 45**

23       StarKist hereby incorporates by reference its General Objections.  StarKist further

24   objects on the basis that this Request is overbroad and unduly burdensome and seeks

25   information that is not proportional to the needs of discovery in this case, particularly in its

26   use of the phrases "[a]ll Documents."  StarKist further objects to this Request as vague and

27   ambiguous, particularly with respect to the term "relating."  StarKist further objects to the

28

1  Request to the extent that it seeks information protected from discovery by any applicable

2  privilege, immunity, or protection.

3      Subject to and without waiving these objections, StarKist states that it does not have

4  any general written policies regarding the retention or destruction of documents.

5  **REVISED REQUEST FOR PRODUCTION NO. 46**

6      All organizational and management charts reflecting the structure of Your company,

7  including the organization, structure and business operations of each subsidiary, affiliate,

8  division, department, unit, subdivision, committee, subcommittee, task force, working

9  group, or other formal or informal group or business unit involved in the procurement

10  (including fishing), purchase, tracking, packing, verification, design, marketing,

11  advertising, pricing, or sale of Your Products.

12  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 46**

13      StarKist hereby incorporates by reference its General Objections.  StarKist further

14  objects on the basis that this Request is overbroad and unduly burdensome and seeks

15  information that is not proportional to the needs of discovery in this case, particularly in its

16  use of the phrases "[a]ll organizational and management charts" and "each subsidiary,

17  affiliate, division, department, unit, subdivision, committee, subcommittee, task force,

18  working group, or other formal or informal group or business unit."  StarKist further objects

19  to this Request as vague and ambiguous, particularly with respect to the phrase "formal or

20  informal group or business unit" and the terms "involved," "procurement," "tracking,"

21  "packing," and "verification."  StarKist further objects to this definition to the extent it

22  seeks information from Dongwon Industries Co. Ltd., which has been dismissed from this

23  Action with prejudice.  StarKist further objects to the Request to the extent that it seeks

24  information that is publicly available and/or can be obtained from sources that are more

25  convenient, less burdensome, or less expensive.  StarKist further objects to this Request to

26  the extent it seeks information not within the possession, custody, or control of StarKist.

27  StarKist further objects to the Request to the extent that it seeks information protected from

28  discovery by any applicable privilege, immunity, or protection.

1    Subject to and without waiving these objections, to the extent that they exist, are

2 kept in the ordinary course of business, and can be located in the course of a reasonable

3 search of centrally located files, for the period from May 13, 2015 to September 25, 2020,

4 StarKist will produce its organizational charts.

5 **REVISED REQUEST FOR PRODUCTION NO. 47**

6    All Documents relating to or concerning the identity, job title(s), duties, and

7 reporting relationships of all officers, Employees, and independent contractors of Your

8 company who had any authority, input, responsibilities, or other involvement with any of

9 the following subjects:

10    1.    sourcing the Products, including fishing;

11    2.    purchasing the tuna in the Products;

12    3.    Labeling the Products;

13    4.    tracking the Products;

14    5.    packing the Products;

15    6.    verifying the Products are dolphin-safe;

16    7.    distributing the Products;

17    8.    marketing the Products;

18    9.    pricing the Products;

19    10.   receiving, investigating, and/or responding to customer complaints or

20          inquiries regarding the Products; and

21    11.   serving on, or participating or providing input to, governmental entities or

22          industry or regional groups, committees, or organization concerning the

23          Products, sustainable fishing practices, and dolphin-safe certification,

24          standards and labels, including, without limitation, the Department of

25          Commerce, the United States Federal Trade Commission, the Food and Drug

26          Administration, EII, MSC, ISSF, and NFI.

27

28

1    **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 47**

2         StarKist hereby incorporates by reference its General Objections.  StarKist further

3    objects on the basis that this Request is overbroad and unduly burdensome and seeks

4    information that is not proportional to the needs of discovery in this case, particularly in its

5    use of the phrase "[a]ll Documents," in its purported inclusion of subjects unrelated to any

6    issue in the Action, and in light of the Discovery Order holding that discovery requests

7    "relating to sustainability should be narrowed to . . . relate to dolphin harm and/or dolphin

8    mortality."  StarKist further objects to this Request as vague and ambiguous, particularly

9    with respect to the phrase "relating to or concerning" and the terms "identity," "authority,"

10   "input," "responsibilities," "involvement," "sourcing," "tracking," "governmental entities,"

11   "industry or regional groups," "committees, "organization," "sustainable," "certification,"

12   and "standards."  StarKist further objects to the Request to the extent that it seeks

13   information that is publicly available and/or can be obtained from sources that are more

14   convenient, less burdensome, or less expensive.  StarKist further objects to the Request to

15   the extent that it seeks information protected from discovery by any applicable privilege,

16   immunity, or protection.  StarKist further objects to this Request to the extent it calls for

17   information that is subject to third-party confidentiality restrictions.  StarKist further objects

18   to this Request to the extent it seeks confidential personnel information.

19        Subject to and without waiving these objections, to the extent that they exist, are

20   kept in the ordinary course of business, and can be located in the course of a reasonable

21   search of centrally located files, for the period from May 13, 2015 to September 25, 2020,

22   StarKist will produce its organizational charts.

23   **REVISED REQUEST FOR PRODUCTION NO. 48**

24        Documents sufficient to identify by name and address the canneries and processing

25   facilities for Your Products and dates utilized by You.

26   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 48**

27        StarKist hereby incorporates by reference its General Objections.  StarKist further

28   objects on the basis that this Request is overbroad and unduly burdensome and seeks

1   information that is not proportional to the needs of discovery in this case.  StarKist further

2   objects to this Request as vague and ambiguous, particularly with respect to the terms

3   "processing facilities" and "utilized."  StarKist further objects to the Request to the extent

4   that it seeks information that is publicly available and/or can be obtained from sources that

5   are more convenient, less burdensome, or less expensive.  StarKist further objects to the

6   Request to the extent that it seeks information protected from discovery by any applicable

7   privilege, immunity, or protection.

