1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WARREN GARDNER, et al., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> STARKIST CO., a Delaware company, <br><br> Defendant. | Case No. 3:19-cv-02561-WHO <br><br> <u>CLASS ACTION</u> <br><br> **[PROPOSED] REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) RE: DONGWON INDUSTRIES CO. LTD.** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The United States District Court for the Northern District of California, the Honorable William H. Orrick Jr., United States District Judge, presents its compliments to the Appropriate Judicial Authority of the Republic of Korea, Director of International Affairs, National Court Administration, Seocho-daero 219, Seocho-gu, SEOUL 137-750, Republic of Korea, and requests international judicial assistance to obtain evidence to be used at trial in a civil lawsuit before this Court in the above-captioned matter.  Based on Plaintiffs' allegations, this Court finds that there are sufficient grounds to obtain documentary evidence from Dongwon Industries Co. Ltd. ("Dongwon") in the above-captioned action, and should be produced in the interests of justice.

This Letter of Request is made pursuant to, and in conformity with, Chapter 1 of the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Criminal Matters, opened for signature* March 18, 29780, 847 U.N.T.S. 241 ("Hague Convention"), to which both the United States and Korea are parties.

Based on Plaintiffs' allegations and the evidence produced to date in the case through discovery, this Court finds there are sufficient grounds to obtain documentary evidence sought through this Letter of Request, attached hereto as **Attachment A**, which may be highly relevant to the issues in dispute.  This Letter of Request fully complies with the reservations under the Hague Convention by Korea.

The particulars of this Letter of Request are as follows:

**SECTION I**

1. **Sender:**

Stuart A. Davidson
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, Florida  33432
Telephone:  561/750-3000
Email:  sdavidson@rgrdlaw.com

*As Authorized by:*

Honorable William H. Orrick Jr., United States District Judge
United States District Court for the Northern District of California
Phillip Burton Federal Building & United States Courthouse
450 Golden Gate Avenue, Courtroom 2, 17th Floor
San Francisco, CA  94102
USA

2. **Central Authority of Requested State:**

Director of International Affairs
National Court Administration
Seocho-daero 219
Seocho-gu
SEOUL 137-750
Republic of Korea

3. **Person to Whom the Executed Request Is to Be Returned:**

Stuart A. Davidson
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, Florida  33432
Telephone:  561/750-3000
Email:  sdavidson@rgrdlaw.com

4. **Specification of Date by Which the Requesting Authority Requires Receipt of the Response to the Letter of Request**

The requesting authority respectfully requests that the response be provided as soon as practicable in order to ensure that evidence may be obtained before May 1, 2021.

**SECTION II**

In conformity with Article 3 of the Hague Convention, the undersigned applicant has the honor to submit the following request:

5. **Article 3(a): Judicial Authorities and Case Information**

   a. **Requesting Judicial Authority**

   Honorable William H. Orrick Jr., United States District Judge
   United States District Court for the Northern District of California
   Phillip Burton Federal Building & United States Courthouse
   450 Golden Gate Avenue, Courtroom 2, 17th Floor
   San Francisco, CA  94102
   USA

   b. **To the Competent Authority in Korea**

   Director of International Affairs
   National Court Administration
   Seocho-daero 219
   Seocho-gu
   SEOUL 137-750
   Republic of Korea

   c. **Name of the Case and Any Identifying Number**

   *Gardner v. StarKist Co.*, No. 3:19-cv-02561-WHO, United States District Court for the Northern District of California

6. **Article 3(b): Names and Addresses of the Parties and Their Representatives of the Case**

   a. **Plaintiffs**

Plaintiffs Warren Gardner, Lori Myers, Angela Cosgrove, Autumn Hessong, Robert McQuade, Colleen McQuade, James Borruso, Fidel Jamelo, Jocelyn Jamelo, Anthony Luciano, Lori Luciano, Robert Nugent, Avraham Isac Zelig, Ken Petrovcik, Megan Kiihne, Kathleen Miller, Tara Trojano, Jason Petrin, Amy Taylor, Heather Meyers, and Rachel Pedraza ("Plaintiffs")

*Represented by*:

> Stuart A. Davidson
> Christopher C. Gold
> Dorothy P. Antullis
> Bradley M. Beall
> ROBBINS GELLER RUDMAN & DOWD LLP
> 120 East Palmetto Park Road, Suite 500
> Boca Raton, Florida  33432
> Telephone:  561/750-3000
> Email:        sdavidson@rgrdlaw.com
>                    cgold@rgrdlaw.com
>                    dantullis@rgrdlaw.com;
>                    bbeall@rgrdlaw.com
>
> Elaine A. Ryan
> Carrie A. Laliberte
> BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
> 2325 East Camelback Road, Suite 300
> Phoenix, AZ  85016
> Telephone:  602/274-1100
> Email:        eryan@bffb.com
>                    claliberte@bffb.com
>
> Patricia N. Syverson
> BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
> 600 West Broadway, Suite 900
> San Diego, CA  92101
> Telephone:  619/756-7748
> Email:        psyverson@bffb.com
>
> Brian Douglas Penny
> GOLDMAN SCARLATO & PENNY, P.C.
> 8 Tower Bridge, Suite 1025
> 161 Washington Street
> Conshohocken, PA  19428
> Telephone:  484/342-0700
> Email:        penny@lawgsp.com
>
> Brian M. Brown
> ZAREMBA BROWN PLLC
> 40 Wall Street, 52nd Floor
> New York, NY  10005
> Telephone:  212/380-6700
> Email:        bbrown@zarembabrown.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

       b. **Defendant**

The Defendant is StarKist Co.

