| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|   | ROXANE A. POLIDORA (CA Bar No. 135972) |
| 2 | roxane.polidora@pillsburylaw.com |
|   | LEE BRAND (CA Bar No. 287110) |
| 3 | lee.brand@pillsburylaw.com |
|   | Four Embarcadero Center, 22nd Floor |
| 4 | San Francisco, CA 94111 |
|   | Telephone: (415) 983-1000 |
| 5 | Facsimile: (415) 983-1200 |
| 6 | Attorneys for Defendant |
|   | STARKIST CO. |
| 7 | |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN GARDNER, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STARKIST CO., a Delaware Corporation,<br><br>Defendant. | Case No. 3:19-cv-02561-WHO<br><br>**DECLARATION OF LEE BRAND IN SUPPORT OF STARKIST CO.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ISSUANCE OF LETTER ROGATORY**<br><br>Date:     January 6, 2021<br>Time:    2:00 p.m.<br>Place:   Courtroom 2, 17th Floor<br>Judge:   Hon. William H. Orrick |

**DECLARATION OF LEE BRAND**

I, Lee Brand, declare as follows:

1. I am an active member of the California State Bar and this Court and Counsel at the law firm of Pillsbury Winthrop Shaw Pittman LLP, counsel of record for Defendant StarKist Co. ("StarKist"). I make this declaration in support of StarKist's Opposition to Plaintiffs' Motion for Issuance of Letter Rogatory. The facts set forth herein are based upon my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2. On September 22, 2020, fellow counsel for StarKist Roxane Polidora, counsel for Plaintiffs Brian Penny, and I, among others, participated in an initial meet and confer via videoconference regarding StarKist's responses and objections to Plaintiffs' discovery requests. During that videoconference, I pointed out that Plaintiffs' requests for production Nos. 5, 8, 10 and 11 were overbroad because, in calling for information about boats in which "Your owners" held any "financial interest," they called for information that had nothing to do with products sold by StarKist.

3. Mr. Penny responded that Plaintiffs sought to better understand StarKist's supply chain and that they wanted to know about the fishing practices of StarKist's parent company, Dongwon Industries Co. Ltd. ("DWI"). Mr. Penny further explained that Plaintiffs sought discovery regarding DWI's fishing practices regardless of whether they related to fish in StarKist's products, as he believed that any StarKist dolphin-safe representation regarding its tuna products would be misleading if DWI's unrelated fishing practices were harming dolphins.

4. I responded that this theory was neither reflected in Plaintiffs' complaint nor plausible on its face. I also explained that StarKist had no issue providing information about tuna that DWI actually supplied to StarKist, and that such information was already called for by Plaintiffs' request for production No. 7.

5. On October 29, 2020, Plaintiffs sent StarKist a letter asserting that StarKist had improperly objected to discovery requests seeking information about DWI. Attached hereto as **Exhibit 1** is a true and correct copy of a relevant except from that letter.

6. On November 19, 2020, StarKist responded with a letter clarifying its objections to Plaintiffs' DWI-related discovery requests. Attached hereto as **Exhibit 2** is a true and correct copy of a relevant except from that letter.

7. Later that same day, Ms. Polidora and I participated in a further discovery meet and confer via videoconference with Plaintiffs' counsel Stuart Davidson and Brian Penny, among others. During that videoconference, I reiterated the points made in StarKist's letter that Plaintiffs had falsely assumed that DWI supplies most of StarKist's tuna whereas, in 2020 for instance, DWI had only supplied approximately 3% of StarKist's raw fish purchases. Plaintiffs' counsel acknowledged that they were surprised to learn this information but expressly stated that they did not dispute it.

8. Neither during this videoconference nor at any other point did Plaintiffs seek to meet and confer with StarKist regarding—or even mention—their intention to move for a letter rogatory to seek information directly from DWI.

9. StarKist has agreed to produce to Plaintiffs all contracts of purchase for the raw tuna in relevant StarKist products, as well as relevant documents required by such contracts, including NOAA Form 370s, captain's statements, and StarKist "Dolphin Safe" certificates. These documents reflect each boat that supplied raw tuna purchased by StarKist, the owner and captain of each boat, the fishing method used to catch the purchased tuna, and the amount paid for the tuna.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 7, 2020, at San Francisco, California.

_____
Lee Brand