UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WARREN GARDNER, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STARKIST CO., a Delaware company,<br><br>Defendant. | Case No. 3:19-cv-02561-WHO<br><br>CLASS ACTION<br><br>[PROPOSED] REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) DONGWON INDUSTRIES CO. LTD. |

4839-6065-6346.v1

The United States District Court for the Northern District of California, the Honorable William H. Orrick Jr., United States District Judge, presents its compliments to the Appropriate Judicial Authority of the Republic of Korea, Director of International Affairs, National Court Administration, Seocho-daero 219, Seocho-gu, SEOUL 137-750, Republic of Korea, and requests international judicial assistance to obtain evidence to be used at trial in a civil lawsuit before this Court in the above-captioned matter. Based on Plaintiffs' allegations, this Court finds that there are sufficient grounds to obtain documentary evidence from Dongwon Industries Co. Ltd. ("Dongwon") in the above-captioned action, and should be produced in the interests of justice.

This Letter of Request is made pursuant to, and in conformity with, Chapter 1 of the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Criminal Matters, opened for signature* March 18, 29780, 847 U.N.T.S. 241 (the "Hague Convention"), to which both the United States and Korea are parties.

Based on Plaintiffs' allegations and the evidence produced to date in the case through discovery, this Court finds there are sufficient grounds to obtain documentary evidence sought through this Letter of Request, attached hereto as Attachment A, which may be highly relevant to the issues in dispute. This Letter of Request fully complies with the reservations under the Hague Convention by Korea.

The particulars of this Letter of Request are as follows:

**SECTION I**

1. **Sender:**

    Stuart A. Davidson
    ROBBINS GELLER RUDMAN & DOWD LLP
    120 East Palmetto Park Road, Suite 500
    Boca Raton, Florida  33432
    Telephone: 561/750-3000
    Email: sdavidson@rgrdlaw.com

    *As Authorized by:*

    Honorable William H. Orrick Jr., United States District Judge
    United States District Court for the Northern District of California
    United States District Courthouse
    450 Golden Gate Avenue, Courtroom 2, 17th Floor
    San Francisco, CA 94102
    USA

2. **Central Authority of Requested State:**

Director of International Affairs
National Court Administration
Seocho-daero 219
Seocho-gu
SEOUL 137-750
Republic of Korea

3. **Person to Whom the Executed Request is to be Returned:**

Stuart A. Davidson
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, Florida  33432
Telephone: 561/750-3000
Email: sdavidson@rgrdlaw.com

4. **Specification of Date by Which the Requesting Authority Requires Receipt of the Response to the Letter of Request**

The requesting authority respectfully requests that the response be provided as soon as practicable in order to ensure that evidence may be obtained before May 1, 2021.

**SECTION II**

In conformity with Article 3 of the Hague Convention, the undersigned applicant has the honor to submit the following request:

5. **Article 3(a): Judicial Authorities and Case Information**

   a. **Requesting Judicial Authority**

   Honorable William H. Orrick Jr., United States District Judge
   United States District Court for the Northern District of California
   United States District Courthouse
   450 Golden Gate Avenue, Courtroom 2, 17th Floor
   San Francisco, CA 94102
   USA

   b. **To the Competent Authority in Korea**

   Director of International Affairs
   National Court Administration
   Seocho-daero 219
   Seocho-gu
   SEOUL 137-750
   Republic of Korea

   c. **Name of the Case and Any Identifying Number**

   *Warren Gardner, et al. v. StarKist Co.*, Docket No. 3:19-cv-02561-WHO (N.D. Cal.), United States District Court for the Northern District of California

6. **Article 3(b): Names and Addresses of the Parties and Their Representatives of the Case**

   a. **Plaintiffs**

Plaintiffs Warren Gardner, Lori Myers, Angela Cosgrove, Autumn Hessong, Robert McQuade, Colleen McQuade, James Borruso, Fidel Jamelo, Jocelyn Jamelo, Anthony Luciano, Lori Luciano, Robert Nugent, Avraham Isac Zelig, Ken Petrovcik, Megan Kiihne, Kathleen Miller, Tara Trojano, Jason Petrin, Amy Taylor, Heather Meyers, and Rachel Pedraza ("Plaintiffs")

*Represented by*:

