UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN GARDNER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>STARKIST CO.,<br><br>　　　　Defendant. | Case No. 19-cv-02561-WHO<br><br>**ORDER ON DISCOVERY DISPUTE RE PLAINTIFF DEPOSITIONS**<br><br>Re: Dkt. No. 135 |

On December 9, 2019, *Gardner v. StarKist Co.*, No. 3:19-cv-02561-WHO ("*Gardner*") and *Duggan v. Tri-Union Seafoods, LLC, dba Chicken of the Sea Int'l, Inc.*, No. 3:19-cv-02562-WHO ("*Duggan*") were deemed related and the *Duggan* matter was reassigned to me. The two cases were not consolidated. Twenty-one (21) plaintiffs sued StarKist in *Gardner* and sixteen (16) plaintiffs sued Chicken of the Sea ("COSI") in *Duggan*. Among the two cases, there are twenty-four (24) unique plaintiffs, thirteen (13) of whom sued both defendants. Before me is the parties' joint discovery dispute letter regarding the other eleven (11) Non-Crossover Plaintiffs ("NCPs") who have sued only StarKist or COSI, but not both.[1]

The parties agree that a defendant may only notice the deposition of an adverse plaintiff. For example, StarKist may not notice the deposition of plaintiff Tara Duggan, who has only sued COSI. However, the parties dispute whether defense counsel should be allowed to *participate* during the properly-noticed deposition of any NCP that did not sue their client. For example, under defendants' proposal, StarKist may not notice the deposition of plaintiff Tara Duggan, but

---

[1] Defendants say they do not presently intend to exceed Rule 30's ten deposition limit, so the issue is purely which plaintiffs will be deposed, not how many. The parties' proposed stipulation would allow defense counsel in both actions to coordinate the depositions of the thirteen "crossover" plaintiffs.

1   may participate in Ms. Duggan's deposition if it is noticed by COSI.

2   Plaintiffs' counsel (same in both cases) vow that they have no intention of using the NCPs
3   as witnesses in the other litigation, in part because most did not even purchase the tuna products of
4   the other defendant.  Even if some of the NCPs had purchased the tuna sold by the other
5   defendant that they did not sue, plaintiffs argue there is no legal basis to permit their depositions
6   as absent class members.  Defendants contend that they are entitled to depose the NCPs regardless
7   of whether they are considered absent class members.  I address both arguments in turn.

8   Defendants' argument that they are entitled to depose the NCPS under the plain language
9   of Federal Rules of Civil Procedure 26 and 30 is unpersuasive, particularly when plaintiffs say
10  they have no intention of using the NCPs as witnesses in the other litigation.  Defendants
11  summarily argue that the testimony of the NCPs is highly relevant to class certification issues in
12  these related actions because both actions are based on the same allegation (*i.e.*, that the words
13  "dolphin safe" on packaged tuna are misleading to consumers).  Even if the testimony of NCPs is
14  relevant, they fail to show how their request "is proportional to the needs of the case" in light of
15  the other named plaintiffs (who have sued them) that they can depose.  *See* Fed. R. Civ. P 26(a)
16  ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's
17  claim or defense *and proportional to the needs of the case*[.]").

18  Defendants' request fares no better under the "absent class member" standard.  Although
19  courts do not usually allow discovery from absent class members, "the rules pertaining to such
20  discovery are flexible, especially where the proposed deponents have been identified as potential
21  witnesses or have otherwise 'injected' themselves into the litigation." *Brown v. Wal-Mart Store,*
22  *Inc.*, No. 09CV03339EJDSVK, 2018 WL 339080, at *1 (N.D. Cal. Jan. 9, 2018).  The proponent
23  of discovery must demonstrate three factors to justify discovery of absentee class members: "(1)
24  whether the information sought is relevant; (2) whether the information is not readily obtainable
25  from the representative parties or other sources; and (3) whether the request is not unduly
26  burdensome and made in good faith." *Id.* (citing *Tierno v. Rite Aid Corp.*, No. C–05–2520–TEH,
27  2008 WL 2705089 at *6 (N.D. Cal. Jul. 8, 2008)).  "Applying these principles, courts have found
28  the burden on the defendant to justify discovery of absent class members by means of deposition

is particularly heavy." *Cornn v. United Parcel Serv., Inc.*, No. C03-2001 TEH, 2006 WL 2642540, at *2 (N.D. Cal. Sept. 14, 2006).

Defendants argue that the NCPs have "injected" themselves into the litigation because even though the NCPs may not have technically sued both defendants, all plaintiffs were willing participants in parallel, counsel-coordinated class actions alleging common misrepresentations. As reflected in the cases they cite, however, more is required for an absent class member to be considered "injected" into the litigation.[2] Plaintiffs have not injected themselves into cases in which they are not plaintiffs.

Even if information sought from the NCPs is relevant to some degree, defendants fail to address "whether the information is not readily obtainable from the representative parties or other source." *Brown*, 2018 WL 339080, at *1. They argue that the NCPs' testimony will bear on class certification issues in both actions and the NCPs will face no meaningful burden from an additional defendant's limited participation in their deposition. But they do not explain what they will be able to gain from deposing NCPs that they cannot get from deposing the named plaintiffs who have sued them.

Defendants have not carried their heavy burden to justify participation in the NCP depositions. Accordingly, I adopt plaintiffs' version of paragraph 2 of the proposed order, which reads: "A deposition notice of any Plaintiff from either Defendant shall be considered notice on behalf of both Defendants. Notwithstanding the foregoing, a Defendant may only notice and participate in the deposition of an adverse Plaintiff. For example, StarKist may not notice or participate in the deposition of Plaintiff Tara Duggan. Similarly, COSI may not notice or

---

[2] For example, the plaintiffs in *Brown* sued Wal-Mart for failing to provide seats to its cashiers. *See Brown*, 2018 WL 339080, at *1. The plaintiffs served an amended Rule 26 disclosure that for the first time identified eight absent class members for whom Wal-Mart did in fact provide seats. The court granted Wal-Mart's request to depose those eight absent class members, finding that they had "injected" themselves into the litigation when the plaintiffs indicated that they may rely on their testimony to explore how the seats were used. *Id.* "Such information [was] not available from the representative parties or other sources." *Id.*; *see also Mas v. Cumulus Media Inc.*, No. C-10-1396 EMC, 2010 WL 4916402, at *3 (N.D. Cal. Nov. 22, 2010) (allowing discovery where plaintiff identified witnesses in his initial disclosures); *Moreno v. Autozone, Inc.*, No. C-05-4432 MJJ EMC, 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007) (allowing discovery of "absent class members who have injected themselves into the class certification motion by filing factual declarations" in support of the plaintiffs' motion for class certification).

participate in the deposition of Plaintiff Warren Gardner."

**IT IS SO ORDERED.**

Dated: July 14, 2021

William H. Orrick
United States District Judge

4