8        Subject to and without waiving these objections, StarKist is willing to meet and

9   confer with Plaintiffs about this Request.

10  **REVISED REQUEST FOR PRODUCTION NO. 49**

11       All Documents and Communications relating to or concerning the services

12  Dongwon performs for You.

13  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 49**

14       StarKist hereby incorporates by reference its General Objections.  StarKist further

15  objects on the basis that this Request is overbroad and unduly burdensome and seeks

16  information that is not proportional to the needs of discovery in this case, particularly in its

17  use of the phrase "[a]ll Documents and Communications" and in its purported inclusion of

18  services unrelated to any issue in the Action.  StarKist further objects to this Request as

19  vague and ambiguous, particularly with respect to the terms "services" and "performs."

20  StarKist further objects to this definition to the extent it seeks information from Dongwon

21  Industries Co. Ltd., which has been dismissed from this Action with prejudice.  StarKist

22  further objects to the Request to the extent that it seeks information that is publicly

23  available and/or can be obtained from sources that are more convenient, less burdensome,

24  or less expensive.  StarKist further objects to this Request to the extent it seeks information

25  not within the possession, custody, or control of StarKist.  StarKist further objects to the

26  Request to the extent that it seeks information protected from discovery by any applicable

27  privilege, immunity, or protection.

28

1    **REVISED REQUEST FOR PRODUCTION NO. 50**

2       All Documents and Communications between You and Dongwon regarding dolphin

3    safety, sustainable sourcing of tuna, Bycatch, FADs, fishing methods, pricing of U.S. tuna

4    products, and suppliers of U.S. tuna products.

5    **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 50**

6       StarKist hereby incorporates by reference its General Objections.  StarKist further

7    objects on the basis that this Request is overbroad and unduly burdensome and seeks

8    information that is not proportional to the needs of discovery in this case, particularly in its

9    use of the phrase "[a]ll Documents and Communications" and in light of the Discovery

10   Order holding that discovery requests "relating to sustainability should be narrowed to . . .

11   relate to dolphin harm and/or dolphin mortality."  StarKist further objects to this Request as

12   vague and ambiguous, particularly with respect to the phrase "Documents . . . between" and

13   the terms "sustainable sourcing" and "suppliers."  StarKist further objects to this definition

14   to the extent it seeks information from Dongwon Industries Co. Ltd., which has been

15   dismissed from this Action with prejudice.  StarKist further objects to this Request to the

16   extent it seeks information not within the possession, custody, or control of StarKist.

17   StarKist further objects to the Request to the extent that it seeks information protected from

18   discovery by any applicable privilege, immunity, or protection.

19   **REVISED REQUEST FOR PRODUCTION NO. 51**

20      All Documents identifying any consumers who purchased Your Products, including

21   all names, email, mailing, and/or street addresses, and any information regarding their

22   specific purchases of your Products.

23   **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 51**

24      StarKist hereby incorporates by reference its General Objections.  StarKist further

25   objects on the basis that this Request is overbroad and unduly burdensome and seeks

26   information that is not proportional to the needs of discovery in this case, particularly in its

27   use of the phrases "[a]ll Documents," "any consumers," and "any information."  StarKist

28   further objects to this Request as vague and ambiguous, particularly with respect to the

1  terms "identifying" and "specific purchases."  StarKist further objects to the Request to the

2  extent that it seeks information that is publicly available and/or can be obtained from

3  sources that are more convenient, less burdensome, or less expensive.  StarKist further

4  objects to this Request to the extent it seeks information not within the possession, custody,

5  or control of StarKist.  StarKist further objects to the Request to the extent that it seeks

6  information protected from discovery by any applicable privilege, immunity, or protection.

7      Subject to and without waiving these objections, StarKist is willing to meet and

8  confer with Plaintiffs about this Request.

9  **REVISED REQUEST FOR PRODUCTION NO. 52**

10      All insurance policies or indemnification agreements or other documents, that may

11  provide coverage to You for any of the claims or causes of action asserted in this action, or

12  that may provide reimbursement for payments made in defense of this action, and

13  correspondence concerning coverage related to this action.

14  **RESPONSE TO REVISED REQUEST FOR PRODUCTION NO. 52**

15      StarKist hereby incorporates by reference its General Objections.  StarKist further

16  objects on the basis that this Request is overbroad and unduly burdensome and seeks

17  information that is not proportional to the needs of discovery in this case.  StarKist further

18  objects to this Request as vague and ambiguous, particularly with respect to the phrases

19  "other documents" and "may provide," and the terms "coverage" and "reimbursement."

20  StarKist further objects to the Request to the extent that it seeks information protected from

21  discovery by any applicable privilege, immunity, or protection.  StarKist further objects to

22  this Request to the extent it calls for information that is subject to third-party confidentiality

23  restrictions.

24      Subject to and without waiving these objections, StarKist states that it is not

25  presently aware of any insurance policies, indemnification agreements, or other documents

26  that may provide coverage or reimbursement for defense costs in connection with this

27  action.

28

1    Dated:  October 26, 2020

2                              PILLSBURY WINTHROP SHAW PITTMAN LLP
                             ROXANE A. POLIDORA
3                             LEE BRAND
                             Four Embarcadero Center, 22nd Floor
4                             San Francisco, CA  94111

5
                             By:  _____*/s/ Lee Brand*_____
6                                            Lee Brand

7                             Attorneys for Defendant
                             STARKIST CO.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28