*Represented by:*

Roxane A. Polidora
Lee Brand
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center
Twenty-Second Floor
San Francisco, CA  94111-5998
Telephone:  415/983-1116
Email: roxane.polidora@pillsburylaw.com
           lee.brand@pillsburylaw.com

7. **Article 3(c): Nature and Purpose of the Proceedings and Summary of the Facts**

    a. **Nature and Purpose of the Claims**

The Plaintiffs in this civil lawsuit filed a complaint against StarKist Co. ("StarKist") and StarKist's parent company, Dongwon Industries Co. Ltd. ("Dongwon"), on May 13, 2019.  As more fully explained below, Plaintiffs' claims concern StarKist's alleged false advertising of its tuna products as "Dolphin Safe."  The lawsuit is brought as a putative class action, meaning that Plaintiffs seek to represent not only themselves in the lawsuit, but also as representatives of all consumers in the United States who purchased StarKist's tuna products.  On March 31, 2020, the Court upheld Plaintiffs' claims against StarKist, but dismissed Plaintiffs' claims against Dongwon.

**Plaintiffs' Allegations**

    i. **Plaintiffs' Claims Generally**

Plaintiffs' claims concern StarKist's "Dolphin Safe" policy with respect to its canned and pouched tuna products for the last 30 years.  That policy includes a special "Dolphin Safe" logo stamped on every can or pouch of tuna StarKist sells in the United States.  According to StarKist, its "Dolphin Safe" policy – including its logo – means that there has been "no harm to dolphins" in the fishing for StarKist tuna.  Said another way, StarKist claims that its tuna is "100% dolphin safe."  However, Plaintiffs allege that, unbeknownst to consumers, StarKist's tuna are captured, including by fleets of Dongwon's fishing vessels, using fishing methods that are known to kill or harm dolphins, including purse seine nets, fish-aggregating devices ("FADs"), and longlines.

[PROPOSED] REQ. FOR JUDICIAL ASSISTANCE - DONGWON - 3:19-cv-02561-WHO

1   Plaintiffs' lawsuit alleges that StarKist falsely advertised its tuna products as "Dolphin

2   Safe" because the tuna in its products was caught by fishing methods, including those employed

3   by Dongwon, that are known to harm or kill substantial numbers of dolphins every year.  As such,

4   Plaintiffs seek to enjoin StarKist from falsely advertising its tuna products as dolphin-safe, for

5   restitution, and for damages.

6   ii.   **Plaintiffs' Claims as They Relate to Dongwon**

7   Dongwon is a company incorporated and headquartered in the Republic of Korea

8   ("Korea").  Dongwon claims to be the "World's No. 1 seafood company"[1] and, since its

9   establishment, "has been leading Korea's fishing industry, sailing across the five oceans, and

10   contributing to the development of food culture by providing high-quality seafood products."[2]

11   Dongwon is the parent company of StarKist.[3]  Dongwon "operates 42 vessels, including the

12   world's largest purse seine fleet."[4]  As such, Dongwon supplies some of its caught raw tuna to

13   StarKist for use in StarKist's tuna products sold to American consumers.

14   Dongwon possesses documents and information directly relevant to Plaintiffs' claim that

15   StarKist's "Dolphin Safe" representation is false and misleading because StarKist's tuna is caught

16   using Dongwon's fishing methods that are known to harm or kill dolphins.  First, as StarKist's

17   parent, Dongwon is the principal fishing company that supplies StarKist's tuna.  Thus, Dongwon

18   has documents demonstrating the precise types of fishing methods used to capture StarKist's tuna.

19   Second, according to StarKist, Dongwon "operates . . . the world's largest purse seine fleet"[5] and

20   "that purse seine fishing vessels using Traditional FADs supplied some of the tuna in StarKist

21   branded Products sold in the United States during the period from May 13, 2015 to September 25,

22

23   [1]   *See* Dongwon Industries, *Who We Are*, https://www.dongwon.com/en/business/dongwon-industries (last visited Nov. 20, 2020).

24   [2]   *Id.*

25   [3]   *See* About StarKist Co., https://starkist.com/about-starkist (last visited Nov. 3, 2020) ("StarKist Co. is a direct wholly owned subsidiary of Dongwon Industries Co., Ltd.").