    Stuart A. Davidson
    Christopher C. Gold
    Dorothy P. Antullis
    Bradley M. Beall
    ROBBINS GELLER RUDMAN & DOWD LLP
    120 East Palmetto Park Road, Suite 500
    Boca Raton, Florida  33432
    Telephone: 561/750-3000
    Emails:     sdavidson@rgrdlaw.com
                cgold@rgrdlaw.com
                dantullis@rgrdlaw.com;
                bbeall@rgrdlaw.com

    Elaine A. Ryan
    Carrie A. Laliberte
    BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
    2325 E. Camelback Road, Suite 300
    Phoenix, AZ  85016
    Telephone:  602/274-1100
    Emails:     eryan@bffb.com
                claliberte@bffb.com

    Patricia N. Syverson
    BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
    600 W. Broadway, Suite 900
    San Diego, CA  92101
    Telephone:  619/756-7748
    Email:      psyverson@bffb.com

    Brian Douglas Penny
    GOLDMAN SCARLATO & PENNY, P.C.
    Eight Tower Bridge, Suite 1025
    161 Washington Street
    Conshohocken, PA  19428
    Telephone:  484/342-0700
    Email:      penny@lawgsp.com

    Brian M. Brown
    ZAREMBA BROWN PLLC
    40 Wall Street, 52nd Floor
    New York, NY  10005
    Telephone:  212/380-6700
    Email:      bbrown@zarembabrown.com

      b. **Defendant**

The Defendant is StarKist Co.

*Represented by:*

Roxane A. Polidora
Lee Brand
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center
Twenty-Second Floor
San Francisco, CA  94111-5998
Telephone:  415/983-1116
Emails:  roxane.polidora@pillsburylaw.com
         lee.brand@pillsburylaw.com

7. **Article 3(c): Nature and Purpose of the Proceedings and Summary of the Facts**

      a. **Nature and Purpose of the Claims**

The Plaintiffs in this civil lawsuit filed a complaint against StarKist Co. ("StarKist") and StarKist's parent company, Dongwon Industries Co. Ltd. ("Dongwon"), on May 13, 2019.  As more fully explained below, Plaintiffs' claims concern StarKist's alleged false advertising of its tuna products as "dolphin-safe."  The lawsuit is brought as a putative class action, meaning that Plaintiffs seek to represent not only themselves in the lawsuit, but also as representatives of all consumers in the United States who purchased StarKist's tuna products.  On March 31, 2020, the Court upheld Plaintiffs' claims against StarKist, but dismissed Plaintiffs' claims against Dongwon.

**Plaintiffs' Allegations**

      i. **Plaintiffs' Claims Generally**

Plaintiffs' claims concern StarKist's "dolphin-safe" policy with respect to its canned and pouched tuna products for the last 30 years.  That policy includes a special "dolphin-safe" logo stamped on every can or pouch of tuna StarKist sells in the United States.  According to StarKist, its "dolphin-safe" policy – including its logo – means that there has been "no harm to dolphins" in the fishing for StarKist tuna.  Said another way, StarKist claims that its tuna is "100% dolphin safe."  However, Plaintiffs allege that, unbeknownst to consumers, StarKist's tuna are captured, including by fleets of Dongwon's fishing vessels, using fishing methods that are known to kill or harm dolphins, including purse seine nets, fish-aggregating devices ("FADs"), and longlines.

Plaintiffs' lawsuit alleges that StarKist falsely advertised its tuna products as "dolphin-safe" because the tuna in its products was caught by fishing methods, including those employed by Dongwon, that are known to harm or kill substantial numbers of dolphins every year. As such, Plaintiffs seek to enjoin StarKist from falsely advertising its tuna products as dolphin-safe, for restitution, and for damages.

### ii. **Plaintiffs' Claims as They Relate to Dongwon**

Dongwon is a company incorporated and headquartered in the Republic of Korea ("Korea"). Dongwon claims to be the "World's No. 1 seafood company"[1] and, since its establishment, "has been leading Korea's fishing industry, sailing across the five oceans, and contributing to the development of food culture by providing high-quality seafood products."[2] Dongwon is the parent company of StarKist.[3] Dongwon "operates 42 vessels, including the world's largest purse seine fleet."[4] As such, Dongwon supplies a substantial amount of tuna to StarKist for use in StarKist's tuna products sold to American consumers.