26

27   [4]   *Id.*

28   [5]   *Id.*

5

1    2020."[6]  Third, StarKist told Plaintiffs that any "Documents and Communications relating to any

2    harm or killing, whether intentional or unintentional, of dolphins by any fishing by [StarKist's]

3    fishing fleet, or any boat in which [StarKist] or [its] owners have any financial interest" were in

4    the possession of Dongwon.[7]

5         Thus, Dongwon possesses information directly relevant to this litigation, including: (a)

6    Dongwon's procurement of raw tuna for Starkist; (b) Dongwon's use of fishing methods such as

7    purse seine nets, FADs, and longlines to capture tuna for StarKist; and (c) dolphin harm or deaths

8    during Dongwon's capture of tuna.

9         8.   **Evidence to be Obtained and Purpose**

10        Pursuant to the Hague Convention, this Court requests that the appropriate judicial

11   authority in Korea compel Dongwon to produce the documentary evidence described in

12   Attachment A.  Dongwon is located in Korea, and the documentary evidence to be examined is

13   located outside of the United States.

14        Plaintiffs seek from Dongwon authenticated copies of the documents identified in

15   Attachment A alleged to be relevant to the claims alleged in the above-captioned action.  While

16   this Court expresses no view as to the merits of the action or any related motions in the action,

17   based on Plaintiffs' representations, it believes that the documentary evidence sought here is

18   relevant and probative of material facts for trial in the action, and that production of this

19   documentary evidence may advance the interests of justice.

20        It is respectfully requested that the competent judicial authority of Korea compel Dongwon

21   to produce copies of the documents that are identified in Attachment A.

22        If any portion of this Letter of Request is deemed unacceptable under the laws of Korea,

23   please disregard that portion and continue to comply with as much of the Letter of Request as is

24   legally permissible.

25   _____

26   [6]    StarKist Co.'s Responses and Objections to Plaintiffs' Revised First Set of Requests for
     Admission at 8.

27   [7]    StarKist Co.'s Responses and Objections to Plaintiffs' Revised First Set of Requests for
28   Production of Documents at 13.

9. **Article 3(e): Identity and Address of the Person Subject to the Letter of Request**

Dongwon Industries Co. Ltd.
Dongwon Industries Building
68 Mabang-ro Seocho-gu Seoul
06775 Korea, Republic of (South)

10. **Article 3(f): Statement of the Subject Matter About Which the Person Will be Examined**

None.

11. **Article 3(g): Documents and Other Evidence to be Examined**

See Attachment A.

12. **Article 3(h): Requirement That the Evidence Be Given on Oath or Affirmation**

None.

13. **Article 3(i): Special Procedures or Methods to be Followed**

See Attachment A.

14. **Article 7: Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of Any Person to be Notified**

Please send notice of the time and place for execution of this Letter of Request to:

Clerk of the United States District Court for the Northern District of California
Phillip Burton Federal Building & United States Courthouse
450 Golden Gate Avenue
San Francisco, CA  94102
USA

-and-

Stuart A. Davidson
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, Florida  33432
Telephone:  561/750-3000
Email:  sdavidson@rgrdlaw.com

15. **Article 8: Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request**

None.

16. **Article 11: Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin**

1    Under the laws of the United States, a witness has a privilege to refuse to give evidence if
2    to do so would disclose a confidential communication between the witness and her attorney
3    specifically for the purpose of obtaining legal advice, and which privilege has not been waived.
4    United States law also recognizes a privilege against criminal self-incrimination.  Other limited
5    privileges on grounds inapplicable here also exist, such as communications between doctors and
6    patients, husband and wife, and clergy, and penitent.  Certain limited immunities are also
7    recognized outside the strict definition of privilege, such as the limited protection of work product
8    created by attorneys during or in anticipation of litigation, unless that privilege has been waived.

9    17. **Article 14: Reimbursement**

10   The fees and costs incurred in the execution of this Letter of Request that are reimbursable
11   under the second paragraph of Article 14 or under Article 26 of the Hague Convention will be
12   borne by the Plaintiffs.

13                                  **CONCLUSION**

14   This Court, in the spirit of comity and reciprocity, hereby requests international judicial
15   assistance in the form of this Letter of Request seeking information, documents, and things
16   described herein from the National Court Administration, for the attention of the Director of
17   International Affairs.  This Court extends to all judicial and other authorities of Korea the
18   assurances of its highest consideration.

19   This Court expresses its sincere willingness to provide similar assistance to the courts of
20   the Republic of Korea if future circumstances require.

21

22   DATE OF REQUEST: _____

23   SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY (Affix seal here):

24

25

26   HONORABLE WILLIAM H. ORRICK JR.
     UNITED STATES DISTRICT JUDGE
     UNITED STATES DISTRICT COURT
27   FOR THE NORTHERN DISTRICT OF CALIFORNIA
     SAN FRANCISCO, CALIFORNIA, UNITED STATES OF AMERICA

28