Dongwon possesses documents and information directly relevant to Plaintiffs' claim that StarKist's "dolphin-safe" representation is false and misleading since StarKist's tuna is caught using Dongwon's fishing methods that are known to harm or kill dolphins. First, as StarKist's parent, Dongwon is the principal fishing company that supplies StarKist's tuna. Thus, Dongwon has documents demonstrating the precise types of fishing methods used to capture StarKist's tuna. Second, according to StarKist, Dongwon "operates . . . the world's largest purse seine fleet"[5] and "that purse seine fishing vessels using Traditional FADs supplied some of the tuna in StarKist branded Products sold in the United States during the period from May 13, 2015 to September 25,

---

[1] *See* Dongwon Industries, *Who We Are*, https://www.dongwon.com/en/business/dongwon-industries (last visited Nov. 3, 2020).

[2] *Id.*

[3] *See* About StarKist Co., https://starkist.com/about-starkist (last visited Nov. 3, 2020) ("StarKist Co. is a direct wholly owned subsidiary of Dongwon Industries Co., Ltd.").

[4] *Id.*

[5] *Id.*

2020."[6]  Third, StarKist told Plaintiffs that any "documents and communications relating to any harm or killing, whether intentional or unintentional, of dolphins by any fishing by [StarKist's] fishing fleet, or any boat in which [StarKist] or [its] owners have any financial interest" were in the possession of Dongwon.[7]

Thus, Dongwon possesses information directly relevant to this litigation, including: (a) Dongwon's procurement of tuna for StarKist; (b) Dongwon's use of fishing methods such as purse seine nets, FADs, and longlines to capture tuna for StarKist; and (c) dolphin harm or deaths during Dongwon's capture of tuna for StarKist.

8. **Evidence to be Obtained and Purpose**

Pursuant to the Hague Convention, this Court requests the appropriate judicial authority in Korea compel Dongwon to produce the documentary evidence described in Attachment A. Dongwon is located in Korea, and the documentary evidence to be examined is located outside of the United States.

Plaintiffs seek from Dongwon authenticated copies of the documents identified in Attachment A alleged to be relevant to the claims alleged in the above-captioned action. While this Court expresses no view as to the merits of the action or any related motions in the action, based on Plaintiffs' representations, it believes that the documentary evidence sought here is relevant and probative of material facts for trial in the action, and that production of this documentary evidence may advance the interests of justice.

It is respectfully requested that the competent judicial authority of Korea compel Dongwon to produce copies of the documents that are identified in Attachment A.

If any portion of this Letter of Request is deemed unacceptable under the laws of Korea, please disregard that portion and continue to comply with as much of the Letter of Request as is legally permissible.

---

[6] StarKist Co.'s Responses and Objections to Plaintiffs' Revised First Set of Requests for Admission at 8.

[7] StarKist Co.'s Responses and Objections to Plaintiffs' Revised First Set of Requests for Production at 13.

9. **Article 3(e): Identity and Address of the Person Subject to the Letter of Request**

   Dongwon Industries Co. Ltd.
   Dongwon Industries Building
   68 Mabang-ro Seocho-gu Seoul
   06775 Korea, Republic of (South)

10. **Article 3(1)L Statement of the Subject Matter About Which the Person Will be Examined**

    None.

11. **Article 3(g): Documents and Other Evidence to be Examined**

    See Attachment A.

12. **Article 3(h): Requirement That the Evidence Be Given on Oath or Affirmation**

    None.

13. **Article 3(i): Special Procedures or Methods to be Followed**

    See Attachment A.

14. **Article 7: Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of Any Person to be Notified**

    Please send notice of the time and place for execution of this Letter of Request to:

    Clerk of the United States District Court for the Northern District of California
    Phillip Burton Federal Building & United States Courthouse
    450 Golden Gate Avenue
    San Francisco, CA  94102
    USA

    -and-

    Stuart A. Davidson
    ROBBINS GELLER RUDMAN & DOWD LLP
    120 East Palmetto Park Road, Suite 500
    Boca Raton, Florida  33432
    Telephone: 561/750-3000
    Email: sdavidson@rgrdlaw.com

15. **Article 8: Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request**

    None.

16. **Article 11: Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin**

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and her attorney specifically for the purpose of obtaining legal advice, and which privilege has not been waived. United States law also recognizes a privilege against criminal self-incrimination. Other limited privileges on grounds inapplicable here also exist, such as communications between doctors and patients, husband and wife, and clergy and penitent. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation, unless that privilege has been waived.

17. **Article 14: Reimbursement**

The fees and costs incurred in the execution of this Letter of Request that are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention will be borne by the Plaintiffs.

**CONCLUSION**

This Court, in the spirit of comity and reciprocity, hereby requests international judicial assistance in the form of this Letter of Request seeking information, documents, and things described herein from the National Court Administration, for the attention of the Director of International Affairs. This Court extends to all judicial and other authorities of Korea the assurances of its highest consideration.

This Court expresses its sincere willingness to provide similar assistance to the courts of the Republic of Korea if future circumstances require.

Date of Request:  February 4, 2021

SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY (Affix seal here):

HONORABLE WILLIAM H. ORRICK JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO, CALIFORNIA, UNITED STATES OF AMERICA

*Gardner v. StarKist Co.*
No. 3:19-cv-02561-WHO (N.D. Cal.)

## ATTACHMENT A

## DEFINITIONS

1. "And" and "or" are to be considered conjunctively and disjunctively. The singular form of a noun or pronoun includes the plural form and vice versa. "Or" is understood to include and encompass "and".

2. "Any" is understood to encompass "all". The word "all" also includes "each" and vice versa.

3. "Communication" means the transmittal of information expressed by any means.

4. "Document" means all documents, communications, information, or tangible things. The term includes electronically stored information, including all electronic communications (*e.g.*, emails and attachments), files, data and databases, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, handwritten notes, maps, drawings, working papers, charts, papers, graphs, indices, tapes, data sheets or data processing cards, telephone records or logs or any other written, recorded, transcribed, punched, taped, filmed, or graphic matters, however produced or reproduced, to which you have or have had access. "Document" also includes the original and any copy that is not identical to any other copies of documents regardless of its origin or location. The phrase "all documents" means every document or group of documents as defined above, that are known to you, or that can be located or discovered by reasonably diligent efforts.

5. "Dongwon," "you," and "your" mean Dongwon Industries Co. Ltd., its past and present parents, subsidiaries, affiliates, predecessors, successors, employees, independent contractors, officers, agents, vendors, accountants, and all other persons or entities acting on its behalf or under its direct or indirect control.

6. "Person(s)" means any natural person, public or private corporation, general or limited partnership, joint venture, association, government or government agency (including any

government agency or political subdivision of any government), group, form of business or legal organization or arrangement, or other legal entity, including the representatives of any such person or persons.

7. "Product(s)" means all StarKist cans, pouches, or other packaged shelf-stable tuna distributed for retail sale in the United States.

8. "Relate," "relating to," "concerning," or "regarding" include, but are not limited to, the following meanings: bearing upon, addressing, evidencing, respecting, discussing, mentioning, describing, reflecting, responding to, identifying, constituting, pertaining to, having to do with, or being in any way pertinent to the given subject.

9. "Relevant Time Period" means from May 13, 2015 to the present.

10. "StarKist" means StarKist Co., its past and present parents, subsidiaries, affiliates, predecessors, successors, employees, independent contractors, officers, agents, vendors, accountants, and all other persons or entities acting on its behalf or under its direct or indirect control including, but not limited to, Dongwon.

**INSTRUCTIONS**

1. Unless otherwise stated, each Definition and Request herein is limited to the Relevant Time Period.

2. Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, officers, employees, agents, clients, or other representatives of affiliated third parties.

3. All documents shall be produced that respond to any part or clause of any paragraph of these requests.

4. The documents to be produced pursuant to these requests specifically embrace, in addition to documents within your possession, custody, or control, documents within the possession, custody, or control of any of your agents, accountants, representatives, or attorneys. Such documents also embrace originals, and identical copies (whether different from the original because of notes made thereon or otherwise) of the documents described in these requests.

5. Documents attached to each other in their original form should not be separated.

ATTACHMENT A - 3:19-cv-02561-WHO
4833-2279-4458.v1
- 2 -

# DOCUMENTS TO BE PRODUCED

1. Documents sufficient to show by name, country of origin, ownership, call sign, International Maritime Organization (IMO) number, Maritime Mobile Service Identity (MMSI) number, and flag all boats that supplied the tuna in StarKist's products or that was involved in transshipping that tuna.

2. All documents relating to or concerning the fishing method(s) used by each boat that supplied the tuna in StarKist's products, including, but not limited to, the percentage of tuna procured for StarKist by each fishing method.

3. For each boat identified in Request No. 1, above, produce documents identifying the name, address, and contact information of all captains and observers, if any, on board and the time period during which they served.

4. All documents and communications relating to or concerning captain and observer compensation on each boat identified in response to Request No. 1, above.

5. All documents relating to or concerning StarKist's compensation of Dongwon for supplying tuna for its products.